UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>        Defendant. | Case No. 22-cv-7014<br><br>Hon. Virginia M. Kendall |

**STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to Rules 8, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant State Farm Fire and Casualty Company ("State Farm"), through its undersigned attorneys, respectfully moves this Court to dismiss Plaintiffs' Amended Complaint (Dkt. 23). In support of this motion, State Farm states as follows:

1. Plaintiffs Jacqueline Huskey and Riian Wynn allege that they are Black homeowners whose claims for damage to their insured properties were improperly handled by State Farm Fire and Casualty Company ("State Farm"). Plaintiffs also conclusorily allege that State Farm uses an unspecified combination of "algorithmic decision-making tools" in its claim-handling process that somehow disparately impacts its handling of the claims of Black policyholders, in violation of §§ 3604 and 3605 of the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq*. Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because they are preempted under the McCarran-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, Plaintiffs

do not plausibly allege a disparate-impact claim in any event, and neither Plaintiff adequately alleges the elements of an FHA violation.

2. No reported case in the Seventh Circuit has applied FHA disparate-impact liability to insurers, but even if such claims were cognizable, Plaintiffs' claims here should be dismissed with prejudice because they are preempted under the McCarran-Ferguson Act ("McCarran-Ferguson"). McCarran-Ferguson prohibits construing federal statutes to impair state laws enacted for the purpose of regulating insurance unless the federal statute specifically relates to the business of insurance. The FHA does not specifically relate to the business of insurance, and construing it to allow Plaintiffs' claims would interfere with Illinois' insurance regulatory regime. Illinois closely regulates claim-handling practices and, except in limited circumstances not applicable here, vests only the Illinois Director of Insurance, not private individuals, with the authority to penalize such practices when appropriate. In addition, though styled as claim-handling discrimination, Plaintiffs' allegations include a rate-based component that, if adjudicated in this action, would impermissibly require this Court to assess the actuarial soundness of the prices Plaintiffs paid for their policies.

3. In any event, Plaintiffs have not sufficiently alleged a claim for disparate impact. Even if one could state an FHA disparate-impact claim against an insurer, Plaintiffs do not do so here because they do not plausibly allege a statistical disparity, much less identify a specific State Farm policy that allegedly caused the supposed disparity. *See Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 542–46 (2015).

4. Plaintiffs attempt to allege a race-related statistical disparity by referring to a 2021 survey purportedly conducted by YouGov, but the lines supposedly drawn by the survey are patently arbitrary, and there is no indication the survey controlled for any variables other than race.

5. Plaintiffs also have not identified a specific State Farm policy that allegedly caused the purported disparity. Plaintiffs aver generally that State Farm uses "algorithmic decision-making," but they make no allegation as to what the relevant algorithms are or entail, or explain how State Farm purportedly implements them. Nor do Plaintiffs explain how the (unidentified) algorithms are supposedly biased in favor of white policyholders, or plausibly allege how or even whether they impacted the handling of Plaintiffs' insurance claims. Plaintiffs therefore fail to satisfy the "robust causality requirement" for pleading disparate-impact claims under the FHA. *Id.*

6. Moreover, neither Plaintiff has stated a claim to relief under § 3604 or 3605 of the FHA. The Seventh Circuit has already determined that § 3605 does not apply to insurers. Nor does § 3604(a) apply here, as that section renders it unlawful to "make unavailable or deny … a dwelling to any person because of race," 42 U.S.C. § 3604(a), but neither Plaintiff alleges facts plausibly suggesting that she was denied her dwelling, or that her home was made unavailable to her, because of the way in which State Farm handled her claim. Section 3604(b) is also unavailable to Plaintiffs because they have not alleged any discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith." *Id.* § 3604(b). While the *acquisition* of property insurance may be considered a "service" rendered "in connection" with the sale of a dwelling, such "services" do not encompass claim handling.

7. Finally, Huskey's request for injunctive relief should be dismissed under Rule 12(b)(1) for lack of standing. Huskey cancelled her policy with State Farm before she filed this suit. As Huskey does not face a threat of future injury, Plaintiffs' request for injunctive relief should be dismissed as to her.

WHEREFORE, State Farm respectfully requests that the Court dismiss Plaintiffs' Amended Complaint with prejudice.

Dated: May 15, 2023            Respectfully submitted,

/s/ Patricia Brown Holmes
Patricia Brown Holmes
Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Sarah E. Finch
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel: 312-471-8700
pholmes@rshc-law.com
jcancila@rshc-law.com
shemeryck@rshc-law.com
sfinch@rshc-law.com

*Attorneys for Defendant State Farm Fire & Casualty*