# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>Defendant. | Case No. 22-cv-7014<br><br>Hon. Virginia M. Kendall<br><br>Magistrate Judge Sheila M. Finnegan |

## STATE FARM'S UNOPPOSED MOTION TO STAY DISCOVERY

State Farm Fire and Casualty Company ("State Farm"), by its undersigned attorneys, respectfully requests that the Court enter an order staying discovery and the entry of a discovery plan until the Court has ruled on the pending Motion to Dismiss (Dkt. 24) and the parties are at issue. In support of this motion, State Farm states as follows:

1. Plaintiffs filed their putative class action Complaint in this case in December 2022. (Dkt. 1.)

2. Plaintiffs thereafter filed an Amended Complaint on March 31, 2023. (Dkt. 23.) Plaintiffs' Amended Complaint alleges that State Farm's claim-handling methods disparately impact Black policyholders in violation of §§ 3604 and 3605 of the Fair Housing Act (FHA), 42 U.S.C. § 3601, et seq. Plaintiffs assert these claims on behalf of a proposed class of Black individuals who had State Farm homeowners insurance policies covering property in Illinois, Indiana, Michigan, Missouri, Ohio, and/or Wisconsin during the asserted Class Period. (Dkt. 23, ¶ 60.)

3. On May 15, 2023, State Farm moved to dismiss the Amended Complaint in its entirety. (Dkt. 24.) The Motion to Dismiss is fully briefed and currently pending before the Court.

4. In preparation for the Initial Status Hearing, set for September 11, 2023, counsel for the Parties conducted a Rule 26(f) Conference via Zoom on August 18, 2023. Counsel subsequently had additional communications via both Zoom and email to discuss various issues relating to the Court's required Initial Status Report for Cases Newly Filed and a potential discovery plan.

5. During these discussions, State Farm proposed that discovery be stayed until the Court rules on the pending Motion to Dismiss. (The Parties would still exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on September 26, 2023, and would also work to reach agreement on a proposed Confidentiality Protective Order and an ESI Discovery Protocol pending ruling on the Motion to Dismiss.) Plaintiffs have agreed not to oppose such a stay.

6. District courts have broad discretion in managing discovery. *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Pursuant to Rule 26(c), a district court may stay discovery upon a showing of "good cause," including to prevent "undue burden or expense." Fed. R. Civ. P. 26(c). In addition, Rule 26(d) permits a district court to control the timing and sequence of discovery. Fed. R. Civ. P. 26(d).

7. In deciding whether to stay discovery, a court considers whether a stay will: (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues in question and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court. *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *1 (N.D. Ill. March 9, 2022); *see also Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of America, Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (same, collecting cases).

Motions to stay discovery pending the resolution of a motion to dismiss "are granted with substantial frequency." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 & n.4 (N.D. Ill. 2005) (collecting cases). Courts often deem a stay appropriate where the motion to dismiss "can resolve a threshold issue," or where "discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008); *see also Rodriguez*, 2022 WL 704780, at *1 (same). As discussed below, a stay is appropriate here.

8. First, a stay of discovery will not prejudice or tactically disadvantage Plaintiffs. Staying discovery until the Court has determined whether Plaintiffs have stated a claim for relief will have no negative impact on Plaintiffs' ability to move for class certification (should the Motion to Dismiss be denied), nor will it be detrimental to their strategy in this matter. Courts in this district have acknowledged that discovery has no bearing on whether a plaintiff has properly stated a cause of action. *See, e.g., Chicago Bd. Options Exch., Inc. v. Connecticut Gen. Life Ins. Co.*, 95 F.R.D. 524, 525 (N.D. Ill. 1982) (rejecting the plaintiff's argument that discovery should proceed pending a motion to dismiss ruling because it "might reveal information making dismissal inappropriate"); *see also Siva v. Am. Bd. of Radiology*, 38 F.4th 569, 575 (7th Cir. 2022) (noting that the Supreme Court's *Twombly* decision "bars [a] discover-first, plead later-approach"). The first factor thus weighs in favor of a stay here.

9. Second, State Farm asserts in its Motion to Dismiss that Plaintiffs cannot state and have not stated claims under the FHA. (Dkt. 25.) The fact that the issues raised by State Farm's motion could potentially be dispositive weighs in favor of staying discovery. *Rodriguez*, 2022 WL 704780, at *1. Even if the Court does not dismiss the case outright, the Court's ruling on the Motion to Dismiss will likely identify and frame the issues that survive the Motion and thereby assist the Parties to properly focus discovery and streamline the litigation. *See, e.g., Rodriguez*, 2022 WL

3

704780, at *1-*2 (finding the second stay factor met where the court's ruling "on any part of the motion to dismiss—some of which involve legal issues …—has potential to dispose of certain claims brought by Rodriguez, making discovery unnecessary, or, at least narrowing its scope"); *Gorss Motels, Inc. v. Am. Hotel Reg. Co.*, No. 17 C 1011, 2019 WL 13065922, at *4 (N.D. Ill. Mar. 5, 2019) (granting motion to stay discovery in putative class action pending decision on motion to dismiss). Thus, the second factor also weighs in favor of a stay here.

10. Third, a stay will reduce the burden of litigating this putative class action on the Parties and on the Court. "Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss." *Rodriguez*, 2022 WL 704780, at *2. In addition, based on the Parties' Rule 26(f) Conference, State Farm anticipates that once discovery does commence if any claims remain after the Court's ruling on the Motion to Dismiss, Plaintiffs will seek institutional discovery concerning State Farm's claim-handling practices in multiple states and over multiple years. It would be premature to impose that burden on State Farm before the Court determines whether Plaintiffs have plausibly stated any claims. *See id.* (finding that plaintiff's intention to seek to discovery "far-reaching, company-wide information including business and design information" would be burdensome, weighing in favor of a stay). Further, should the Parties have issues or disputes over the discovery, the Court will be burdened with resolving those disputes.

WHEREFORE, State Farm respectfully requests that the Court enter an order staying discovery and the entry of a discovery plan pending the Court's ruling on State Farm's Motion to Dismiss the Amended Class Action Complaint.

4

Dated: September 5, 2023            Respectfully submitted,

/s/ Sondra A. Hemeryck
Sondra A. Hemeryck
Patricia Brown Holmes
Joseph A. Cancila, Jr.
Sarah E. Finch
Lauren Abendshein
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel: 312-471-8700
Fax: 312-471-8701
shemeryck@rshc-law.com
pholmes@rshc-law.com
jcancila@rshc-law.com
sfinch@rshc-law.com
labendshein@rshc-law.com

*Attorneys for Defendant State Farm Fire & Casualty Company*