UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Jacqueline Huskey and Riian Wynn, on behalf of themselves and all others similarly situated,** <br><br> *Plaintiffs*, <br><br> v. <br><br> **State Farm Fire & Casualty Company,** <br><br> *Defendant*. | Case No.: 22-cv-7014 <br><br> Hon. Virginia M. Kendall |

## Joint Initial Status Report

Pursuant to this Court's Individual Case Procedures and Federal Rule of Civil Procedure 26(f), Plaintiffs Jaqueline Huskey and Riian Wynn and Defendant State Farm Fire & Casualty Company, by and through their respective counsel, submit the following Joint Initial Status Report and discovery plan.

1. **The attorneys of record for each party including the attorney(s) expected to try the case.**

    Plaintiffs' Counsel (trial counsel denoted by *)

    *Alexander Rose (*Pro Hac Vice*)
    *Jamie Crooks (*Pro Hac Vice*)
    *Michael Lieberman (*Pro Hac Vice*)
    FAIRMARK PARTNERS, LLP

    *David Tracey (*Pro Hac Vice*)
    *Albert Powell (*Pro Hac Vice*)
    SANFORD HEISLER SHARP, LLP

Deborah N. Archer (*Pro Hac Vice*)
Jason D. Williamson (*Pro Hac Vice*)
CENTER ON RACE, INEQUALITY, AND THE
LAW AT NEW YORK UNIVERSITY SCHOOL
OF LAW

Joshua Karsh
MEHRI & SKALET PLLC

Defendant's Counsel (trial counsel denoted by *)

Patricia Brown Holmes*
Joseph A. Cancila, Jr.*
Sondra A. Hemeryck*
Sarah E. Finch
Lauren Abendshien
RILEY SAFER HOLMES & CANCILA LLP

2. **The basis for federal jurisdiction.**

This Court has jurisdiction over Plaintiffs' Fair Housing Act claims under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a). This Court also has jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C.A. §§ 1332(d), because Plaintiffs' proposed multi-state class includes at least one member who is a citizen of a state different from State Farm, the proposed class would have at least 100 putative class members, and the aggregate amount in controversy exceeds $5 million.

3. **The nature of the claims asserted in the complaint and any expected counterclaim.**

Plaintiffs assert disparate impact claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*. Specifically, they allege that State Farm has a policy of using algorithmic decision-making tools to screen homeowners' insurance claims, and as a result of that policy, State Farm subjects claims of Black claimants to greater scrutiny than those of white claimants. Doc. 23 at ¶¶ 6, 14-20, 68-82. Among other impacts, Plaintiffs allege that Black claimants are

2

far more likely to have to submit extra claims documentation, repeatedly interact with claims handlers, and experience delays in having their claims approved. *Id.* ¶ 6, 16-18.

Defendant does not currently anticipate filing a counterclaim.

**4.** **The name of any party not yet served and the circumstances regarding non-service.**

None

**5.** **The principal legal issues.**

The principal legal issues include:

- o Whether either Plaintiff has plausibly alleged that State Farm's handling of her property damage claim violated 42 U.S.C. §§ 3604(a), 3604(b), or 3605 under disparate impact theories of liability;

- o Whether State Farm's alleged use of algorithmic decision-making tools violates 42 U.S.C. §§ 3604(a), 3604(b) and/or 3605 under disparate impact theories of liability. Specifically:

    1. Does State Farm, as Plaintiffs allege, discriminate "in the terms, conditions, or privileges of a sale . . . of a dwelling, or in the provision of services or facilities in connection therewith, because of race" in violation of 42 U.S.C. § 3604(b)?

    2. Does State Farm, as Plaintiffs allege, discriminate "in the terms or conditions" of a "residential real estate-related transaction" in violation of 42 U.S.C. § 3605?

    3. Does State Farm, as Plaintiffs allege, "otherwise make unavailable or deny, a dwelling to any person because of race" in violation of 42 U.S.C. § 3604(a)?[1]

- o At issue on the pending motion to dismiss is whether Plaintiffs state a claim under a disparate impact theory, including whether Plaintiffs have sufficiently identified a State Farm policy, whether they plausibly allege a disparity on the

---

[1] As Plaintiffs have noted, they assert their § 3604(a) claim to preserve this claim for appeal. *See* Doc. 33 at 7 n. 3.

      basis of race, and whether they have adequately pled a robust causal connection between the alleged policy and alleged disparity.

- Whether Plaintiffs' claims are barred by the McCarran-Ferguson Act, 15 U.S.C. § 1012.

- Whether there are questions or fact or law common to Plaintiffs' proposed class.

- Whether either Plaintiff meets either the typicality or adequacy requirements of Federal Rule of Civil Procedure 23(a)(3) and (4).

- Whether questions of law or fact common to members of Plaintiffs' proposed class predominate over any questions affecting only individual members.

- Whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

- Whether this case meets the requirements for certification under Rule 23(b)(2).

6. **The principal factual issues.**

    The principal factual issues include:

- Whether State Farm employed algorithmic decision-making tools in connection with the review of Plaintiffs' and proposed class members' property damage claims.

- Whether there is a robust causal connection under a disparate impact theory of liability between the use of any algorithmic decision-making tool by State Farm and the number of interactions that Plaintiffs and class members had with State Farm concerning their claims, the documentation requested during the handling of their claims, or the timing of resolution of their claims.

- Whether State Farm uses algorithmic decision-making tools to triage and process homeowners insurance claims, and the nature, scope, and operation, of those tools. It is Plaintiffs' position that, in addition to the foregoing, whether and how the algorithmic decision-making tools are developed, reviewed, assessed, and audited is also at issue.

- Whether State Farm uses algorithmic decision-making tools in a way that has a racially disparate impact by causing State Farm to apply greater scrutiny to claims filed by Black versus white homeowners.

- Whether there are disparities between processing times, paperwork requests, and employee interactions for claims filed by Black versus white homeowners.

4

- o If State Farm is using algorithmic decision-making tools in a way that has a racially disparate impact, whether there is a legitimate business necessity for State Farm's use of those tools.

- o Whether substantially equally or more valid alternative means of claims processing are available that would eliminate or reduce the discriminatory impact.

7. **Whether a jury trial is expected by either party.**

    Plaintiffs have demanded a jury trial.

8. **A short description of any discovery undertaken to date and any anticipated in the future.**

    The parties have not yet undertaken discovery.

    Plaintiffs anticipate using all available discovery devices to seek information from State Farm concerning Plaintiffs' claims, including document requests, interrogatories, depositions, and requests for admissions. Plaintiffs expect discovery to include documents and information concerning State Farm's policies and practices for claims processing and adjusting, screening for fraud, and using algorithmic decision-making tools. Plaintiffs also expect ESI discovery relating to, *inter alia,* State Farms' algorithmic decision-making tools, claims data, and policyholder data.

    State Farm disputes that the broad, institutional discovery anticipated by Plaintiffs is either relevant or proportional, either to Plaintiffs' individual claims (neither of which, State Farm alleges, was even screened for fraud) or to the issue of whether a class can be certified. In the event Plaintiffs' claims survive beyond the pleading stage, State Farm anticipates discovery concerning Plaintiffs' underlying property damage claims, the basis for their claims of statistical disparity (including discovery concerning the YouGov survey alleged in the complaint), causation, damages, and class-related discovery as to issues of commonality, typicality, adequacy and predominance.

The foregoing should not be construed as a waiver of any party's right to object to discovery requested by the opposing party, including any objections based on any applicable privileges or work product doctrines.

9. **An agreed discovery proposal including whether expert discovery will be required.**

The parties expect to conduct fact and expert discovery. The parties stipulate and agree that expert depositions will not count against the ten-deposition limit provided by Federal Rule of Civil Procedure 30(a)(2)(A)(i). The parties reserve the right to seek additional depositions pursuant to Rule 30(a)(2)(A)(i).

Further, the Court has granted a stay of discovery while the Court considers the pending motion to dismiss. *See* Doc. No. 49. The parties believe they will be in a better position to develop a full discovery plan following the Court's ruling on the motion.

To prepare to promptly engage in discovery following termination of the stay, the parties have agreed to negotiate a confidentiality order and ESI order during the pendency of the stay. The parties have also agreed to exchange initial disclosures on September 26, 2023.

10. **The earliest date the parties will be ready for trial and the length of the trial.**

The parties will be in a better position to determine the anticipated trial date following decision on the pending motion to dismiss. The parties do not presently expect to be ready for trial before the spring of 2025.

11. **Whether the parties unanimously consent to proceed before the Magistrate Judge.**

The parties do not unanimously consent to proceed before the Magistrate Judge.

12. **The status of any settlement discussions and whether the parties request a settlement conference.**

The parties have not yet engaged in settlement discussions and do not request a settlement conference at this time.

September 8, 2023

Respectfully submitted,

/s/David Tracey

**SANFORD HEISLER SHARP, LLP**
David Tracey (*Pro Hac Vice*)
Albert Powell (*Pro Hac Vice*)
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Phone: (646) 402-5667
dtracey@sanfordheisler.com
apowell@sanfordheisler.com

**FAIRMARK PARTNERS, LLP**
Alexander Rose (*Pro Hac Vice*)
Jamie Crooks (*Pro Hac Vice*)
Michael Lieberman (*Pro Hac Vice* Forthcoming)
1825 7th St NW, #821
Washington, DC 20001
Phone: (301) 458-0564
alex@fairmarklaw.com
jamie@fairmarklaw.com
michael@fairmarklaw.com

**CENTER ON RACE, INEQUALITY, AND THE LAW AT NEW YORK UNIVERSITY SCHOOL OF LAW**
Deborah N. Archer (*Pro Hac Vice*)
Jason D. Williamson (*Pro Hac Vice*)
139 MacDougal Street
New York, NY 10012
Phone: (212) 998-6882
deborah.archer@nyu.edu
jason.williamson@nyu.edu

*Counsel for Plaintiffs and the Proposed Class*

/s/Sondra A. Hemeryck

**RILEY SAFER HOLMES & CANCILA LLP**
Patricia Brown Holmes
Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Sarah E. Finch
Lauren Abendshien
70 W. Madison St., Suite 2900
Chicago, IL 60602
Phone: 312-471-8700
pholmes@rshc-law.com
jcancila@rshc-law.com
shemeryck@rshc-law.com
sfinch@rshc-law.com
labendshien@rshc-law.com

*Counsel for Defendant State Farm Fire & Casualty Company*