**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Jacqueline Huskey and Riian Wynn, on behalf of themselves and all others similarly situated,** <br><br> *Plaintiffs*, <br><br> v. <br><br> **State Farm Fire & Casualty Company,** <br><br> *Defendant*. | Case No.: 22-cv-7014 <br><br> Hon. Jeffrey I. Cummings |

**JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE**

This case having been reassigned to this Court on October 26, 2023 (Dkt. 60), and pursuant to this Court's Standing Order Regarding Reassigned Cases (*see* Dkt. 61), Plaintiffs Jaqueline Huskey and Riian Wynn ("Plaintiffs") and Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"), by and through their respective counsel, submit the following Joint Initial Status Report for Reassigned Case.

**I.     Nature of the Case**

    A.     **Identify the attorneys of record for each party**.

Plaintiffs' Counsel of Record

Alexander Rose (*Pro Hac Vice*)
Jamie Crooks (*Pro Hac Vice*)
Michael Lieberman (*Pro Hac Vice*)
FAIRMARK PARTNERS, LLP

David Tracey (*Pro Hac Vice*)
Albert Powell (*Pro Hac Vice*)
SANFORD HEISLER SHARP, LLP

Deborah N. Archer (*Pro Hac Vice*)
Jason D. Williamson (*Pro Hac Vice*)
CENTER ON RACE, INEQUALITY, AND THE LAW AT NEW YORK UNIVERSITY SCHOOL OF LAW

Joshua Karsh
MEHRI & SKALET PLLC

Defendant's Counsel of Record

Patricia Brown Holmes
Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Sarah E. Finch
Lauren Abendshien
RILEY SAFER HOLMES & CANCILA LLP

B.  **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties**. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a).

C.  **Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiffs assert disparate impact claims under § 3604(b) of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(b). *See* First Amended Complaint (Dkt. 23). Specifically, they allege that State Farm has a policy of using algorithmic decision-making tools to screen homeowners insurance claims, and that as a result of that policy, State Farm subjects claims of Black claimants to greater scrutiny than those of white claimants. Among other impacts, Plaintiffs allege that Black claimants are far more likely to have to submit extra claims documentation, repeatedly interact with claims handlers, and experience delays in having their claims approved.

In its Answer to the First Amended Complaint (Dkt. 59), State Farm asserted the following defenses: that Plaintiffs' claims (and putative class claims) fail because § 3604(b) does not apply to insurance claim handling or insurers, and because Plaintiffs cannot establish disparate impact liability under § 3604(b) (First, Second, and Third Defenses); that Plaintiffs' claims (and putative class claims) are barred by the McCarran-Ferguson Act, 15 U.S.C. §1011, *et seq.* (Fourth Defense); that Plaintiffs' claims (and putative class claims) are barred, in whole or in part, by the statute of limitations and by the doctrines of laches, waiver, estoppel, and/or unclean hands, because Plaintiffs lack standing to assert them, and because Plaintiffs and the putative class members have not been injured by State Farm's conduct (Fifth, Sixth, Seventh, and Ninth Defenses); that Plaintiffs' claims (and putative class claims) are barred to the extent that Plaintiffs (and putative class members) were fully compensated for their loss (Eighth Defense); and that this action cannot be maintained as a class action because the requirements for maintaining a class action have not been satisfied, because the asserted class is not properly defined or readily ascertainable, and because the asserted class is overbroad (Tenth, Eleventh, and Twelfth Defenses).

D.  **Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any**.

Plaintiffs request that the Court: (1) Certify this case as a class action and certify the named Plaintiffs to be the class representative, and counsel to be class counsel; (2) Enter a judgment pursuant to 42 U.S.C. § 3613 declaring the acts and practices of State Farm complained of to be in violation of the FHA; (3) Grant a permanent or final injunction, pursuant to 42 U.S.C. § 3613, enjoining State Farm and State Farm's agents and employees, affiliates and subsidiaries, from continuing to discriminate against Plaintiffs and members of the Class because of their race through further use of their current claims processing methods; (4) Order State Farm, pursuant to 42 U.S.C. § 3613, to monitor and/or audit its claims processing methods to ensure the cessation of discriminatory effects in claims processing; (5) Order actual damages to the Plaintiffs and the Class pursuant to 42 U.S.C. § 3613; and (6) Award Plaintiffs the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees, pursuant to 42 U.S.C. § 3613.

    E.    **List the names of any parties who have not yet been served.** None.

## II. Discovery and Pending Motions

    A.    **Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.** None.

    B.    **What is the current discovery schedule?**

A discovery schedule has not yet been entered in this matter. After meeting and conferring, the parties propose a discovery schedule through the completion of briefing on an anticipated motion by Plaintiffs for class certification, as set forth below. The parties request that the Court defer setting a schedule for the remainder of the case until the Court has ruled on class certification. The parties request that the Court enter the following proposed agreed discovery schedule:

| Item | On or Before Deadline Date |
|---|---|
| Motions to Amend Pleadings or Add Parties | April 1, 2024 |
| Expert Witness Disclosures and Reports Relating to Class Certification | September 27, 2024 |
| Rebuttal Expert Disclosures and Reports Relating to Class Certification | November 1, 2024 |
| Completion of Expert Discovery Relating to Class Certification | December 13, 2024 |
| Motion to Certify Class | January 31, 2025 |
| Opposition to Motion to Certify Class | March 17, 2025 |
| Reply in Support of Motion to Certify Class | April 21, 2025 |

This proposed discovery schedule should not be construed as a waiver of any party's right to seek or object to discovery as permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any Order of this Court.

    C.    **Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline**.

The parties exchanged Rule 26(a)(1) disclosures on September 29, 2023. Plaintiffs propounded their first set of written discovery requests on October 27, 2023, and State Farm propounded its initial written discovery requests on November 1, 2023. No other discovery has yet been taken in this case, which is still in its early stages.

Plaintiffs anticipate using all available discovery devices to seek information from State Farm concerning Plaintiffs' claims, including document requests, interrogatories, depositions, and requests for admissions. Plaintiffs expect discovery to include documents and information concerning State Farm's policies and practices for claims processing and adjusting, screening for

fraud, and using algorithmic decision-making tools. Plaintiffs also expect ESI discovery relating to, *inter alia*, State Farms' algorithmic decision-making tools, claims data, and policyholder data.

State Farm disputes that the broad, institutional discovery anticipated (and recently propounded) by Plaintiffs is either relevant or proportional. State Farm anticipates conducting discovery concerning Plaintiffs' underlying property damage claims, the basis for their claims of statistical disparity (including discovery concerning the YouGov survey alleged in the complaint), causation, damages, and class-related discovery as to issues of commonality, typicality, adequacy and predominance.

The parties expect to conduct expert discovery, and have stipulated and agreed that expert depositions will not count against the ten-deposition limit provided by Federal Rule of Civil Procedure 30(a)(2)(A)(i). The parties reserve the right to seek additional depositions pursuant to Rule 30(a)(2)(A)(i).

The foregoing should not be construed as a waiver of any party's right to seek discovery or to object to discovery requested by the opposing party, including any objections based on any applicable privileges or work product doctrines.

D. **Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

In an order dated September 11, 2023 (Dkt. 52), Judge Virginia M. Kendall granted in part and denied in part State Farm's motion to dismiss Plaintiffs' First Amended Complaint.

Plaintiffs' First Amended Complaint asserted, on behalf of themselves and a proposed class of certain State Farm policyholders, disparate impact claims under § 3604(a) and (b) (Count I) and § 3605 (Count II) of the FHA, and sought both damages and injunctive relief. State Farm moved to dismiss all Plaintiffs' claims on several grounds, and also moved to dismiss for lack of standing Plaintiff Huskey's request for injunctive relief. Judge Kendall granted State Farm's motion as to Plaintiffs' claims under §§ 3604(a) and 3605 of the FHA, and as to Huskey's request for an injunction. Judge Kendall denied State Farm's motion as to Plaintiffs' claim under § 3604(b). Judge Kendall also concluded that Plaintiffs' allegations were sufficient to state a claim for disparate impact. State Farm did not seek to dismiss Plaintiff Wynn's request for injunctive relief, which remains in the case. Judge Kendall allowed Plaintiffs an opportunity to amend their pleading consistent with her September 11, 2023 order, but Plaintiffs have not amended their complaint as of the date of this Joint Report.

E. **Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.** Plaintiffs anticipate moving for class certification. State Farm anticipates moving for summary judgment.

### III. Trial

A. **Have any of the parties demanded a jury trial?** Both parties have demanded a jury trial.

    B.    **What is the trial date (if any)? If there is a trial date, are the parties prepared to have a trial on an earlier date? If there is no trial date, when will the parties be ready for trial?** A trial date has not yet been set. The parties request that the Court defer setting a trial date until after the Court has ruled on class certification. In any event, the parties do not presently expect to be ready for trial before the spring of 2025.

    C.    **Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?** The parties have not filed a final pretrial order, and there is no deadline for such a filing.

    D.    **Estimate the number of trial days.** The parties are unable at this early stage of the case to estimate the number of trial days. The parties request that the Court defer setting a trial date until after the Court has ruled on class-certification.

**IV.    Settlement, Referrals, and Consent**

    A.    **Have any settlement discussions taken place? If so, what is the status?** The parties have not yet engaged in settlement discussions.

    B.    **Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?** This case has not been referred.

    C.    **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?** The parties believe that a settlement conference, either before this Court or the Magistrate Judge, would be premature at this time.

    D.    **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?** Counsel have informed their respective clients of the possibility of proceeding before the Magistrate Judge for all purposes; however, the parties do not unanimously consent to proceed before the Magistrate Judge.

**V.    Other**

    A.    **Is there anything else that the plaintiff(s) wants the Court to know?** Not at this time.

    B.    **Is there anything else that the defendant(s) wants the Court to know?** Not at this time.

Dated: November 8, 2023

/s/David Tracey                                      /s/Sondra A. Hemeryck

**SANFORD HEISLER SHARP, LLP**           **RILEY SAFER HOLMES & CANCILA LLP**
David Tracey (*Pro Hac Vice*)               Patricia Brown Holmes

Albert Powell (*Pro Hac Vice*)
17 State Street, 37th Floor
New York, NY 10004
Phone: (646) 402-5667
dtracey@sanfordheisler.com
apowell@sanfordheisler.com

**FAIRMARK PARTNERS, LLP**
Alexander Rose (*Pro Hac Vice*)
Jamie Crooks (*Pro Hac Vice*)
Michael Lieberman (*Pro Hac Vice*) Forthcoming)
1825 7th St NW, #821
Washington, DC 20001
Phone: (301) 458-0564
alexander@fairmarklaw.com
jamie@fairmarklaw.com
michael@fairmarklaw.com

**CENTER ON RACE, INEQUALITY, AND THE LAW AT NEW YORK UNIVERSITY SCHOOL OF LAW**
Deborah N. Archer (*Pro Hac Vice*)
Jason D. Williamson (*Pro Hac Vice*)
139 MacDougal Street
New York, NY 10012
Phone: (212) 998-6882
deborah.archer@nyu.edu
jason.williamson@nyu.edu

*Counsel for Plaintiffs and the Proposed Class*

Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Sarah E. Finch
Lauren Abendshien
70 W. Madison St., Suite 2900
Chicago, IL 60602
Phone: 312-471-8700
pholmes@rshc-law.com
jcancila@rshc-law.com
shemeryck@rshc-law.com
sfinch@rshc-law.com
labendshien@rshc-law.com

*Counsel for Defendant State Farm Fire & Casualty Company*