UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Jacqueline Huskey, et al.

                      Plaintiff,

v.                                      Case No.: 1:22–cv–07014
                                                                 Honorable Jeffrey I Cummings

State Farm Fire & Casualty Company

                      Defendant.


**NOTIFICATION OF DOCKET ENTRY**


This docket entry was made by the Clerk on Friday, February 23, 2024:

      MINUTE entry before the Honorable Sunil R. Harjani: According to the status report [76], the parties currently dispute the nature of their agreed Phase I discovery. The Court heard argument on this matter and asked numerous questions. The Court has broad discretion in managing discovery and phasing it in a way that meets the requirements of Fed. R. Civ. P. 1. Having reviewed the Amended Complaint [23] and the memorandum opinion [52] on the motion to dismiss, the Court issues the following order: Phase I discovery shall be limited to algorithmic decision–making tools employed by State Farm to screen out potentially fraudulent or complex claims from straightforward homeowners insurance claims. This is the gravamen of Plaintiff's amended complaint (see [23] paragraph 4). To be clear, the Phase I discovery proposed by Plaintiff is overbroad; it goes beyond the allegations of the Complaint. The Phase I discovery proposed by Defendant is too narrow: it is too limited to "machine learning algorithms and artificial intelligence tools" that may not capture all "algorithmic decision–making tools" employed by State Farm to screen out potentially fraudulent or complex claims from straightforward claims. The Phase I discovery here lies somewhere between these two extremes. No further definition, in this Court's view, is necessary. Having said that, as became clear during the argument, Plaintiff does not know if any of these tools actually exist, and the Court does not know either; State Farm did not seem entirely sure. Thus, Phase I should start with a focus on what algorithmic tools are used at the outset to sort potentially fraudulent/complex claims from straightforward claims, before the parties start exploring such voluminous ESI discovery around communications and documents about their use, and the means and methods in which they are used that could, allegedly, result in a disparate impact. The parties shall meet and confer as a result of this order and propose a discovery schedule for Phase I that includes a preliminary focus on the identification of these tools. This should include some initial answers to interrogatories, some initial production of documents, and potentially a short Rule 30(b)(6) deposition all done expeditiously. The parties should identify the tools first through these discovery devices before the deep dive into the tools. Class–wide claims data and statistical data will be reserved for Phase Two. Joint status report on these matters is due by 3/1/24 and status hearing set for 3/6/2024 at 9:15 a.m. via video conference. Members of the public and media will be able to call in to listen to this hearing but will be placed on mute. The call–in number is (855) 244–8681 and the access code is 2309 292 0848##. Persons

granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. The Court does not permit the use of cell phones for the video conference. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.