**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Jacqueline Huskey and Riian Wynn, on behalf of themselves and all others similarly situated,**<br><br>  *Plaintiffs*,<br><br>  v.<br><br>**State Farm Fire & Casualty Company,**<br><br>  *Defendant.* | Case No.: 22-cv-7014<br><br>Hon. Jeffrey I. Cummings<br><br>Magistrate Judge Sunil R. Harjani |

**JOINT STATUS REPORT PER 2/23/24 ORDER**

  Plaintiffs Jaqueline Huskey and Riian Wynn ("Plaintiffs") and Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"), by and through their respective counsel, submit this Joint Status Report. On February 8, 2024, the case was referred to the Honorable Sunil R. Harjani for discovery supervision and scheduling (Dkt. 74). On February 22, 2024, the Court held a status hearing (Dkt.78). The following day, the Court issued an order which included a ruling on phased discovery and directed the parties to meet and confer to propose a discovery schedule for the first phase of discovery (Dkt. 79). In relevant part, the order stated as follows:

> Phase I discovery shall be limited to algorithmic decision-making tools employed by State Farm to screen out potentially fraudulent or complex claims from straightforward homeowners insurance claims . . . . Phase I should start with a focus on what algorithmic tools are used at the outset to sort potentially fraudulent/complex claims from straightforward claims, before the parties start exploring such voluminous ESI discovery around communications and documents about their use, and the means and methods in which they are used that could, allegedly, result in a disparate impact. The parties shall meet and confer as a result of this order and propose a discovery schedule for Phase I that includes a preliminary focus on the identification of these tools. This should include some initial answers to interrogatories, some initial production of documents, and potentially a short Rule 30(b)(6) deposition all done expeditiously. The parties should identify the tools first through these discovery devices before the deep dive into the tools. Class-wide claims data and statistical data will be reserved for Phase Two. Joint status report on these matters is due by 3/1/24.

  The Parties have met and conferred in accordance with the Court's order and propose the following schedule for the start / "preliminary focus" of Phase I:

- March 27, 2024 – On or before this date, Plaintiffs shall issue their initial written discovery to State Farm "with a focus on what algorithmic tools are used at the outset to sort

potentially fraudulent/complex claims from straightforward claims." (Dkt. 79). This does not prejudice Plaintiffs' right to issue further written discovery following this initial set.

- May 24, 2024 – On or before this date, the Parties will agree on topics for a 30(b)(6) deposition of State Farm. This will not prejudice Plaintiffs' right to amend their 30(b)(6) notice later in Phase I or in Phase II without such amendment counting as an additional deposition.

- June 14, 2024 – On or before this date, the Parties will agree upon a date or dates for the Rule 30(b)(6) deposition of State Farm.

- August 9, 2024 – On or before this date, Rule 30(b)(6) depositions will be completed.

The Parties agree to meet and confer following the 30(b)(6) deposition to develop a schedule for the remainder of Phase I discovery, if any. As contemplated by the Court's order (Dkt. 79), it is Plaintiffs' position that the remainder of Phase I should include appropriate "ESI discovery around communications and documents about [the] use [of algorithmic tools], and the means and methods in which they are used that could, allegedly, result in a disparate impact." It is State Farm's position that the question of whether there should be further discovery following the completion of the Rule 30(b)(6) deposition, and if so what that further discovery would entail, must await the completion of the discovery concerning tool identification that is contemplated by the parties' proposed agreed schedule.

Dated: March 1, 2024

/s/     David Tracey

**SANFORD HEISLER SHARP, LLP**
David Tracey (*Pro Hac Vice*)
Albert Powell (*Pro Hac Vice*)
Sharon Kim (*Pro Hac Vice*)
17 State Street, 37th Floor
New York, NY 10004
Phone: (646) 402-5667
dtracey@sanfordheisler.com
apowell@sanfordheisler.com
sharonkim@sanfordheisler.com

**FAIRMARK PARTNERS, LLP**
Jamie Crooks (*Pro Hac Vice*)
Alexander Rose (*Pro Hac Vice*)
Michael Lieberman (*Pro Hac Vice*)
1001 G Street, NW, Ste. 400E
Washington, DC 20001
Phone: (301) 458-0564

/s/     Sondra A. Hemeryck

**RILEY SAFER HOLMES & CANCILA LLP**
Patricia Brown Holmes
Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Sarah E. Finch
Lauren Abendshien
70 W. Madison St., Suite 2900
Chicago, IL 60602
Phone: 312-471-8700
pholmes@rshc-law.com
jcancila@rshc-law.com
shemeryck@rshc-law.com
sfinch@rshc-law.com
labendshien@rshc-law.com

*Counsel for Defendant State Farm Fire and Casualty Company*

2

alexander@fairmarklaw.com
jamie@fairmarklaw.com
michael@fairmarklaw.com

**CENTER ON RACE, INEQUALITY, AND THE LAW
AT NEW YORK UNIVERSITY SCHOOL OF LAW**
Deborah N. Archer (*Pro Hac Vice*)
Jason D. Williamson (*Pro Hac Vice*)
139 MacDougal Street
New York, NY 10012
Phone: (212) 998-6882
deborah.archer@nyu.edu
jason.williamson@nyu.edu

*Counsel for Plaintiffs and the Proposed Class*