**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated, | Case No. 22-cv-07014 |
| Plaintiffs, | Hon. Jeffrey I. Cummings |
| v. | Magistrate Judge Jeffrey T. Gilbert |
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Defendant. | |

**STATE FARM FIRE AND CASUALTY COMPANY'S**
**MOTION FOR PROTECTIVE ORDER**

Defendant State Farm Fire and Casualty Company ("State Farm"), through its undersigned attorneys, hereby moves this Court pursuant to Federal Rule of Civil Procedure 26(c) for a protective order precluding the discovery sought by Plaintiffs Jacqueline Huskey and Riian Wynn in document subpoenas served by Plaintiffs on nonparties Crawford & Company ("Crawford"), Duck Creek Technologies Inc. ("Duck Creek"), Eberl Claims Service LLC ("Eberl"), E.A. Renfroe & Company, Inc. ("Renfroe"), Salesforce Inc. ("Salesforce"), Symbility Solutions Corp. ("Symbility"), and Verisk Analytics, Inc. ("Verisk"). In support of this motion, State Farm states as follows:

1. On February 23, 2024, following a hearing held on February 22, Magistrate Judge Harjani entered an order on the phasing of discovery that states:

> Phase I discovery shall be limited to algorithmic decision-making tools employed by State Farm to screen out potentially fraudulent or complex claims from straightforward homeowners insurance claims. This is the gravamen of Plaintiffs' amended complaint. . . . Phase I should start with a focus on what algorithmic tools are used at the outset to sort potentially fraudulent/complex claims from straightforward claims, before the parties start exploring such voluminous ESI discovery around communications and documents about their use, and the means

and methods in which they are used that could, allegedly, result in a disparate impact.

Dkt. 79.

2. On March 5, 2024, Judge Harjani entered a discovery schedule for the "preliminary focus" of Phase I discovery. Dkt. 81. That discovery is to culminate in Rule 30(b)(6) deposition to be completed by August 9, 2024, after which the parties shall meet and confer for a schedule to complete Phase I discovery.

3. On March 27, 2024, Plaintiffs propounded written discovery requests to State Farm, and also notified State Farm that they were serving subpoenas on the seven nonparty entities identified above.

4. Plaintiffs' subpoenas directly violate the Court's orders concerning the phasing of discovery. They are not limited to discovery concerning algorithmic tools that are used by State Farm at the outset to sort potentially fraudulent/complex claims from straightforward claims, but instead purport to require the subpoenaed entities to produce documents relating to a much broader universe of products and services.

5. They are also not limited to the *identification* of such tools, but instead purport to require the subpoenaed entities to provide exactly the kind of "voluminous ESI discovery around communications and documents about" the tools that Judge Harjani explicitly stated would *not* be allowed at this stage.

6. Moreover, the subpoenas are not limited to Phase I discovery, but instead include requests that Plaintiffs expressly identify as Phase II discovery.

7. Finally, in addition to violating the Court's discovery phasing orders, the discovery sought by the subpoenas would also needlessly infringe upon State Farm's legitimate business interests.

8. For these reasons, and for the reasons further set forth in State Farm's supporting Memorandum of Law, filed contemporaneously herewith, State Farm requests a protective order "forbidding the … discovery" (Fed. R. Civ. P. 26(c)(1)(A)) sought by Plaintiffs' subpoenas to Crawford, Duck Creek, Eberl, Renfroe, Salesforce, Symbility, and Verisk. In the alternative, State Farm requests pursuant to Federal Rule 45 that the Court quash Plaintiffs' subpoenas to Crawford, Duck Creek, Eberl, Renfroe, Salesforce, and Verisk.

WHEREFORE, State Farm respectfully requests that the Court enter an order barring the discovery sought by Plaintiffs from Crawford, Duck Creek, Eberl, Renfroe, Salesforce, Symbility, and Verisk.

Dated: April 10, 2024

Respectfully submitted,

/s/ Sondra A. Hemeryck
Patricia Brown Holmes
Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Sarah E. Finch
Lauren Abendshien
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel: 312-471-8700
Fax: 312-471-8701
pholmes@rshc-law.com
jcancila@rshc-law.com
shemeryck@rshc-law.com
sfinch@rshc-law.com
labendshien@rshc-law.com

*Attorneys for Defendant State Farm Fire & Casualty Company*