# EXHIBIT 1

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **Jacqueline Huskey and Riian Wynn, on behalf of themselves and all others similarly situated,** | |
| *Plaintiffs*, | Case No: 22-cv-07014 |
| | Hon. Jeffrey I. Cummings |
| **v.** | Mag. Judge Sunil R. Harjani |
| **State Farm Fire & Casualty Company,** | |
| *Defendant.* | |

Please take NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Plaintiffs, by and through their undersigned counsel, intend to serve the following attached Subpoena, on Crawford & Company on March 27, 2024 or as soon thereafter as service may be effectuated. A response to the subpoena is required by April 10, 2024.

Dated: March 27, 2024

Respectfully submitted,

/s/ David Tracey
David Tracey (*pro hac vice*)
Albert Powell (*pro hac vice*)
Sharon Kim (*pro hac vice*)
SANFORD HEISLER SHARP, LLP
17 State Street, 37th Floor
New York, NY 10004
Tel: 646-402-5667
apowell@sanfordheisler.com
dtracey@sanfordheisler.com
sharonkim@sanfordheisler.com

Alexander  Rose  (*pro  hac  vice*)
Jamie  Crooks  (*pro  hac  vice*)
Michael  Lieberman  (*pro  hac  vice*)
FAIRMARK PARTNERS, LLP
1825 7th St NW, #821
Washington, DC 20001
Tel: 301-458-0564
alexander@fairmarklaw.com
jamie@fairmarklaw.com
michael@fairmarklaw.com

Deborah  N.  Archer  (*pro  hac  vice*)
Jason D. Williamson (*pro hac vice*)
CENTER ON RACE, INEQUALITY, AND THE
LAW AT NEW YORK UNIVERSITY SCHOOL OF
LAW
139 MacDougal Street
New York, NY 10012
Tel: 212-998-6882
deborah.archer@nyu.edu
jason.williamson@nyu.edu

Joshua Karsh
Mehri & Skalet PLLC
200 K Street, NW, Suite 325
Washington, DC 20006
Tel: 202-822-5100
jkarsh@findjustice.com

*Counsel for Plaintiffs and the Proposed Class*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois

| | |
|---|---|
| Jacqueline Huskey & Riian Wynn, et. al., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   22-cv-07014 |
| State Farm Fire & Casualty Company | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Crawford & Company

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: 1237 Judson Ave.<br>Evanston, IL 60202 | Date and Time:<br><br>04/10/2023 11:59 pm |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/27/2024

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ David Tracey |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiff
Jacqueline Huskey and Riian Wynn, et. al.,                      , who issues or requests this subpoena, are:

David Tracey; Sanford Heisler Sharp LLP; dtracey@sanfordheisler.com; (646) 402-5667

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  22-cv-07014

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



**Sanford Heisler Sharp, LLP**
17 State St., 37th Floor
New York, NY 10004
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*David Tracey,* Firm Managing Partner and Public Interest Litigation Practice Group Co-Chair
(646) 402-5667
dtracey@sanfordheisler.com      New York | Washington, DC | San Francisco | Palo Alto | Baltimore | Nashville | San Diego

March 27, 2024

**<u>VIA PROCESS SERVER</u>**
Crawford & Company
ILLINOIS CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703-4261

>   **Re:** ***<u>Huskey et al. v. State Farm Fire & Casualty Company</u>*** **– Case No. 22-cv-07014**

Dear Crawford & Company:

Our firm represents the Plaintiffs in the above-referenced action against State Farm Fire & Casualty Company ("State Farm"). Attached is a subpoena issued pursuant to Federal Rule of Civil Procedure 45 for the production of documents in relation to this matter. We request that Crawford & Company produce these documents in accordance with the subpoena attachment by April 10, 2024. Please note that Plaintiffs reserve the right to seek additional documents at a later date.

We appreciate your attention to this matter. Do not hesitate to contact me at (646) 402-5667 or dtracey@sanfordheisler.com if you have any questions.

Sincerely,

/s/ David Tracey
David Tracey

## ATTACHMENT TO SUBPOENA

### I. DEFINITIONS

The following Definitions apply to these Requests:

1.      **"Algorithmic Tool"** is a tool that uses algorithms, statistics, data analytics, machine learning, deep learning, natural language processing, artificial intelligence, or any other data science tools or concepts to label data, predict outcomes, or assist with decision-making.

2.      **"Communication"** means oral or written Communications of any kind, including without limitation, electronic Communications, e-mails, facsimiles, telephone Communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

3.      **"Document"** is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate Document within the meaning of this term. The term includes without limitation writings, drawings, graphs, charts, photographs, sound recordings, images, other data and data compilations, and electronically stored information. "Document" includes ESI as defined below.

4.      **"Homeowners Insurance"** means an insurance policy designed to cover losses and damages to a dwelling used principally as a private personal residence, and not solely for rental or other commercial purposes. Such properties include single-family detached houses; single-family attached houses; condominiums or cooperatives; mobile or manufactured homes; and any other type of residence or dwelling, including, but not limited to, those that are covered by an HO-01, HO-02, HO-03, HO-05, HO-06, HO-07 or HO-08 Homeowners Insurance policy.

5.      **"State Farm"** or **"Defendant"** refers to State Farm Fire & Casualty Company and all its employees, contractors, agents, assigns, and affiliated companies.

1

6.      **"You"** or **"Crawford"** means Crawford & Company and all of its present and former employees, agents, servants, representatives, divisions, regions, areas**,** affiliates, parents, subsidiaries, attorneys, predecessors, successors, and other Persons acting or purporting to act on behalf of Crawford & Company.

7.      **"Person"** includes, without limitation, any natural Person, corporation, partnership, government entity, and any other form of legal or business entity.

8.      **"Agreement"** means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more Persons, together with all modifications and amendments thereto.

9.      The terms **"all," "any," "each,"** and **"every"** shall each be construed as encompassing any and all.

10.     The connectives **"and"** and **"or"** are defined and intended to be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     The terms **"relating to," "reflecting," "regarding,"** or **"concerning"** include but are not limited to the following meanings: referring to, bearing upon, describing, reflecting, responding to, identifying, constituting, evaluating, embodying, evidencing, evincing, dealing with, pertaining to, having to do with, or being in any way relevant to the given subject.

12.     **"Including"** shall be construed to include the phrase "but not limited to."

13.     The use of the singular form of any word includes the plural and vice versa.

14.     **"ESI"** is defined to include any original and non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmissions, notations, or highlighting of any kind) of information stored in electronic format,

2

including computer files, magnetic, digital, or other programs, programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program including word processing Documents, accounting files, payroll data, spreadsheets, database files, charts, graphs, outlines, electronic mail, or email, operating systems, source code of all types, programming languages, peripheral devices, external devices, PDF files, PST files, batch files, ASCII files, or any electronic files or file fragments, regardless of the media on which they reside and regardless of whether such electronic data consists of an active file, back-up file, deleted file or file fragment. ESI also includes, but is not limited to, any items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROM discs, BlackBerry, iPhone, or other handheld devices, instant messenger programs, back-up and/or magnetic tapes of any type or kind, microfiche, and/or computer chips.

## II. INSTRUCTIONS

1.      In response to each request, You are required to produce any and all responsive Documents that are in Your possession, custody, or control on or before April 10, 2024. This includes not only the Documents in Your actual possession, but also those in Your constructive possession, including in the possession of Your agents, employees, servants, representatives, attorneys, consultants, or experts, at any time through the entry of judgment in this matter.

2.      With respect to the requests in Section VI ("Specific Requests for Production—Phase 2"), these requests are reserved for Phase II of discovery as articulated in the Court's scheduling order of February 24, 2024 and Plaintiffs accordingly do not seek responses by April 10, 2024. Plaintiffs are willing to meet and confer with You regarding an appropriate response time for the Specific Requests for Production listed in Section VI ("Specific Requests for Production—Phase 2").

3.      Additionally Plaintiffs reserve the right to submit additional subpoenas to You.

4.      Unless otherwise specified, You are required to produce Documents from January 1, 2018 through the entry of judgment in this matter.

5.      Documents shall be produced as they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or facsimiles thereof, i.e., Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved. Sections III and IV below include specific instructions for the production of Documents, including ESI.

6.      Plaintiffs reserve their right to request inspection of the original Documents, including those stored electronically, as they are kept in the ordinary course of business. If the original is not in Your custody, then a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

7.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the Person in whose possession they were found and the business address of each Document's custodian(s).

8.      If production of Documents is withheld on the ground of privilege, as to each such withheld Document, state the following information:

(a)      which privilege is claimed;

(b)      who is asserting the privilege;

(c)      a precise statement of the facts upon which said claim of privilege is based;

(d)      the following information describing each purportedly privileged Document:

(i)        a brief description sufficient to identify its nature, i.e., Agreement, letter, memorandum, type, *etc.*;

(ii)        a brief description sufficient to identify its subject matter and purpose of the Document; the date it was prepared;

(iii)       the date it bears;

(iv)       the date it was sent;

(v)        the date it was received;

(vi)       the identity of the Person preparing it;

(vii)       the identity of the Person sending it;

(viii)      the identity of each Person to whom it was sent or was to have been sent, including all addresses and all recipients of copies and a statement as to whom each identified Person represented or purported to represent at all relevant times;

(e)        all Persons to whom its contents have been disclosed; and

(f)        a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

9.        If a portion of any Document responsive to these requests is withheld under claim of privilege pursuant to Instruction No. 8, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

10.       You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instructions Nos. 8 and 9 above), regardless of whether You consider the entire Document to be relevant or responsive to the requests.

11.     Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the Document which are not being produced.

12.     If a Document responsive to these requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

    a.   whether the Document is missing or lost;

    b.   whether it has been destroyed and, if so, by whom and at whose request;

    c.   whether the Document has been transferred or delivered to another Person and, if so, at whose request;

    d.   whether the Document has been otherwise disposed of; and

    e.   a precise statement of the circumstances surrounding the disposition of the Document and the date of its disposition, including the identity of the Person who last possessed the Document and identities of all Persons who have or had knowledge of the Document's contents.

13.     With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

14.     The fact that a Document is produced by a third party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical in all respects.

15.     This is a continuing request for the production of Documents. If, after making Your initial production, You obtain or become aware of any further Documents responsive to these

requests, You are required by Rule 26(e) of the Federal Rules of Civil Procedure to produce such additional Documents to Plaintiffs.

### III. PRODUCTION OF HARD COPY DOCUMENTS – FORMAT

1.      Hard copy Documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain the following fields: "PRODBEG," "PRODEND," "PRODVOL," "CUSTODIAN," and "REDACTION," as those terms are defined in Table 1, below. The Documents should be logically unitized (i.e., distinct Documents shall not be merged into a single record, and single Documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original Document contains color, the Document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Multi-page OCR text for each Document should also be provided. The OCR software shall maximize text quality. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

### IV.     PRODUCTION OF ESI

1.      Format: ESI should be produced in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet type files, source code, audio and video files, which should be produced in native format. If an original Document contains color, the Document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. You are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs should show any and all text and images which would be visible to the reader using the native software that created the Document. For example, TIFFs/JPGs of e-mail messages should include the BCC line.

PowerPoint Documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF/JPG image.

2.    Format: Native Files: If a Document is produced in native format, a single-page, Bates stamped image slip sheet stating the Document has been produced in native format should also be provided. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that Plaintiffs believe that specific Documents or classes of Documents, not already identified within this protocol, should be produced in native format, You shall meet and confer with Plaintiffs in good faith.

3.    De-Duplication: You shall remove exact duplicate Documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. An e-mail that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an e-mail that does not include content in those fields, even if all remaining content in the e-mail is identical. Removal of near-duplicate Documents and e-mail thread suppression is not acceptable. De-duplication should be done across the entire collection (global de-duplication) and the CUSTODIAN field should list each custodian, separated by a semicolon, who was a source of that Document and the FILE_PATH field will list each file path, separated by a semicolon, that was a source of that Document. Should the CUSTODIAN or FILE_PATH metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected Documents should be produced prior to substantial completion of the Document production.

4.      Technology Assisted Review: Predictive coding/technology-assisted-review shall not be used for the purpose of culling the Documents to be reviewed or produced without notifying Plaintiffs prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

5.      Metadata: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, below. The metadata produced should have the correct encoding to enable preservation of the Documents' original language.

6.      Embedded Objects: You should include embedded files in the production.

7.      Compressed File Types: Compressed file types (e.g., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level Document or file is extracted.

8.      Structured Data: To the extent a response to discovery requires production of electronic information stored in a database, including the production of text messages or similar Communications, You shall meet and confer with Plaintiffs regarding methods of production.

9.      Exception Report: You shall compile an exception report enumerating any unprocessed or unprocessable Documents, their file type, and the file location.

10.      Encryption: To maximize the security of information in transit, any media on which Documents are produced may be encrypted. In such cases, You shall transmit the encryption key or password to Plaintiffs, under separate cover, contemporaneously with sending the encrypted media.

11.      Redactions: If Documents that You have agreed to produce in native format need to be redacted, You should meet and confer with Plaintiffs regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

| Table 1 - Metadata Fields | |
|---|---|
| **Field Name** | **Description** |
| PRODBEG | First Bates number of Electronic File or Hard Copy Document |
| PRODEND | Last Bates number of Electronic File or Hard Copy Documents |
| PRODBEGATT | First Bates number of the first page in a parent/child relationship |
| PRODENDATT | Last Bates number of the last page in a parent/child relationship |
| ATTACH_COUNT | Number of attachments to an email or loose e-file with extracted children |
| PRODVOL | Name of production volume on which Electronic or Hard Copy File is produced |
| PRODPARTY | Name of party producing Electronic File or Hard Copy Document |
| CUSTODIAN | Name of Person from whom the Electronic File was collected, reviewed, and produced |
| DUPCUSTODIAN | Name of any additional production custodians from whom email/Document was collected |
| DOCTYPE | Populate with either Hard Copy, E-Mail, Attachment, or E-Docs (i.e., loose or standalone files) |
| FROM | The Names and SMTP email addresses of all individuals included on the From line of an email or calendar item |
| TO | The Names and SMTP email addresses of all individuals included on the To line of an email or calendar item |

10

| | |
|---|---|
| CC | The Names and SMTP email addresses of all individuals included on the CC line of an email or Optional line of a calendar item |
| BCC | The Names and SMTP email addresses of all individuals included on the BCC line of an email |
| SUBJECT | Subject line of email |
| DATE_SENT | Date email was sent (MMDDYYYY) |
| TIME_SENT | Time email was sent (HH:MM:SS) |
| NATIVELINK | Link to native file on the media received (e.g., Excel attachment) |
| FILE_EXTEN | File extension of the email, attachment, or loose e-file |
| FILE_NAME | The file name of the email attachment or loose e-file |
| FILE_PATH | The original file path of the email or loose e-file |
| AUTHOR | The author of the loose e-file or e-file attachment |
| DATE_CREATED | The created date of the email attachment or loose e-file (MMDDYYYY) |
| DATE_MODIFIED | The last-modified date of the email attachment or loose e-file (MMDDYYYY) |
| REDACTION | Populate with Yes or No to indicate whether Document contains redactions |
| CONFIDENTIALITY | Populate with any confidentiality designation attached to the Document |
| HASH | The MD5 or SHA-1 hash value generated when processing the Document |

| | |
|---|---|
| PASSWORD | Populate with Yes or No to indicate whether Document is password protected |

## V.    SPECIFIC REQUESTS FOR PRODUCTION—PHASE 1

1.    All Agreements with State Farm concerning all products or services You provided to State Farm that in any way use or incorporate one or more Algorithmic Tool(s) and are capable of assisting in the identification of potentially fraudulent or complex Homeowners Insurance claims.

2.    Documents and Communications sufficient to identify all products or services You provided to State Farm that in any way use or incorporate one or more Algorithmic Tool(s) and are capable of assisting in the identification of potentially fraudulent or complex Homeowners Insurance claims.

3.    Documents and Communications sufficient to identify all products or services You provided to State Farm that in any way use or incorporate one or more Algorithmic Tool(s) and are capable of assisting with sorting, screening, labeling, routing, tracking, or categorizing Homeowners Insurance policyholders or claims in any manner that may affect or influence how an insurer processes Homeowners Insurance claims, including the speed with which the insurer processes and/or adjusts such claims; the amount and nature of documentation or proof the insurer requests in connection with such claims; the number of interactions the insurer's employees or agents have with the claimant; the amount of any payment or negotiated award; and the likelihood that such claim is identified as potentially complex, fraudulent, or is directed to Special Investigation Unit (SIU) or law enforcement; and/or;

12

4. Documents and Communications sufficient to identify all products and services that You provided to State Farm which in any way use or incorporate one or more Algorithmic Tool(s) and are capable of assisting with the development, evaluation, or modification of policies, procedures, and/or criteria for identifying Homeowners Insurance claims as potentially fraudulent or complex.

5. Documents and Communications sufficient to demonstrate State Farm's use, employment or deployment of, and/or access to Trulook, Digital Desk, Crawford OnDemand Estimates, and/or Asservio.

6. All Documents and Communications describing or explaining each of the products or services that You provided to State Farm that in any way use or incorporate one or more Algorithmic Tool(s) to:

   a. Identify or assist in the identification of potentially fraudulent or complex Homeowners Insurance claims;

   b. Assist with sorting, screening, labeling, routing, tracking, or categorizing Homeowners Insurance policyholders or claims in any manner that may affect or influence how an insurer processes Homeowners Insurance claims, including the speed with which the insurer processes and/or adjusts such claims; the amount and nature of documentation or proof the insurer requests in connection with such claims; the number of interactions the insurer's employees or agents have with the claimant; the amount of any payment or negotiated award; and the likelihood that such claim is identified as complex, potentially fraudulent, or gets directed to Special Investigation Unit (SIU) or law enforcement; and/or;

13

       c.   Assist in developing, evaluating, or modifying policies, procedures, and/or criteria for identifying Homeowners Insurance claims as potentially fraudulent or complex.

7.     All Documents and Communications concerning each of the products or services that You provided to State Farm that in any way use or incorporate Algorithmic Tools to:

       a.   Identify or assist in the identification of potentially fraudulent or complex Homeowners Insurance claims;

       b.   Assist with sorting, screening, labeling, routing, tracking, or categorizing Homeowners Insurance policyholders or claims in any manner that may affect or influence how an insurer processes Homeowners Insurance claims, including the speed with which the insurer processes and/or adjusts such claims; the amount and nature of documentation or proof the insurer requests in connection with such claims; the number of interactions the insurer's employees or agents have with the claimant; the amount of any payment or negotiated award; and the likelihood that such claim is identified as potentially fraudulent or directed to Special Investigation Unit (SIU) or law enforcement; and/or;

       c.   Assist in developing, evaluating, or modifying policies, procedures, and/or criteria for identifying Homeowners Insurance claims as potentially fraudulent or complex.

## VI.    SPECIFIC REQUESTS FOR PRODUCTION—PHASE 2

1.     All contracts with State Farm.

2.     Documents sufficient to identify all software, analytics programs, and Algorithmic Tools that You provided to State Farm or used in connection with services provided to State Farm.

3.     All Documents concerning State Farm's use of Your software, analytics programs, and/or Algorithmic Tools.

14

4.      All Documents concerning Your development, use, review, auditing, deployment, and/or marketing of software, analytics programs, and/or Algorithmic Tools that State Farm uses or has used or that You sold, licensed, or provided to State Farm in any manner.