# EXHIBIT B

| | |
|---|---|
| **From:** | David Tracey |
| **To:** | Sondra Hemeryck; Joseph Cancila; Patricia Holmes; Sarah Finch; Lauren Abendshien |
| **Cc:** | Huskey v. State Farm |
| **Subject:** | RE: [EXTERNAL EMAIL] Huskey v. State Farm - Proposal re: Defendants" Mot. For Protective Order |
| **Date:** | Wednesday, April 24, 2024 11:36:30 AM |
| **Attachments:** | image001.png |

Sondra:

Thank you for your message. It is unfortunate that our proposal will not resolve the issues in your motion. It is also disappointing that you dispute that I offered to further phase our requests during our meet and confer. My colleagues and I recall my making that explicit offer. In any event, it is clear from your email that State Farm would not have been willing to accept that offer.

Contrary to what you indicate, Judge Harjani did not include any limitation to the "outset" of claims when he ordered discovery to issue by March 27. Instead, he stated, broadly: "Written discovery focused on the algorithmic decision–making tools employed by State Farm to screen out potentially fraudulent or complex claims from straightforward claims shall issue by March 27, 2024." Dkt. 81. This is the focus of Phase I. *See also* Dkt. 79 ("Phase I discovery shall be limited to algorithmic decision–making tools employed by State Farm to screen out potentially fraudulent or complex claims from straightforward homeowners insurance claims."). State Farm's insistence that discovery be limited to the "outset" of claims makes little sense in light of the clear scope of Phase I discovery, the allegations in this case, basic principles of relevance, and Fed. R. Civ. P. 1 considerations (among others). As we've stated, we are prepared to begin Phase I by identifying the algorithmic tools at issue, and then later seek documents and communications describing or explaining the tools. That approach heeds to both the language and intent of Judge Harjani's Orders. Dkts. 79 & 81. Moreover, our definition of Algorithmic Tools captures the concepts as articulated in the complaint, with further specificity to ensure that we receive appropriate discovery responses.

We have previously conferred on these very issues, and I fear we are simply at an impasse (as evidenced by the motion State Farm filed). Nonetheless, please let me know if you would like to confer further via telephone in light of the above response.

Best,

David


### David Tracey (he/him/his)

**Firm Managing Partner and Public Interest Litigation Practice Group Co-Chair, bio**

17 State Street, 37th Floor, New York, NY 10004

**DIRECT:** 646-402-5667 | **MAIN:** 646-402-5650

| **New York** |
| **Washington, DC** |
| **San Francisco** |
| **Palo Alto** |



Baltimore
Nashville
San Diego

DISCLAIMER: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.

**From:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Sent:** Friday, April 19, 2024 11:43 AM
**To:** David Tracey <dtracey@sanfordheisler.com>; Joseph Cancila <jcancila@rshc-law.com>; Patricia Holmes <pholmes@rshc-law.com>; Sarah Finch <SFinch@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>
**Cc:** Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - Proposal re: Defendants' Mot. For Protective Order

———*EXTERNAL EMAIL*———

David,

Thank you for reaching out. While we appreciate your efforts, your proposal does not sufficiently address the issues raised by State Farm's motion. As explained in State Farm's brief, Plaintiffs' subpoenas violate the Court's discovery phasing orders not only because they seek documents and communications that go beyond "identification" of tools, but also because they are not limited to "algorithmic tools … used at the outset to sort potentially fraudulent/complex claims from straightforward claims." *See* Dkt. 85 at 6-10 (discussing Request Nos. 1 through 5). Your proposal, as we understand it, would not resolve that problem, as you are not proposing either to narrow your overly broad definition of "Algorithmic Tool" or to limit Request Nos. 1 through 5.

We would be happy to schedule a call to discuss further if you believe that would be helpful.

Finally, please also note that we disagree with your characterization of what occurred during our April 5 meet-and-confer call. For example, we do not recall any statement by you suggesting that Plaintiffs were "open to further phasing their Phase I requests so that third parties first produce documents 'sufficient to identify' the Algorithmic Tools at issue in Phase I and later provide documents and communications 'describing or explaining' such tools."

Best regards,

Sondra

Sondra A. Hemeryck
**Riley Safer Holmes & Cancila LLP**
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8724
shemeryck@rshc-law.com
www.rshc-law.com



**From:** David Tracey <dtracey@sanfordheisler.com>
**Sent:** Thursday, April 18, 2024 3:58 PM
**To:** Sondra Hemeryck <Shemeryck@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Patricia Holmes <pholmes@rshc-law.com>; Sarah Finch <SFinch@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>
**Cc:** Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>
**Subject:** [EXTERNAL EMAIL] Huskey v. State Farm - Proposal re: Defendants' Mot. For Protective Order

Sondra:

After reviewing State Farm's motion for a protective order, I write to reiterate a point that I made during our meet and confer. As I explained then, Plaintiffs are open to further phasing their Phase I requests so that third parties first produce documents "sufficient to identify" the Algorithmic Tools at issue in Phase I and later provide documents and communications "describing or explaining" such tools. Our intention was always to handle this sub-phasing through the normal course of meeting and conferring with third parties, a process which is now on hold as the subpoenas are temporarily stayed.

However, in an effort to resolve State Farm's Motion for a Protective Order without the need for court intervention, Plaintiffs will offer to issue each third party a supplemental instruction indicating that Plaintiffs are first seeking documents sufficient to identify the Algorithmic Tools at issue, and only after such documents are produced, will seek documents describing or explaining those tools. Concretely, this would mean that the third parties would first produce documents responsive to Phase I Requests Nos. 1-5 (for Eberl, Phase I Requests Nos. 1-4). After such documents are produced, the Plaintiffs will meet and confer with the third parties as to the scope of production necessary for Plaintiffs' remaining Phase I requests.

Please let us know whether State Farm will withdraw its motion if Plaintiffs issue the above as a supplemental instruction, which effectively tables for present purposes all Requests except for 1-5 (and, for Eberl, Requests 1-4).

This proposed compromise is without prejudice to Plaintiffs later seeking documents responsive to their remaining requests and also without prejudice to State Farm renewing its motion at a later date.

I would be more than happy to confer telephonically to the extent helpful.

David

**David Tracey** (he/him/his)
*Firm Managing Partner and Public Interest Litigation Practice Group Co-Chair,* *bio*
17 State Street, 37th Floor, New York, NY 10004
**DIRECT:** 646-402-5667 | **MAIN:** 646-402-5650



**New York**
**Washington, DC**
**San Francisco**
**Palo Alto**
**Baltimore**
**Nashville**
**San Diego**

**DISCLAIMER**: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.

CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 471-8700 and also indicate the sender's name. Thank you.