# EXHIBIT C

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>Defendant. | Case No. 22-cv-7014<br><br>Hon. Jeffrey I. Cummings<br><br>Mag. Judge Sheila Finnegan |

**STATE FARM FIRE AND CASUALTY COMPANY'S
RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 34, responds and objects to Plaintiffs' Requests for Production (the "Requests") as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. State Farm objects to Plaintiffs' definition of "Algorithmic Tool" on the grounds that it is vague, ambiguous, overly broad, and not proportional to the needs of the case. For example, according to Merriam-Webster the word "algorithm" means "a step-by-step procedure for solving a problem or accomplishing some end." Thus, Plaintiffs' definition of "Algorithmic Tool" could potentially encompass *any* guideline or process for handling insurance claims (Plaintiffs expressly do not limit their definition to computer-based or automated tools). For the purpose of responding to Plaintiffs' Requests, State Farm construes "Algorithmic Tool" to mean a computer-based tool that uses statistical modeling, machine learning, deep learning, natural language processing, artificial intelligence, or any other data science tools or concepts to predict

7. All documents concerning each Algorithmic Tool that State Farm uses or has used in connection with Homeowners Insurance claims.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to this Request on the grounds that it is overly broad in scope (types of claims and insurance coverage), geographic area (not limited to Illinois, Indiana, Ohio, Michigan, Wisconsin and Missouri) and time (not limited to a reasonable period of time). State Farm further objects that this Request is vague, ambiguous and overly broad because it uses the vague, ambiguous and overly broad term "Algorithmic Tool." This Request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, as it is not limited to "Algorithmic Tools" that were used in connection with the claims of Plaintiffs that are at issue in this case. State Farm further objects that the request for "all" documents is overly broad, unduly burdensome, and potentially seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving these objections, State Farm will only produce documents sufficient to describe the operation of any computer-based, automated, or rules-based tools that were used in the routing of Plaintiffs' insurance claims at issue in this case. State Farm will not produce other documents potentially responsive to this Request as written.

8. All documents concerning State Farm's Enterprise Claim System.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to this Request on the grounds that the request for "[a]ll documents concerning" State Farm's ECS is vague, ambiguous, overly broad and unduly

16

Indiana, Michigan, Missouri, Ohio and Wisconsin). This Request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is unduly burdensome; it seeks information that is neither relevant to any party's claim or defense nor proportional to the issues in this case. The identification of "all third-party vendors, contractors and/or consultants that have provided any service to State Farm" will neither prove nor disprove the claims and/or defenses at issue in this litigation. Each claim is handled on its own individual merits. State Farm further objects that this Request is vague and ambiguous because it uses the vague and ambiguous term "Algorithmic Tool." Further, this Request may also violate the privacy or confidentiality rights of third-party vendors, contractors or consultants, as well as invade the attorney-client privilege and/or the work product doctrine. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving these objections, the Claim Files being produced herewith in response to Request No. 3 identify any third-party vendors, contractors or consultants that provided any service to State Farm in connection with Plaintiffs' own insurance claims that are the subject of this case. State Farm will not produce other documents potentially responsive to this Request as written.

15. All documents and communications exchanged between State Farm and any third-party vendor, contractor, or consultant concerning the development, use, marketing, sale, purchase, implementation, and/or discontinuation of Algorithmic Tools that are or have been used in connection with Homeowners Insurance claims.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to this Request as it is vague and ambiguous, especially as to the terms "concerning" and "in connection with." State Farm further objects that this Request is vague and ambiguous because it uses the vague and ambiguous term "Algorithmic Tool." State Farm further objects to this Request on the grounds that it is overly in scope (not

23

limited to materials pertinent to the specific insurance claims at issue in this litigation), time (not limited to a reasonable period of time), and geographic area (not limited to materials pertinent to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin). State Farm further objects to this request to the extent it seeks confidential, proprietary business information and/or trade secret information of State Farm and/or third parties. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

This Request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. The requested documents, to the extent they exist, will neither prove nor disprove the claims and/or defenses at issue in this litigation. Each claim is handled on its own individual merits. Further, State Farm did not use in connection with Plaintiffs' insurance claims that are the subject of this case any computer-based or automated tool that uses statistics, data analytics, machine learning, deep learning, natural language processing, artificial intelligence, or any other data science tools or concepts to predict outcomes or assist with decision-making, nor did State Farm use in connection with Plaintiffs' insurance claims that are the subject of this case any Algorithmic Tool (as that term has been defined by Plaintiffs) that was developed, marketed, sold or implemented by a third-party vendor, contractor, or consultant. Thus, as to Plaintiffs' insurance claims that are the subject of this case, State Farm has no responsive documents. State Farm will not produce other documents potentially responsive to this Request as written.

16. All documents concerning State Farm's relationship with Salesforce, or its use of any of Salesforce's products or services, in connection with Homeowners Insurance claims. This request includes all documents and communications concerning any Algorithmic Tool developed by Salesforce and used by State Farm in connection with Homeowners Insurance claims.