# EXHIBIT D

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 22-cv-7014 |
| | Hon. Jeffrey I. Cummings |
| v. | Mag. Judge Sunil R. Harjani |
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Defendant. | |

### STATE FARM FIRE AND CASUALTY COMPANY'S
### RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 34, responds and objects to Plaintiffs' Second Set of Requests for Production (the "Requests") as follows:

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      State Farm objects to Plaintiffs' definition of "Algorithmic Tool" on the grounds that it is vague, ambiguous, overly broad, and not proportional to the needs of the case. For example, according to Merriam-Webster the word "algorithm" means "a step-by-step procedure for solving a problem or accomplishing some end." Thus, Plaintiffs' definition of "Algorithmic Tool" could potentially encompass *any* guideline or process for handling insurance claims (Plaintiffs expressly do not limit their definition to computer-based or automated tools). For the purpose of responding to Plaintiffs' Requests, State Farm construes "Algorithmic Tool" to mean a computer-based tool that uses statistical modeling, machine learning, deep learning, natural language processing, artificial intelligence, or any other data science tools or concepts to predict

information is necessary to a fair adjudication of this case. State Farm will not produce documents responsive to this RFP.

4.     All Documents, Communications, and Information concerning State Farm's use of each Algorithmic Tool in connection with Homeowners Insurance claims and policyholders, including but not limited to all Documents, Communications, and Information concerning:

   a.     The source, content, quantity, quality, and/or validity of all data on which each Algorithmic Tool was trained.

   b.     Any efforts to review, analyze, audit, assess, clean, correct, and/or supplement any data on which each Algorithmic Tool was trained.

   c.     All summary statistics considered, generated, and reviewed in connection with the development, use, supplementation, recalibration, and/or adjustment of each Algorithmic Tool.

   d.     All inputs, fields, features, parameters, variables, modes, and/or specifications used in connection with each Algorithmic Tool, along with any data dictionaries, definitions, and/or descriptions of the inputs, fields, features, parameters, variables, modes, and/or specifications.

   e.     Each Algorithmic Tool's predictive goals, outputs, outcome variables, and/or results, along with any data dictionaries, definitions, and/or descriptions of the predictive goals, outputs, outcome variables, and/or results.

   f.     Each algorithmic or machine learning method, model, approach, and/or paradigm used in connection with each Algorithmic Tool.

   g.     All descriptions, codes, programs, and/or summaries concerning how the Algorithmic Tool maps the described input data requested in 4(d) to the output data requested in 4(e).

   h.     Any tests, validations, and/or assessments conducted in connection with the development, use, supplementation, recalibration, and/or adjustment of each Algorithmic Tool (including but not limited to bias testing or auditing), including the sources and content of any data used in the assessment, validation, or testing and the results of the assessment, validation, or testing.

   i.     Any updates, tuning, feature selection, or modifications that were considered, implemented, and/or rejected during the development, use, supplementation, recalibration, and/or adjustment of each Algorithmic Tool.

55

  j.  All efforts to deploy, scale, operationalize each Algorithmic Tool for, or integrate each Algorithmic Tool into, State Farm's processes, policies, practices, procedures, and/or protocols for processing, investigating, handling, adjusting, reviewing, and resolving Homeowners Insurance claims.

  k.  How State Farm uses each Algorithmic Tool in connection with the Claims Process.

  l.  Whether and how each Algorithmic Tool interacts with any other Algorithmic Tool(s).

  m.  Any category or type of decision in connection with the Claims Process that State Farm made in full or partial reliance on any Algorithmic Tool, including the Algorithmic Tool involved with each such decision and the extent to which the Tool influenced the decision.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to RFP No. 4, including all 18 sub-parts of the RFP, to the extent it purports to require State Farm to undertake efforts to provide "Information" that exceed the requirements of Federal Rule of Civil Procedure 34. State Farm further objects to this RFP No. 4, and all 18 sub-parts, to the extent it is duplicative of RFP No. 7 of Plaintiffs' First Set of Requests for Production, which sought "[a]ll documents concerning each Algorithmic Tool that State Farm uses or has used in connection with Homeowners Insurance claims." State Farm expressly incorporates herein its Response to that RFP No. 7. State Farm further objects to RFP No. 4, including all 18 sub-parts, on the ground that the discovery sought is premature to the extent it is beyond the scope of the first phase of discovery pursuant to any discovery phasing order entered by the Court in this action.

State Farm further objects that RFP No. 4 (including its sub-parts) is vague, ambiguous and overly broad because it uses the vague, ambiguous and overly broad term "Algorithmic Tool," and because it is not clear what additional "Documents, Communications and Information" beyond the 18 categories of "Documents, Communications and Information" described in the sub-parts of

RFP No. 4 are sought by the phrase "including but not limited to." State Farm further objects to RFP No. 4 (and its sub-parts) on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case. Prior to class certification, the requirement of Federal Rule of Civil Procedure 26 that discovery be both relevant and proportional means that discovery "should not exceed what is necessary to permit the Court to make an informed decision on class certification." *Miner v. Gov't Payment Serv., Inc.*, No 14-cv-7474, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5, 2017). This RFP is not narrowly tailored to those issues, as it is not limited to computer-based, automated, or rules-based tools that were used in the routing of the insurance claims of Plaintiffs that are the subject of this case. *See* Resp. to RFP No. 1, *supra*. The RFP (including its sub-parts) is also overly broad in scope (types of claims and insurance coverage), geographic area (not limited to Illinois, Indiana, Ohio, Michigan, Wisconsin and Missouri) and time (not limited to a reasonable period of time).

State Farm further objects that the vast scope and quantity of information sought as to "each Algorithmic Tool" by RFP No. 4 and its sub-parts is overly broad, unduly burdensome, not relevant to any party's claim or defense, not necessary to permit the Court to make an informed decision on class certification, and not proportional to the needs of the case. In addition, RFP No. 4 (including its sub-parts) is overly broad and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case in that it seeks broad discovery relating to any use of "Algorithmic Tools" in connection with Homeowners Insurance *policyholders*. Plaintiffs' lawsuit alleges (albeit incorrectly) that State Farm uses "algorithmic decision-making tools" in its Homeowners Insurance *claim handling* that purportedly have a

disparate impact on Black claimants; Plaintiffs have asserted no claim that State Farm utilizes any such "algorithmic decision-making tools" in respect to "policyholders."

State Farm further objects that the request in RFP No. 4 for "[a]ll Documents, Communications, and Information" is inherently overbroad and unduly burdensome, and potentially seeks the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine and/or other applicable privilege. Finally, State Farm objects to this RFP on the grounds that it seeks confidential, proprietary business information and/or trade secrets of State Farm, which Plaintiffs have not established is necessary to a fair adjudication of this case.

Subject to and without waiving these objections and the objections to each of the 18 sub-parts of RFP No. 4 set forth below, State Farm will produce documents as described in its Response to RFP No. 7 of Plaintiffs' First Set of Requests for Production and in its Responses to the particular sub-parts of this RFP. State Farm will not search for or produce other documents potentially responsive to this RFP or its sub-parts as written.

State Farm further objects to each of the individual sub-parts of RFP No. 4 on the following grounds:

      a.    The source, content, quantity, quality, and/or validity of all data on which each Algorithmic Tool was trained.

      b.    Any efforts to review, analyze, audit, assess, clean, correct, and/or supplement any data on which each Algorithmic Tool was trained.

State Farm objects to these sub-parts on the grounds that they are vague, ambiguous and overly broad because they use the vague, ambiguous and overly broad term "Algorithmic Tool," and because the term "trained" as used herein is vague and ambiguous. In responding to these sub-parts, State Farm assumes Plaintiffs are using the word "trained" consistently with the allegations of paragraphs 24 through 26 of the Amended Complaint regarding machine-learning algorithms

and artificial intelligence. State Farm further objects to these sub-parts on the grounds that they are overly broad, unduly burdensome, and seek information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case because they are not limited to computer-based, automated, or rules-based tools that were used in the routing of the insurance claims of Plaintiffs that are the subject of this case. State Farm further objects to these sub-parts on the ground that there were no "tools" used in connection with the insurance claims of Plaintiffs that the subject of this case that were "trained" as State Farm understands Plaintiffs to be using that term. Thus, as to Plaintiffs' insurance claims that are the subject of this case, State Farm has no responsive documents.

      c.      All summary statistics considered, generated, and reviewed in connection with the development, use, supplementation, recalibration, and/or adjustment of each Algorithmic Tool.

      d.      All inputs, fields, features, parameters, variables, modes, and/or specifications used in connection with each Algorithmic Tool, along with any data dictionaries, definitions, and/or descriptions of the inputs, fields, features, parameters, variables, modes, and/or specifications.

      e.      Each Algorithmic Tool's predictive goals, outputs, outcome variables, and/or results, along with any data dictionaries, definitions, and/or descriptions of the predictive goals, outputs, outcome variables, and/or results.

      f.      Each algorithmic or machine learning method, model, approach, and/or paradigm used in connection with each Algorithmic Tool.

      g.      All descriptions, codes, programs, and/or summaries concerning how the Algorithmic Tool maps the described input data requested in 4(d) to the output data requested in 4(e).

      h.      Any tests, validations, and/or assessments conducted in connection with the development, use, supplementation, recalibration, and/or adjustment of each Algorithmic Tool (including but not limited to bias testing or auditing), including the sources and content of any data used in the assessment, validation, or testing and the results of the assessment, validation, or testing.

i.      Any updates, tuning, feature selection, or modifications that were considered, implemented, and/or rejected during the development, use, supplementation, recalibration, and/or adjustment of each Algorithmic Tool.

j.      All efforts to deploy, scale, operationalize each Algorithmic Tool for, or integrate each Algorithmic Tool into, State Farm's processes, policies, practices, procedures, and/or protocols for processing, investigating, handling, adjusting, reviewing, and resolving Homeowners Insurance claims.

k.      How State Farm uses each Algorithmic Tool in connection with the Claims Process.

l.      Whether and how each Algorithmic Tool interacts with any other Algorithmic Tool(s).

m.      Any category or type of decision in connection with the Claims Process that State Farm made in full or partial reliance on any Algorithmic Tool, including the Algorithmic Tool involved with each such decision and the extent to which the Tool influenced the decision.

State Farm objects to these sub-parts of RFP No. 4 on the grounds that they are vague, ambiguous and overly broad because they use the vague, ambiguous and overly broad term "Algorithmic Tool," and because the terms "summary statistics," "modes," "tuning," and "category or type of decision," as used herein, are vague and ambiguous. State Farm further objects to these sub-parts on the grounds that they are overly broad, unduly burdensome, and seek information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case because they are not limited to computer-based, automated, or rules-based tools that were used in the routing of the insurance claims of Plaintiffs that are the subject of this case. State Farm further objects to these sub-parts on the ground that State Farm did not use in connection with Plaintiffs' insurance claims that are the subject of this case any computer-based or automated tool that uses statistics, data analytics, machine learning, deep learning, natural language processing, artificial intelligence, or any other data science tools or concepts to predict outcomes or assist with decision-

60

making. State Farm further objects that the vast scope and quantity of information sought as to "each Algorithmic Tool" by these sub-parts is overly broad, unduly burdensome, not relevant to any party's claim or defense, not necessary to permit the Court to make an informed decision on class certification, and not proportional to the needs of the case.

Subject to and without waiving these objections, State Farm will produce, in addition to the documents described in State Farm's Response to RFP No. 7 of Plaintiffs' First Set of Requests for Production, nonprivileged documents in its possession, custody or control, for the time period from January 1, 2018, that can be located by a reasonable, good-faith search, sufficient generally to reflect (a) the development and subsequent modifications of any computer-based, automated, or rules-based tools used in the routing of Plaintiffs' insurance claims that are the subject of this case, (b) testing of such tools, and/or (c) how State Farm uses such tools in connection with the Claims Process.

> 5. All databases, data aggregations, and computerized information used and/or relied upon to train or test each Algorithmic Tool in connection with Homeowners Insurance claims and policyholders, including but not limited to all databases, data aggregations, and computerized information used, relied upon, created, and/or maintained by State Farm or now in the possession, custody, and/or control of State Farm.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to this RFP to the extent it is duplicative of RFP No. 7 of Plaintiffs' First Set of Requests for Production, which sought "[a]ll documents concerning each Algorithmic Tool that State Farm uses or has used in connection with Homeowners Insurance claims." State Farm expressly incorporates herein its Response to that RFP No. 7. State Farm further objects that RFP No. 5 is vague, ambiguous and overly broad because it uses the vague, ambiguous and overly broad term "Algorithmic Tool," and because it is not clear what documents

or information are sought by the phrase "including but not limited to." State Farm further objects to this RFP on the ground that the discovery sought is premature to the extent it is beyond the scope of the first phase of discovery pursuant to any discovery phasing order entered by the Court in this action.

State Farm also objects to this RFP on the grounds that it purports to require State Farm to produce documents or information beyond what is currently in State Farm's possession, custody or control. State Farm further objects to this RFP on the grounds that the terms "data aggregations" and "computerized information," as used herein, are vague and ambiguous. State Farm further objects that the request for production of "databases" is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. There has been no showing that discovery of "databases" is necessary to Plaintiffs' prosecution of this action.

State Farm also objects to RFP No. 5 on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case. Prior to class certification, the requirement of Federal Rule of Civil Procedure 26 that discovery be both relevant and proportional means that discovery "should not exceed what is necessary to permit the Court to make an informed decision on class certification." *Miner v. Gov't Payment Serv., Inc.*, No 14-cv-7474, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5, 2017). This RFP is not narrowly tailored to those issues, as it is not limited to computer-based, automated, or rules-based tools that were used in the routing of the insurance claims of Plaintiffs that are the subject of this case. *See* Resp. to RFP No. 1, *supra*. This RFP is also overly broad in scope (types

of claims and insurance coverage), geographic area (not limited to Illinois, Indiana, Ohio, Michigan, Wisconsin and Missouri) and time (not limited to a reasonable period of time).

State Farm further objects that the vast scope and quantity of information sought as to "each Algorithmic Tool" by RFP No. 5 is overly broad, unduly burdensome, not relevant to any party's claim or defense, not necessary to permit the Court to make an informed decision on class certification, and not proportional to the needs of the case. In addition, RFP No. 5 is overly broad and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case in that it seeks broad discovery relating to "Algorithmic Tools" in connection with Homeowners Insurance *policyholders*. Plaintiffs' lawsuit alleges (albeit incorrectly) that State Farm uses "algorithmic decision-making tools" in its Homeowners Insurance *claim handling* that purportedly have a disparate impact on Black claimants; Plaintiffs have asserted no claim that State Farm utilizes any such "algorithmic decision-making tools" in respect to "policyholders."

State Farm further objects that the request in RFP No. 5 for "[a]ll databases, data aggregations, and computerized information" is inherently overbroad and unduly burdensome, and potentially seeks the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine and/or other applicable privilege. State Farm further objects to this RFP on the grounds that it seeks confidential, proprietary business information and/or trade secrets of State Farm, which Plaintiffs have not established is necessary to a fair adjudication of this case.

State Farm further objects to this RFP on the ground that there were no "tools" used in connection with the insurance claims of Plaintiffs that the subject of this case that were "trained" as State Farm understands Plaintiffs to be using that term. State Farm did not use in connection with Plaintiffs' insurance claims that are the subject of this case any computer-based or automated tool that uses statistics, data analytics, machine learning, deep learning, natural language processing, artificial

intelligence, or any other data science tools or concepts to predict outcomes or assist with decision-making. Subject to and without waiving these objections, State Farm will produce the documents described in its Response to RFP No. 4, *supra*. State Farm will not search for or produce other Documents potentially responsive to this RFP as written.

6.  All codes, models, programs, and any other forms of instructions for each Algorithmic Tool State Farm has created, used, and/or relied upon in connection with Homeowners Insurance claims and policyholders.

**RESPONSE:**  In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to this RFP to the extent it is duplicative of RFP No. 7 of Plaintiffs' First Set of Requests for Production, which sought "[a]ll documents concerning each Algorithmic Tool that State Farm uses or has used in connection with Homeowners Insurance claims." State Farm expressly incorporates herein its Response to that RFP No. 7. State Farm further objects that RFP No. 6 is vague, ambiguous and overly broad because it uses the vague, ambiguous and overly broad term "Algorithmic Tool." State Farm further objects to this RFP on the grounds that the terms "codes," "models" and "programs," as used herein, are vague and ambiguous. State Farm further objects to this RFP on the ground that the discovery sought is premature to the extent it is beyond the scope of the first phase of discovery pursuant to any discovery phasing order entered by the Court in this action.

State Farm also objects to RFP No. 6 on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case. Prior to class certification, the requirement of Federal Rule of Civil Procedure 26 that discovery be both relevant and proportional means that discovery "should not exceed what is necessary to permit the Court to make an informed decision on class certification." *Miner v.*

*Gov't Payment Serv., Inc.*, No 14-cv-7474, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5, 2017). This RFP is not narrowly tailored to those issues, as it is not limited to computer-based, automated, or rules-based tools that were used in the routing of the insurance claims of Plaintiffs that are the subject of this case. *See* Resp. to RFP No. 1, *supra*. This RFP is also overly broad in scope (types of claims and insurance coverage), geographic area (not limited to Illinois, Indiana, Ohio, Michigan, Wisconsin and Missouri) and time (not limited to a reasonable period of time).

State Farm further objects that the vast scope and quantity of information sought as to "each Algorithmic Tool" by RFP No. 6 is overly broad, unduly burdensome, not relevant to any party's claim or defense, not necessary to permit the Court to make an informed decision on class certification, and not proportional to the needs of the case. In addition, RFP No. 6 is overly broad and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case in that it seeks discovery relating to any use of "Algorithmic Tools" in connection with Homeowners Insurance *policyholders*. Plaintiffs' lawsuit alleges (albeit incorrectly) that State Farm uses "algorithmic decision-making tools" in its Homeowners Insurance *claim handling* that purportedly have a disparate impact on Black claimants; Plaintiffs have asserted no claim that State Farm utilizes any such "algorithmic decision-making tools" in respect to "policyholders." RFP No. 6 is also overly broad, seeks information that is not relevant to any party's claim or defense and is not proportional to he needs of the case in that it seeks discovery relating to any "Algorithmic Tool" State Farm has "created," without regard to whether such "Algorithmic Tool" has been *used* in connection with Homeowners Insurance claims or policyholders.

State Farm further objects that the request in RFP No. 6 for "[a]ll" information of the type described is inherently overbroad and unduly burdensome, and potentially seeks the production of

documents that are protected from disclosure by the attorney-client privilege, the work product doctrine and/or other applicable privilege. State Farm further objects to this RFP on the grounds that it seeks confidential, proprietary business information and/or trade secrets of State Farm, which Plaintiffs have not established is necessary to a fair adjudication of this case.

Subject to and without waiving these objections, State Farm already has agreed to produce in response to RFP No. 7 of Plaintiffs' First Set of Requests for Production documents sufficient to describe the operation of any computer-based, automated or rules-based tools that were used in the routing of Plaintiffs' insurance claims that are the subject of this case, and will also produce the documents described in its Response to RFP No. 4, *supra*. State Farm will not search for or produce other Documents potentially responsive to this RFP as written.

       7.     All Documents, Communications, and Information concerning any changes State Farm made to each Algorithmic Tool, including whether and when State Farm reevaluated each Tool and the parameters used in each reevaluation, whether State Farm made any changes as a result of such reevaluations and what changes were made, and the date of each change.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to this Request to the extent it purports to require State Farm to undertake efforts to provide "Information" that exceed the requirements of Federal Rule of Civil Procedure 34. State Farm further objects to this RFP to the extent it is duplicative of RFP No. 7 of Plaintiffs' First Set of Requests for Production, which sought "[a]ll documents concerning each Algorithmic Tool that State Farm uses or has used in connection with Homeowners Insurance claims." State Farm expressly incorporates herein its Response to that RFP. State Farm further objects to this Request to the extent it is duplicative of RFP No. 4, sub-part i, and expressly incorporates herein its Response to RFP No. 4. State Farm further objects that RFP No. 7 is vague, ambiguous and overly broad because it uses the vague, ambiguous and overly

privilege. State Farm further objects to this RFP on the grounds that it seeks confidential, proprietary business information and/or trade secrets of State Farm, which Plaintiffs have not established is necessary to a fair adjudication of this case.

Subject to and without waiving these objections, State Farm will produce the documents described in its Response to RFP No. 4, *supra*. State Farm will not search for or produce other Documents potentially responsive to this RFP as written.

8.      All Documents, Communications, and Information concerning State Farm's creation, use, application, and/or reliance upon tools (including Algorithmic Tools), software, programs, products, applications, instructions, and/or services in connection with the Claims Process and fraud detection, including without limitation after the end of its relationship with Duck Creek.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to this RFP to the extent it is duplicative of RFP Nos. 7, 9, and 15 through 18 of Plaintiffs' First Set of Requests for Production, the Responses to which are expressly incorporated herein. State Farm further objects to this Request to the extent it is duplicative of RFP No. 4 (including its 18 sub-parts) and RFP Nos. 5 through 7 of Plaintiffs' Second Set of Requests for Production, the Responses to which are also expressly incorporated herein. State Farm further objects that RFP No. 8 is vague, ambiguous and overly broad because it uses the vague, ambiguous and overly broad term "Algorithmic Tool." Stare Farm further objects to this RFP on the grounds that that terms "tools … , software, programs, products, applications, instructions, and/or services," as used herein, are vague and ambiguous. State Farm further objects to this RFP on the ground that the discovery sought is premature to the extent it is beyond the scope of the first phase of discovery pursuant to any discovery phasing order entered by the Court in this action.

State Farm also objects to RFP No. 8 on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary

to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case. Prior to class certification, the requirement of Federal Rule of Civil Procedure 26 that discovery be both relevant and proportional means that discovery "should not exceed what is necessary to permit the Court to make an informed decision on class certification." *Miner v. Gov't Payment Serv., Inc.*, No 14-cv-7474, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5, 2017). This RFP is not narrowly tailored to those issues, as it is not limited to computer-based, automated, or rules-based tools that were used in the routing of the insurance claims of Plaintiffs that are the subject of this case. *See* Resp. to RFP No. 1, *supra*. This RFP is also overly broad in scope (types of claims and insurance coverage), geographic area (not limited to Illinois, Indiana, Ohio, Michigan, Wisconsin and Missouri) and time (not limited to a reasonable period of time).

RFP No. 8 is also overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case in that it is not limited to "Algorithmic Tools," but instead seeks broad discovery of "all" documents and information relating to any "tools … , software, programs, products, applications, instructions, and/or services in connection with the Claims Process and fraud detection." Plaintiffs' lawsuit alleges (albeit incorrectly) that State Farm uses "algorithmic decision-making tools" in its Homeowners Insurance claim handling that purportedly have a disparate impact on Black claimants; discovery concerning "tools … , software, programs, products, applications, instructions, and/or services in connection with the Claims Process and fraud detection" that are not "algorithmic decision-making tools" has no relevance to that claim and would be grossly disproportionate to the needs of the case. For example, as written, this RFP could require State Farm to produce "all" documents concerning its use of computers (which the vague term "tool" could encompass); "all" documents

concerning its use of "software" such as Microsoft Word and Microsoft Excel; and "all" documents concerning "services" such as third-party roof inspections, and flooring, shingle or siding matching. State Farm further objects that Plaintiffs' request for documents and information relating to "fraud detection," in particular, is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case because neither of the named Plaintiffs' insurance claims was ever screened or investigated for potential fraud. State Farm further objects that the vast scope and quantity of information as to "Algorithmic Tools" sought by RFP No. 8 is overly broad, unduly burdensome, not relevant to any party's claim or defense, not necessary to permit the Court to make an informed decision on class certification, and not proportional to the needs of the case.

State Farm further objects that the request in RFP No. 8 for "all" Documents, Communications and Information is inherently overly broad and unduly burdensome, and potentially seeks the production of documents protected by the attorney-client privilege, the work product doctrine and/or other applicable privilege. Finally, State Farm objects to this RFP on the ground that it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving these objections, State Farm already has agreed to produce in response to RFP No. 5 of Plaintiffs' First Set of Requests for Production the relevant provisions of the claim handling procedures that may have been used to adjust claims alleged to have arisen from the weather events that occurred on the dates of loss of Plaintiffs' claims that are the subject of this action, including the sections of the Operation Guide applicable to the handling of the subject claims and in effect during the timeframe relevant to the claims; the Standard Claim Processes and Jurisdictional References applicable to the handling of the Plaintiffs' claims that are the subject of this

70

action that were in effect on the dates of loss, and quarterly versions from those dates to the present; and additional materials representative of other resources applicable to the handling of the Plaintiffs' claims that are the subject of this action and available to State Farm claims associates during the timeframe relevant to the claims. State Farm also already has agreed to produce in response to RFP No. 7 of Plaintiffs' First Set of Requests for Production documents sufficient to describe the operation of any computer-based, automated, or rules-based tools that were used in the routing of Plaintiffs' insurance claims that are the subject of this case. State Farm also already has agreed to produce in response to RFP No. 9 of Plaintiffs' First Set of Requests for Production documents sufficient to identify any training received from State Farm by the individuals who were involved in adjusting Plaintiffs' claims that are the subject this case. State Farm also already has agreed to produce in response to RFP No. 17 of Plaintiffs' First Set of Requests for Production copies of any agreements between State Farm and Duck Creek that were in effect at any time between January 1, 2018 and the present. And State Farm will produce the additional documents described in its response to RFP No. 4, *supra*. State Farm will not search for or produce other Documents, Communications or Information potentially responsive to this RFP as written.

9.      All Documents, Communications, and Information concerning State Farm's creation, use, application, and/or reliance upon tools (including Algorithmic Tools), software, programs, products, applications, instructions, and/or services for insurance claims automation, including without limitation those provided by third parties such as Salesforce.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to this RFP on the ground that it is vague, ambiguous and overly broad because it uses the vague, ambiguous and overly broad term "Algorithmic Tool." Stare Farm further objects to this RFP on the grounds that that terms "tools … , software, programs, products, applications, instructions, and/or services" and "claims automation," as used herein, are vague and ambiguous. State Farm further objects to this RFP on

71

the ground that the discovery sought is premature to the extent it is beyond the scope of the first phase of discovery pursuant to any discovery phasing order entered by the Court in this action.

State Farm also objects to RFP No. 9 on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case. Prior to class certification, the requirement of Federal Rule of Civil Procedure 26 that discovery be both relevant and proportional means that discovery "should not exceed what is necessary to permit the Court to make an informed decision on class certification." *Miner v. Gov't Payment Serv., Inc.*, No 14-cv-7474, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5, 2017). This RFP is not narrowly tailored to those issues, as it is not limited to computer-based, automated, or rules-based tools that were used in the routing of the insurance claims of Plaintiffs that are the subject of this case. *See* Resp. to RFP No. 1, *supra*. RFP No. 9 is also overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case in that it is not limited to Homeowners Insurance claims. RFP No. 9 is also overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case in that it is not limited to "Algorithmic Tools," but instead seeks broad discovery of "all" documents and information relating to any "tools … , software, programs, products, applications, instructions, and/or services" for "claims automation."

Plaintiffs' lawsuit alleges (albeit incorrectly) that State Farm uses "algorithmic decision-making tools" in its Homeowners Insurance claim handling that purportedly have a disparate impact on Black claimants; the broader discovery sought by this RFP has no relevance to that claim and

would be disproportionate to the needs of the case. State Farm further objects that the vast scope

and quantity of information as to "Algorithmic Tools" sought by RFP No. 9 is overly broad, unduly

burdensome, not relevant to any party's claim or defense, not necessary to permit the Court to

make an informed decision on class certification, and not proportional to the needs of the case.

State Farm further objects to RFP No. 9 on the grounds that it is overly broad in scope

(types of claims and insurance coverage), geographic area (not limited to Illinois, Indiana, Ohio,

Michigan, Wisconsin and Missouri) and time (not limited to a reasonable period of time). State

Farm further objects that the request in RFP No. 9 for "all" Documents, Communications and

Information is inherently overly broad and unduly burdensome, and potentially seeks the

production of documents protected by the attorney-client privilege, the work product doctrine

and/or other applicable privilege. Finally, State Farm objects to this RFP on the ground that it seeks

confidential, proprietary business information and/or trade secrets. Plaintiffs have not established

that such information is necessary to a fair adjudication of this case. State Farm will not produce

Documents, Communications or Information responsive to this RFP.


10. All Documents, Communications, and Information concerning State Farm's
creation, use, application, and/or reliance upon tools (including Algorithmic Tools),
software, programs, products, applications, instructions, and/or services that
perform text-based queries of claims data, including without limitation those
provided in connection with Technology Analytics for Claims.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are

expressly incorporated herein, State Farm objects to this RFP to the extent it is duplicative of RFP

No. 18 of Plaintiffs' First Set of Requests for Production, the Response to which is expressly

incorporated herein. State Farm further objects that RFP No. 10 is vague, ambiguous and overly

broad because it uses the vague, ambiguous and overly broad term "Algorithmic Tool." Stare Farm

further objects to this RFP on the grounds that that terms "tools … , software, programs, products,

applications, instructions, and/or services," as used herein, are vague and ambiguous. State Farm further objects to this RFP on the ground that the discovery sought is premature to the extent it is beyond the scope of the first phase of discovery pursuant to any discovery phasing order entered by the Court in this action.

State Farm also objects to RFP No. 10 on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case. Prior to class certification, the requirement of Federal Rule of Civil Procedure 26 that discovery be both relevant and proportional means that discovery "should not exceed what is necessary to permit the Court to make an informed decision on class certification." *Miner v. Gov't Payment Serv., Inc.*, No 14-cv-7474, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5, 2017). This RFP is not narrowly tailored to those issues, as it is not limited to computer-based, automated, or rules-based tools that were used in the routing of the insurance claims of Plaintiffs that are the subject of this case. *See* Resp. to RFP No. 1, *supra*. RFP No. 10 is also overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case in that it is not limited to Homeowners Insurance claims. RFP No. 10 is also overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case in that it is not limited to "Algorithmic Tools," but instead seeks broad discovery of "all" documents and information relating to any "tools … , software, programs, products, applications, instructions, and/or services that perform text-based queries of claims data." Plaintiffs' lawsuit alleges (albeit incorrectly) that State Farm uses

"algorithmic decision-making tools" in its Homeowners Insurance claim handling that purportedly have a disparate impact on Black claimants; the broader discovery sought by this RFP has no relevance to that claim and would be disproportionate to the needs of the case.) State Farm further objects that Plaintiffs' request for documents and information relating to TAC is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not necessary to permit the Court to make an informed decision on class certification, and is not proportional to the needs of the case because TAC is used to identify potentially fraudulent claims, and neither of the named Plaintiffs' insurance claims was ever screened or investigated for potential fraud. State Farm further objects that the vast scope and quantity of information as to "Algorithmic Tools" sought by RFP No. 10 is overly broad, unduly burdensome, not relevant to any party's claim or defense, not necessary to permit the Court to make an informed decision on class certification, and not proportional to the needs of the case.

State Farm further objects to RFP No. 10 on the grounds that it is overly broad in scope (types of claims and insurance coverage), geographic area (not limited to Illinois, Indiana, Ohio, Michigan, Wisconsin and Missouri) and time (not limited to a reasonable period of time). State Farm further objects that the request in RFP No. 10 for "all" Documents, Communications and Information is inherently overly broad and unduly burdensome, and potentially seeks the production of documents protected by the attorney-client privilege, the work product doctrine and/or other applicable privilege. Finally, State Farm objects to this RFP on the ground that it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. State Farm will not produce Documents, Communications or Information responsive to this RFP.