# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 22-cv-7014 |
| | Hon. Jeffrey I. Cummings |
| v. | Mag. Judge Jeffrey T. Gilbert |
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Defendant. | |

**STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE**
**TO PLAINTIFFS' "AMENDED FIRST SET OF INTERROGATORIES"**

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 33, responds and objects to Plaintiffs' Second Set of Interrogatories, served on March 27, 2024 and mis-named as Plaintiffs' "Amended First Set of Interrogatories" (the "Interrogatories"), as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      State Farm objects to Plaintiffs' definition of "Algorithmic Tool" on the grounds that it is vague, ambiguous, overly broad, and not proportional to the needs of the case. For example, according to Merriam-Webster the word "algorithm" means "a step-by-step procedure for solving a problem or accomplishing some end." Thus, Plaintiffs' definition of "Algorithmic Tool" could potentially encompass *any* guideline or process for handling insurance claims (Plaintiffs do not limit their definition to computer-based or automated tools). For the purpose of responding to Plaintiffs' Interrogatories, State Farm construes "Algorithmic Tool" to mean a computer-based tool that uses statistical modeling, machine learning, deep learning, natural

language processing, artificial intelligence, or any other data science tools or concepts to predict outcomes or assist with decision-making.

2. State Farm objects to Plaintiffs' definition of "Answer" on the ground that it is vague and ambiguous because it is not clear whether Plaintiffs intend to limit that term to an "answer" that would qualify as a pleading under Federal Rule of Civil Procedure 7(a), or whether they intend some broader meeting, as suggested by their use of the capitalized term "Answer" in several of their Instructions to refer to responses to Interrogatories. *See, e.g.*, Plaintiffs' Instruction Nos. 4, 7, 9, 12 and 13.

3. State Farm objects to Plaintiffs' definition of "Document" on the grounds that it is overly broad and disproportionate to the needs of the case. State Farm further objects to the definition to the extent it implies State Farm has an obligation to provide discovery from sources that are not reasonably accessible. State Farm will not search for or produce documents from sources that are not reasonably accessible. Electronically stored information ("ESI") is frequently duplicated and disbursed in the ordinary course of business and discovery regarding all identical copies of ESI would be cumulative and duplicative any benefit to the adjudication of this action. Fed. R. Civ. P. 26(b)(2). State Farm will not search for and produce all identical copies of responsive ESI or documents.

State Farm also objects to the extent this definition seeks discovery regarding ESI that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as preservation of, and discovery about, such things is not proportional to the needs of the case. State Farm will not search for or produce such ESI. State Farm objects to Plaintiffs' definition as overly broad, not proportional to the needs of the case, and beyond the scope of permissible discovery to the extent Plaintiffs purport to include system information not created by State

Farm's users, such as caches, cookies, or logs, or otherwise seek to require State Farm to record and/or provide discovery regarding records and information that are not ordinarily captured and/or are overwritten in the ordinary course of operating State Farm's computing systems. Fed. R. Civ. P. 26(b)(1). State Farm will not search for or produce such ESI.

State Farm objects to the inclusion of "cop[ies]" and "drafts" in Plaintiffs' definition of "Document" on the grounds that copies and drafts are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative. To the extent that a copy or draft is not a business record stored in a central repository in State Farm's ordinary course of business, discovery regarding "cop[ies]" and/or "drafts" would not be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). State Farm will not search for or produce such documents.

Finally, State Farm objects to the definition of "Document" to the extent it would require the disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, or other privileges recognized by law. State Farm will not produce documents or information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, or other applicable privilege. State Farm will provide a log of responsive documents that are withheld on this basis as set forth in Paragraph 11 of these Objections to Definitions and Instructions.

To the extent any responsive documents or ESI are produced, State Farm will produce reasonably accessible, relevant, non-privileged information in reasonably usable formats. Documents that contain redactions will be produced in static image format.

4.     State Farm restates and incorporates in full by reference its objection to Plaintiffs' definition of "Document" and applies the same to Plaintiffs' definition of "Communication." In addition, State Farm objects to Plaintiffs' definition of "Communication" to the extent Plaintiffs

intend that definition (which is set forth "without limitation") to include instant message, text/SMS messages, or any other type of communication that is not captured and retained by State Farm in the ordinary course of its business, or that is not reasonably accessible to State Farm, on the ground that it would be unduly burdensome to provide such discovery. Fed. R. Civ. P. 26(b)(2).

5.      State Farm objects to Plaintiffs' definition of "Information" on the grounds that it is overly broad and disproportionate to the needs of the case. Particular categories of "Information," as defined by Plaintiffs, may or may not be relevant and proportional with respect to specific requests; a blanket definition that purports to require production of, for example, "*any … information State Farm considers, requests, collects, and/or maintains concerning policyholders of and/or claims arising from or made pursuant to Homeowners Insurance,*" with respect to any request that includes the term "Information," is overly broad, unduly burdensome, likely to seek discovery that is not relevant to any party's claim or defense, and not proportional to the needs of the case. State Farm further objects to the inclusion in Plaintiffs' definition of "personal information concerning policyholders" on the grounds that "personal information" concerning policyholders other than the named Plaintiffs is not relevant to any party's claim or defense, is not proportional to the needs of the case, and would improperly invade the privacy of persons who are not parties to this action. State Farm also objects to the inclusion in Plaintiffs' definition of "any other information State Farm considers, requests, collects, and/or maintains concerning policyholders of and/or claims arising from or made pursuant to Homeowners Insurance" for the same reasons. State Farm further objects to Plaintiffs' definition of "Information" on the grounds that the terms "data fields" and "inputs" are vague and ambiguous, and on the grounds that, to the extent State Farm can understand what Plaintiffs may intend by

those terms, the definition is overly broad, unduly burdensome, and not proportional to the needs of the case as particular "data fields" or "inputs" may or may not be relevant and proportional with respect to specific requests. State Farm further objects on the ground that information regarding specific "data field and inputs" may be proprietary to State Farm's business operations and/or may be confidential and trade secret information that need not be disclosed in order to obtain the fair adjudication of this case.

6.      State Farm objects to Plaintiffs' definition of "relating to," "reflecting," "regarding," or "concerning" to the extent it would require State Farm to construe such terminology beyond its ordinary meaning. State Farm further objects to the extent this definition purports to seek information that bears no relevance to the claims and defenses in this case or that is not proportional to the needs of this litigation. Fed. R. Civ. P. 26(b)(2).

7.      State Farm objects to Plaintiffs' definition of "State Farm" or "Defendant" because as defined, the terms are overbroad and over-inclusive, such that they render any category or request that includes the terms vague, ambiguous, overbroad, and potentially in violation of the attorney-client privilege and/or attorney work product doctrine. In responding to Plaintiffs' Requests, State Farm construes the terms "State Farm" or "Defendant" to mean State Farm Fire and Casualty Company in and of itself as an entity only.

8.      State Farm objects to Plaintiffs' definition of "Vendor" on the grounds that the terms "party," "tools," "products," "services," and "clients" as used therein are vague and ambiguous, and on the grounds that the definition is overbroad to the extent it includes entities or individuals who provide services to "other companies, consumers, and/or clients."

9.      State Farm objects to Plaintiffs' Instruction No. 14 on the grounds that the time period set forth (January 1, 2017 to the entry of judgment) is overly broad and seeks information

that is neither relevant to any party's claim or defense nor proportional the needs of the case, as the claimed homeowners insurance losses of the named Plaintiffs that are the subject of this case occurred in 2021 and 2022, and Plaintiffs have not alleged any purported actionable conduct by State Farm prior to January 1, 2018. To the extent State Farm provides information in response to Plaintiffs' Interrogatories, it will do so for the period from January 1, 2018 to the date of this Response.

10. State Farm objects to each and every one of Plaintiffs' Instruction Nos. 4 through 13 and 15 to the extent they purport to impose obligations on State Farm beyond what is required by Federal Rules of Civil Procedure 26 and 33.

11. In particular, State Farm objects Plaintiffs' Instruction Nos. 7 and 8 insofar as they purport to direct State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P. 26(b)(5). State Farm will withhold privileged and/or protected material or information in accordance with applicable law, and will timely provide a privilege log identifying any such documents or communications that pre-date the filing of Plaintiffs' original complaint herein on December 14, 2022. State Farm objects to any purported requirement that it log privileged or work-product documents created on or after December 14, 2022, or communications that occurred on or after December 14, 2022, on the ground that any such requirement would be unduly burdensome and not proportional to the needs of the case.

12. State Farm also objects to Plaintiffs' Instruction No. 9 insofar as it purports to direct State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P 33(d). If State Farm determines that the answer to an interrogatory may be determined from State Farm's business records as provided in Rule 33(d), and chooses to answer such interrogatory pursuant to Rule 33(d), it will do so by "specifying the records that must be reviewed, in sufficient detail to

enable" Plaintiffs to locate and identify them as readily as State Farm could, and producing copies of such records to Plaintiffs. There is nothing in Rule 33(d) that requires State Farm, if it chooses to answer an interrogatory by "specifying the records that must be reviewed," to identify or produce any documents or information other than the specified records.

13.     State Farm also objects to Plaintiffs' Instruction No. 12 insofar as it purports to direct State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P 33(d). The term "business records" in Rule 33(d) is not defined by reference to the Federal Rules of Evidence, nor is there anything in Rule 33(d) that requires State Farm, if it chooses to answer an interrogatory by reference to business records pursuant to Rule 33(d), to "certify[]" the specified records as "business records" for purposes of the Federal Rules of Evidence.

14.     State Farm also objects to Plaintiffs' Instruction No. 11 insofar as it purports to require State Farm to identify and produce documents that have neither been "specified" by State Farm pursuant to Fed. R. Civ. P. 33(d) nor requested by means of a proper request for production of documents pursuant to Fed. R. Civ. P. 34. Nothing in the Federal Rules of Civil Procedure requires that State Farm "identify" and "produce" every document that contains information requested in an interrogatory or from which information requested in an interrogatory "may be derived or ascertained."

15.     State Farm also objects to Plaintiffs' Instruction No. 13 insofar as it purports to direct State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P. 33 by requiring State Farm to respond to ambiguous interrogatories by speculating as to what Plaintiffs intend.

16.     State Farm also objects to Plaintiffs' Instruction No. 15 on the ground that (1) "failure to provide information" in response to an objectionable interrogatory is not improper and

(2) the Court, not Plaintiffs, will determine the consequences of an improper failure to provide information in response to an interrogatory.

17.     State Farm objects to Plaintiffs' attempt to "amend" interrogatories that they previously served, and to which State Farm already has responded. State Farm is aware of no legal authority that permits such a procedure. Plaintiffs' purported "amendment" of interrogatories that they previously served and to which State Farm already has responded is a transparent attempt by Plaintiffs to avoid the limitation in Federal Rule of Civil Procedure 33(a) on the number of interrogatories that Plaintiffs may serve on State Farm. Plaintiffs cannot unilaterally award themselves additional interrogatories in this manner.  Fed. R. Civ. P. 33(a)(1) ("Unless otherwise *stipulated or ordered by the court*, a party may serve on any other party no more than 25 written interrogatories[.]") (emphasis added); *see, e.g.*, *Savoy v. BMW of N. Am., LLC*, No. 17 C 7225, 2018 WL 11269872, at *3 (N.D. Ill. Nov. 7, 2018) ("The Federal Rules do not permit Plaintiff to continue drafting new interrogatories simply because she unilaterally determined that BMW's original responses were inadequate.").

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 10 (MIS-NUMBERED AS AMENDED INTERROGATORY NO. 5): Identify all proprietary and third-party Algorithmic Tools that State Farm uses and/or has used to sort, screen, label, route, track, estimate, and/or categorize Homeowners Insurance policyholders or claims in any manner that assists or influences: (a) the amount of review, documentation, investigation, and/or evaluation that State Farm conducts on a given claim; or (b) State Farm's identification of claims as 'high touch,' complex, potentially fraudulent, or for direction to the SIU or law enforcement.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects that this Interrogatory is vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tools." State Farm further objects that this Interrogatory is overly broad in scope (because it is not limited to information pertinent to

Homeowners Insurance structural damage claims or the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin).

State Farm further objects to this Interrogatory on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024. Specifically, State Farm objects to this Interrogatory because it is not limited to algorithmic decision-making tools (if any) that are used by State Farm at the outset of a claim to sort potentially fraudulent/complex claims from straightforward claims, which is what State Farm understands to be the scope of Phase I discovery. Dkts. 79 and 81; *see also* First Am. Class Action Compl. ("FAC," Dkt. 23) ¶ 32 (alleging that State Farm "delegates … the *initial assessment* of the homeowners insurance claims it receives" to "algorithmic decision-making tools") (emphasis added) and ¶¶ 40, 48-49 (similar); Tr. of Feb. 22, 2024 Status Hearing at 10:18-22 (Plaintiffs' counsel explaining that "[t]he specific policies" alleged by Plaintiffs are State Farm's purported policy of "[d]elegating *the initial sort of sorting of claims*" to "some sort of machine process") (emphasis added) and 11:6-8 ("[O]ur allegation is that there's a policy (inaudible) indicating some sort of automatic, automated process, *the initial sort of sorting of claims*.") (emphasis added).

State Farm further objects that because this Interrogatory exceeds the scope of Phase I discovery—which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Interrogatory is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

State Farm further objects to this Interrogatory to the extent it is erroneously based on a false assumption that State Farm "categorize[s] Homeowners insurance policyholders" in the manner set forth in the Interrogatory, and/or on the false assumption that State Farm categorizes or identifies claims as "high touch."

<span style="color:red">THE FOLLOWING PART OF THIS RESPONSE IS CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER</span>





INTERROGATORY NO. 11 (MIS-NUMBERED AS "AMENDED INTERROGATORY NO. 6"): Identify and describe how State Farm uses and/or has used each Algorithmic Tool identified in response to Amended Interrogatory No. 5.

RESPONSE: In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects that this Interrogatory is vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tools." State Farm further objects that this Interrogatory is overly broad in scope (because it is not limited to information pertinent to

Homeowners Insurance structural damage claims or the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin).

State Farm further objects to this Interrogatory on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024. Specifically, State Farm objects to this Interrogatory because it is not limited to algorithmic decision-making tools (if any) that are used by State Farm at the outset of a claim to sort potentially fraudulent/complex claims from straightforward claims, which is what State Farm understands to be the scope of Phase I discovery. Dkts. 79 and 81; *see also* First Am. Class Action Compl. ("FAC," Dkt. 23) ¶ 32 (alleging that State Farm "delegates … the *initial assessment* of the homeowners insurance claims it receives" to "algorithmic decision-making tools") (emphasis added) and ¶¶ 40, 48-49 (similar); Tr. of Feb. 22, 2024 Status Hearing at 10:18-22 (Plaintiffs' counsel explaining that "[t]he specific policies" alleged by Plaintiffs are State Farm's purported policy of "[d]elegating *the initial sort of sorting of claims*" to "some sort of machine process") (emphasis added) and 11:6-8 ("[O]ur allegation is that there's a policy (inaudible) indicating some sort of automatic, automated process, *the initial sort of sorting of claims*.") (emphasis added).

State Farm further objects that because this Interrogatory exceeds the scope of Phase I discovery—which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Interrogatory is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

In addition, State Farm objects to this Interrogatory on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024 because it is not limited to the *identification* of what algorithmic decision-making tools (if any) are used by State Farm at the outset of a claim to sort potentially fraudulent/complex claims from straightforward claims, which is what State Farm understands to be the scope of the current, "preliminary focus" of Phase I discovery. Dkts. 79 and 81. Instead, this Interrogatory purports to require State Farm to "describe how State Farm uses and/or has used" each tool identified in State Farm's response to Interrogatory No. 10 (misnumbered as "Amended Interrogatory No. 5"), which contravenes the Court's orders that the "preliminary focus" stage of Phase I discovery will not include a "deep dive into the tools" or broad discovery concerning the "use" of the tools and "the means and methods by which they are used." Dkts. 79, 81. The discovery sought by this Interrogatory is therefore premature, overly broad, unduly burdensome and not proportional to the needs of the case.

State Farm further objects to this Interrogatory as unduly burdensome because the request that State Farm "describe how State Farm uses and/or has used" each tool identified in State Farm's response to Interrogatory No. 10 (misnumbered as "Amended Interrogatory No. 5") is vague and ambiguous, and seeks a narrative response. In addition, State Farm objects to this Interrogatory on the ground that it seeks confidential, proprietary business and/or trade secret information of State Farm, and would violate the privacy or confidentiality rights of the third-party vendors who own certain of the tools identified in State Farm's response to Interrogatory No. 10 (misnumbered as "Amended Interrogatory No. 5"). Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving these objections, please see the attached, Confidential spreadsheet that provides information about the tools identified in State Farm's response to Interrogatory No. 10 (misnumbered as "Amended Interrogatory No. 5").

Dated: April 26, 2024                 Respectfully submitted,

                                       /s/ Sondra A. Hemeryck

                                       Patricia Brown Holmes
                                       Joseph A. Cancila, Jr.
                                       Sondra A. Hemeryck
                                       Sarah E. Finch
                                       Lauren Abendshien
                                       RILEY SAFER HOLMES & CANCILA LLP
                                       70 West Madison Street, Suite 2900
                                       Chicago, Illinois 60602
                                       Telephone:     312.471.8700
                                       Facsimile:      312.471.8701
                                       pholmes@rshc-law.com
                                       jcancila@rshc-law.com
                                       shemeryck@rshc-law.com
                                       sfinch@rshc-law.com
                                       labendshien@rshc-law.com

                                       *Attorneys for Defendant State Farm Fire and Casualty Company*

14

## CERTIFICATE OF SERVICE

I, undersigned counsel, certify that on April 26, 2024 I served a copy of the foregoing document via e-mail to the following:

/s/ *Sarah E. Finch*

David Tracey
Albert Powell
SANFORD HEISLER SHARP, LLP
17 State Street, 37th Floor
New York, NY 10004
Tel: 646-402-5667
apowell@sanfordheisler.com
dtracey@sanfordheisler.com

Alexander Rose
Jamie Crooks
Michael Lieberman
FAIRMARK PARTNERS, LLP
1825 7th St NW, #821
Washington, DC 20001
Tel: 301-458-0564
alexander@fairmarklaw.com
jamie@fairmarklaw.com
michael@fairmarklaw.com

Deborah N. Archer
Jason D. Williamson
CENTER ON RACE, INEQUALITY, AND THE LAW
AT NEW YORK UNIVERSITY SCHOOL OF LAW
139 MacDougal Street
New York, NY 10012
Tel: 212-998-6882
deborah.archer@nyu.edu
jason.williamson@nyu.edu

Joshua Karsh
Mehri & Skalet PLLC
200 K Street, NW, Suite 325
Washington, DC 20006
Tel: 202-822-5100
jkarsh@findjustice.com



*Huskey v. State Farm Fire and Casualty Company*
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER



## <u>VERIFICATION</u>

I, Adrian Smoot, am employed by State Farm as a Claim Section Manager and give this Verification on behalf of State Farm Fire and Casualty Company. I have read State Farm Fire and Casualty Company's Response to Plaintiffs' "Amended First Set of Interrogatories" in *Huskey v. State Farm Fire and Casualty Company*, No. 22-cv-7014 (N.D. Ill.) and state that the factual matters relating to computer-based, automated and/or rules-based tools used by State Farm at any time since January 1, 2018 to assist in the routing of Homeowners Insurance structural damage claims that are set forth after the words "subject to and without waiving these objections" in the response to Interrogatory No. 10 (mis-numbered as Amended Interrogatory No. 5), and the factual information relating to such tools that are set forth in the spreadsheet attached to and referenced in the response to Interrogatory No. 11 (mis-numbered as Amended Interrogatory No. 6), is true and correct to the best of my knowledge, information and belief. The factual information that I am verifying was prepared from information made available from multiple sources, is not based entirely on my personal knowledge, and reflects information thus far discovered in the preparation of the Response.

I state under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 25, 2024.

Adrian L. Smoot

Digitally signed by Adrian L. Smoot
Date: 2024.04.26 08:34:34 -04'00'

Adrian Smoot

## **VERIFICATION**

I, Scott Biddlecome, am employed by State Farm as a Special Investigative Unit Team Manager and give this Verification on behalf of State Farm Fire and Casualty Company. I have read State Farm Fire and Casualty Company's Response to Plaintiffs' "Amended First Set of Interrogatories" in *Huskey v. State Farm Fire and Casualty Company*, No. 22-cv-7014 (N.D. Ill.) and state that the factual matters relating to computer-based, automated and/or rules-based tools used by State Farm at any time since January 1, 2018 to assist claims personnel in identifying potentially fraudulent Homeowners Insurance structural damage claims that are set forth after the words "subject to and without waiving these objections" in the response to Interrogatory No. 10 (mis-numbered as Amended Interrogatory No. 5), and the factual information relating to such tools that is set forth in the spreadsheet attached to and referenced in the response to Interrogatory No. 11 (mis-numbered as Amended Interrogatory No. 6), are true and correct to the best of my knowledge, information and belief. The factual information that I am verifying was prepared from information made available from multiple sources, is not based entirely on my personal knowledge, and reflects information thus far discovered in the preparation of the Response.

I state under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 25, 2024.

Scott Biddlecome

Digitally signed by Scott Biddlecome
Date: 2024.04.25 14:41:07 -05'00'

Scott Biddlecome