# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>  Defendant. | Case No. 22-cv-7014<br><br>Hon. Jeffrey I. Cummings<br><br>Mag. Judge Sunil R. Harjani |

**STATE FARM FIRE AND CASUALTY COMPANY'S
<u>AMENDED RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>**

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 33, responds and objects to Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows:

<u>**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**</u>

1. State Farm objects to Plaintiffs' definition of "Algorithmic Tool" on the grounds that it is vague, ambiguous, overly broad, and not proportional to the needs of the case. For example, according to Merriam-Webster the word "algorithm" means "a step-by-step procedure for solving a problem or accomplishing some end." Thus, Plaintiffs' definition of "Algorithmic Tool" could potentially encompass *any* guideline or process for handling insurance claims (Plaintiffs expressly do not limit their definition to computer-based or automated tools). For the purpose of responding to Plaintiffs' Interrogatories, State Farm construes "Algorithmic Tool" to mean a computer-based tool that uses statistical modeling, machine learning, deep learning, natural

Subject to and without waiving these objections, the first notice of loss intake tool that State Farm used in connection with Plaintiff Huskey's Claim No. 13-22M0-03F and Plaintiff Wynn's Claim No. 13-31G5-74X was State Farm's ▮▮▮▮▮▮▮▮.

INTERROGATORY NO. 8: Identify all tools, programs, applications and/or systems that State Farm uses and/or has used that utilize Claims Data Queries to help detect and identify potentially fraudulent claims.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, which are expressly incorporated herein, State Farm objects to this Interrogatory on the grounds that the terms "tools," "programs," "applications" and "systems," as used herein, are vague and ambiguous. State Farm further objects that this Interrogatory is vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Claims Data Queries." State Farm further objects that this Interrogatory is overly broad in scope (not limited to information pertinent to the specific insurance claims and/or coverages at issue in this litigation), time (not limited to a reasonable period of time), and geographic area (not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin). State Farm further objects to this Interrogatory on the ground that the discovery sought is premature to the extent it is beyond the scope of the first phase of discovery pursuant to any discovery phasing order entered by the Court in this action.

This Interrogatory is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is unduly burdensome; it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Prior to class certification, the requirement of Federal Rule of Civil Procedure 26 that discovery be both relevant and proportional means that discovery "should not exceed what is necessary to permit the Court to

32

make an informed decision on class certification." *Miner v. Gov't Payment Serv., Inc.*, No 14-cv-7474, 2017 WL 3909508, at * 4 (N.D. Ill. Sept. 5, 2017). Plaintiffs allege that State Farm violated Section 3604(b) of the FHA by utilizing "machine-learning algorithms and artificial-intelligence tools"—which Plaintiffs define collectively as "algorithmic decision-making tools"—to "screen out potentially fraudulent or complex ('high-touch') claims from legitimate or straightforward ('low-touch' or 'no-touch') claims," which tools allegedly have a disparate impact on Black policyholders such as Plaintiffs. Dkt. 23, ¶¶ 3-4. Plaintiffs allege that "[a]ll homeowners insurance claims," including the individual insurance claims of Plaintiffs that are at issue in this action, "have been *uniformly subject* to this policy during the Class Period." *Id.* ¶ 5 (emphasis added); *see also id.* ¶ 39. Further, for Plaintiffs to pursue an FHA disparate impact claim, either for themselves or on behalf of a proposed class, they must have been personally injured by the alleged discriminatory practice. Class certification-related discovery in this case should accordingly focus on whether State Farm subjected Plaintiffs' individual homeowners insurance claims to "algorithmic decision-making tools" that "screen out potentially fraudulent or complex ('high-touch') claims from legitimate or straightforward ('low-touch' or 'no-touch') claims."

To enable Plaintiffs to receive discovery concerning that issue, State Farm already has produced its entire claim file (with only minor redactions for privilege) for both Plaintiff Huskey's Claim No. 13-22M0-03F and Plaintiff Wynn's Claim No. 13-31G5-74X, and has agreed to produce any additional, non-privileged material relating to those claims that can be identified through a search of State Farm's e-mail archive for the referenced Claim Nos, as well as documents sufficient to describe the operation of any computer-based, automated, or rules-based tools that were used in the routing of Plaintiff Huskey's Claim No. 13-22M0-03F and Plaintiff Wynn's Claim No. 13-31G5-74X. The information sought by this Interrogatory, however, is not relevant

33

to the threshold question of whether State Farm utilized "algorithmic decision-making tools" as alleged by Plaintiffs in its handling of Plaintiffs' individual insurance claims. State Farm further objects that this Interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case because Plaintiffs' individual insurance claims that are the subject of this action were never screened for potential fraud or identified as potentially fraudulent.

In addition, State Farm objects that the request in this Interrogatory that State Farm "identify" "all" tools, programs, applications and/or systems that State Farm uses and/or has used that utilize Claims Data Queries to help detect and identify potentially fraudulent claims is inherently overbroad and unduly burdensome. State Farm also objects to this Interrogatory to the extent it seeks confidential, proprietary business and/or trade secret information of State Farm, and/or would violate the privacy or confidentiality rights of third-party vendors, contractors or consultants. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Dated: March 18, 2024

Respectfully submitted,

/s/ Sondra A. Hemeryck

Patricia Brown Holmes
Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Sarah E. Finch
Lauren Abendshien
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone:  312.471.8700
Facsimile:  312.471.8701
pholmes@rshc-law.com
jcancila@rshc-law.com
shemeryck@rshc-law.com
sfinch@rshc-law.com

34