# EXHIBIT A
## REDACTED VERSION

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Jacqueline Huskey and Riian Wynn, on behalf of themselves and all others similarly situated,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**State Farm Fire & Casualty Company,**<br><br>*Defendant*. | Case No.: 22-cv-7014<br><br>Hon. Jeffrey I. Cummings<br><br>Magistrate Judge Jeffrey T. Gilbert |

## NOTICE OF RULE 30(b)(6) DEPOSITION
## OF STATE FARM FIRE & CASUALTY COMPANY
## FOR PHASE I OF DISCOVERY

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, by and through their counsel, intend to take the deposition of State Farm Fire & Casualty Company, beginning at 9:30 AM Central Standard Time on July 23, 2024, or at such other time as agreed to by the parties. The deposition will be recorded by stenographic and/or audiovisual means. The deposition will be taken for the purposes of discovery, to perpetuate the testimony of the witness(es) on the issues set forth below and for all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The taking of this deposition may be adjourned from day to day until completed.

**PLEASE TAKE FURTHER NOTICE** that Plaintiffs notice this deposition is solely for Phase I of discovery pursuant to the February 23, 2024 discovery Order of Magistrate Judge Sunil R. Harjani, Dkt. No. 79, and in no way waives Plaintiffs' right to seek further 30(b)(6) testimony on topics not set forth herein.

**PLEASE TAKE FURTHER NOTICE** that the deposition shall not be deemed completed until Defendant has designated and presented persons who are competent to testify as to the

information known or reasonably available to the Defendant regarding all topics and sub-topics designated below.

**PLEASE TAKE FURTHER NOTICE** that State Farm must produce all documents relevant to all topics and sub-topics below in advance of the deposition. The deposition will not be deemed complete and/or will be reopened if State Farm produces relevant documents after the commencement of the deposition.

**PLEASE TAKE FURTHER NOTICE** that the temporal scope for all topics in this notice is from January 1, 2018, through the date of the deposition (the "**Relevant Period**"), unless otherwise specified.

## DEFINITIONS

1. "**Algorithmic Tool**" is a tool that uses algorithms, statistics, data analytics, machine learning, deep learning, natural language processing, artificial intelligence, or any other data science tools or concepts to label data, predict outcomes, or assist with decision-making.

2. "**Answer**" means each and every Answer filed in this matter, including any Amended Answer filed at any time.

3. "**Communication**" means oral or written Communications of any kind, including without limitation, electronic Communications, e-mails, facsimiles, telephone Communications, correspondence, exchanges of written or recorded Information, or face-to-face meetings.

4. "**Complaint**" means each and every Complaint filed in this matter including any Amended Complaint filed at any time.

5. "**Person**" includes, without limitation, any natural Person, corporation, partnership, government entity, and any other form of legal or business entity.

2

6. "**Agreement**" or "**Memorandum**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more Persons, together with all modifications and amendments thereto.

7. "**Document**" or "**Documentation**" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored Information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term. The term includes without limitation writings, drawings, graphs, charts, photographs, sound recordings, images, other data and data compilations, and electronically stored Information.

8. "**Homeowners Insurance**" means an insurance policy designed to cover losses and damages to a dwelling used principally as a private personal residence, and not solely for rental or other commercial purposes. Such properties include single-family detached houses; single-family attached houses; condominiums or cooperatives; mobile or manufactured homes; and any other type of residence or dwelling, including, but not limited to, those that are covered by an HO-01, HO-02, HO-03, HO-05, HO-06, HO-07 or HO-08 Homeowners Insurance policy.

9. "**Claims Process**" refers to State Farm's intake, routing, assignment, investigation, adjustment, processing, and/or handling processes, practices, and/or procedures for claims arising from or made pursuant to Homeowners Insurance.

10. "**Information**" refers to without limitation all data fields and inputs, personal Information concerning policyholders and/or insured properties, and any other Information State Farm considers, requests, collects, and/or maintains concerning policyholders of Homeowners Insurance, and/or claims arising from or made pursuant to Homeowners Insurance.

11. "**Insured Property**" means a property covered by Homeowners Insurance.

12. "**Relevant Period**" means January 1, 2018, through the date of the 30(b)(6) deposition in this matter.

13. "**State Farm**" or "**Defendant**" means Defendant State Farm Fire and Casualty Company and all its employees, contractors, agents, assigns and affiliated companies, including but not limited to all of State Farm's consultants and vendors, and each of their predecessors and successors.

14. The terms "**all**," "**any**," "**each**," and "**every**" shall each be construed as encompassing any and all.

15. The connectives "**and**" and "**or**" are defined and intended to be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The terms "**relating to**," "**reflecting**," "**regarding**," or "**concerning**" include but are not limited to the following meanings: referring to, bearing upon, describing, reflecting, responding to, identifying, constituting, evaluating, embodying, evidencing, evincing, dealing with, pertaining to, having to do with, or being in any way relevant to the given subject. The use of the singular form of any word includes the plural and vice versa.

17. "**Vendor**" refers to a party, entity, and/or individual that offers tools, products, and/or services to State Farm, other companies, consumers, and/or clients.

18. The use of the singular form of any word includes the plural and vice versa, and verb tenses shall always include the past, present, and future tense.

## SUBJECTS OF TESTIMONY

State Farm is hereby directed to designate one or more officers, directors, managing agents, members, or any other person to testify on its behalf, appear at the deposition, and give testimony about the following subject matters as they relate to the Relevant Period:

1. Each proprietary and third-party Algorithmic Tool that in any way assists State Farm in the identification of Homeowners Insurance claims as being or having the potential to be "high

touch," complex, fraudulent, or for direction to the SIU or law enforcement. This topic includes but is not limited to the identification of such Algorithmic Tools, the manner in which such Tools work, and the way in which such Tools assist with or influence the Claims Process.

2. Each proprietary and third-party Algorithmic Tool that has any influence on the amount of review, tracking, routing, labeling, sorting, documentation, investigation, and/or evaluation that State Farm conducts on a given Homeowners Insurance claim. This topic includes but is not limited to the identification of such Algorithmic Tools, the manner in which such Tools work, and the way in which such Tools assist with or influence the Claims Process.

3. Each proprietary and third-party Algorithmic Tool that State Farm uses to sort, screen, label, route, track, estimate, or categorize Homeowners Insurance policyholders or claims in any manner that affects or influences how State Farm processes Homeowners Insurance claims, including the speed with which State Farm processes and/or adjusts such claims; the amount and nature of Documentation or proof State Farm requests in connection with such claims; the number of interactions State Farm has with the claimant; and the likelihood that such claim is identified as "high touch," complex, potentially fraudulent, or is directed to Special Investigation Unit (SIU) or to law enforcement. This topic includes but is not limited to the identification of such Algorithmic Tools, the manner in which such Tools work, and the way in which such Tools assist with or influence the Claims Process.

4. State Farm's policies, practices, and/or procedures for handling Homeowners' Insurance claims, and the manner in which the Algorithmic Tools described in Topics 1-3 *supra* assist with and/or integrate into such policies, practices, and/or procedures.

5. All products or services mentioned, referenced, or described in any patents and/or patent applications filed by State Farm, including but not limited to the following, that in any way function as an Algorithmic Tool described in Topics 1-3 *supra*:

5

- ID# US 10832347 B1, "Methods And Systems For Smart Claim Routing And Smart Claim Assignment," (November 10, 2020)

- ID# US 20150154712 A1, "Systems And Methods For Detecting Potentially Inaccurate Insurance Claims," (June 4, 2015)

- ID# US 10089691 B2, "Systems And Methods For Detecting Potentially Inaccurate Insurance Claims," (October 2, 2018)

- ID# US 11669907 B1, "Methods And Apparatus To Process Insurance Claims Using Cloud Computing," (June 6, 2023)

6. The following products and/or services identified in State Farm's Responses to Plaintiffs' Amended Interrogatories, served on April 26, 2024, including but not limited to the manner in which such products/services work and the way in which such products/services assist with or influence the Claims Process:

- ███████████████████
- ████████████████████████████
- █████████████████
- ████████████████████
- ███████████████
- █████████████████████████████
- ██████████████████████████████████████
- ███████████████████████████████████████
- ██████████████████████████
- ████████████████████████████
- ███████████████████████████████
- ███
- █████████████
- █████████████████████████

6

- ███████████████████████████

7. The "Salesforce platform" that State Farm used in connection with any Algorithmic Tool described in Topics 1-3 *supra*, including but not limited to ███████ This Topic includes but is not limited to all facts known about the Salesforce platform, any agreements between State Farm and Salesforce relating to the platform, and all Algorithmic Tools State Farm built, developed, deployed, and used in connection with the platform.

8. The nature of the services and Algorithmic Tools described in Topics 1-3 *supra* that third parties provide to State Farm, including all contracts, agreements, or understandings concerning such Algorithmic Tools; the manner in which such Algorithmic Tools work; and the manner in which State Farm uses such Algorithmic Tools in connection with the Claims Process. Such Third Parties shall include, but not be limited to:

- Verisk Analytics, Inc. (including but not limited to the following Verisk products/services: Insurance Service Office (ISO), Xactware, ISO ClaimSearch, ClaimXperience, XactAnalysis, Xactimate)

- Salesforce, Inc. (including but not limited to Algorithmic Tools built on and/or connected to Salesforce platforms such as the Financial Services Cloud and Service Cloud)

- Duck Creek Technologies, Inc. (including but not limited to Duck Creek's Loss Intake Tool)

- Crawford & Company (including but not limited to Crowford & Company's Trulook product/service)

- Eberl Claims Service LLC

- E.A. Renfroe & Co. (including but not limited to the ClaimSentinel Program)

- Symbility Solutions, Inc.

- Alacrity Solutions Group, LLC

9. State Farm's Responses to Plaintiffs' Third Set of Requests for Production and Amended Interrogatories, both served on April 26, 2024.

7

10. All paragraphs of State Farm's Answer responding to any of Plaintiffs' allegations concerning Algorithmic Tools, including but not limited to paragraphs 4-6, 24, 25, 30-42, 45-49, 54-55, 57, 60, and 62.

Dated: May 14, 2024

Respectfully submitted,

/s/ David Tracey
David Tracey (*pro hac vice*)
Albert Powell (*pro hac vice*)
Sharon Kim (*pro hac vice*)
SANFORD HEISLER SHARP, LLP
17 State Street, 37th Floor
New York, NY 10004
Tel: 646-402-5667
apowell@sanfordheisler.com
dtracey@sanfordheisler.com
sharonkim@sanfordheisler.com

Alexander Rose (*pro hac vice*)
Jamie Crooks (*pro hac vice*)
Michael Lieberman (*pro hac vice*)
FAIRMARK PARTNERS, LLP
1001 G Street, NW, Ste. 400E
Washington, DC 20001
Tel: 301-458-0564
alexander@fairmarklaw.com
jamie@fairmarklaw.com
michael@fairmarklaw.com

Deborah N. Archer (*pro hac vice*)
Jason D. Williamson (*pro hac vice*)
CENTER ON RACE, INEQUALITY, AND THE LAW
AT NEW YORK UNIVERSITY SCHOOL OF LAW
139 MacDougal Street
New York, NY 10012
Tel: 212-998-6882
deborah.archer@nyu.edu
jason.williamson@nyu.edu

Joshua Karsh
Mehri & Skalet PLLC
200 K Street, NW, Suite 325
Washington, DC 20006

Tel: 202-822-5100
jkarsh@findjustice.com

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 14, 2024, Plaintiffs' <u>Notice of Rule 30(b)(6) Deposition of State Farm Fire & Casualty Company for Phase I of Discovery</u> was served on the following counsel of record via electronic mail with Defendant's consent, in accordance with the Federal Rules of Civil Procedure:

>Patricia Brown Holmes
>Joseph A. Cancila, Jr.
>Sondra A. Hemeryck
>Sarah E. Finch
>Lauren Abendshien
>RILEY SAFER HOLMES & CANCILA LLP
>70 W Madison St., Suite 2900
>Chicago, IL 60602
>Tel: 312-471-8700
>pholmes@rshc-law.com
>jcancila@rshc-law.com
>shemeryck@rshc-law.com
>sfinch@rshc-law.com
>labendshien@rshc-law.com

>/s/ David Tracey
>David Tracey

10