# EXHIBIT B

## REDACTED VERSION

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated, | Case No. 22-cv-7014 |
| Plaintiffs, | Hon. Jeffrey I. Cummings |
| v. | Mag. Judge Jeffrey T. Gilbert |
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Defendant. | |

## STATE FARM FIRE AND CASUALTY COMPANY'S
## RESPONSE TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its counsel, responds and objects to Plaintiffs' Notice of Rule 30(b)(6) Deposition of State Farm Fire & Casualty Company for Phase I of Discovery ("Notice") as follows:

## INITIAL OBJECTIONS

1.　　State Farm objects that the Notice fails to comply with Federal Rule of Civil Procedure 30(b)(3)(A) because the statement that the deposition "will be recorded by stenographic *and/or* audiovisual means" does not sufficiently specify the method by which the testimony will be recorded.

2.　　State Farm objects to the statement in the Notice that "the deposition shall not be deemed completed until Defendant has designated and presented persons who are competent to testify as to the information known or reasonably available to the Defendant regarding all topics and sub-topics designated below" both because many of the topics and sub-topics in the Notice are objectionable for the reasons set forth herein, and because nothing in the applicable Rules or

caselaw confers on Plaintiffs the right to determine when the deposition "shall . . . be deemed completed." The deposition will be completed when Plaintiffs have completed their questioning of the witness (or witnesses), or when the time allowed for such questioning under the Federal Rules of Civil Procedure has expired, whichever occurs first.

3.      State Farm objects to the statement in the Notice that "State Farm must produce all documents relevant to all topics and sub-topics in advance of the deposition." Rule 30 imposes no such requirement, and while Rule 30(b)(2) provides that "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition," Plaintiffs have included no such request with their Notice. State Farm further objects to the referenced statement in the Notice on the grounds that many of the topics and sub-topics in the Notice are objectionable for the reasons set forth herein, and that nothing in the applicable Rules or caselaw confers on Plaintiffs the right to determine when the deposition "will . . . be deemed complete" or unilaterally to reopen a completed deposition.

4.      State Farm objects to the Notice to the extent it purports to require disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, including regarding State Farm's preservation and collection efforts. *See Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007); *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000); *Major Tours, Inc. v. Colorel*, Civil No. 05-3091, 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009). Corporate representatives will be instructed not to answer questions demanding disclosure of such protected information.

**OBJECTIONS TO DEFINITIONS**

1.      State Farm objects to Plaintiffs' definition of "Algorithmic Tool" on the grounds that it is vague, ambiguous, overly broad, and not proportional to the needs of the case. For example, according to Merriam-Webster the word "algorithm" means "a step-by-step procedure for solving a problem or accomplishing some end." Thus, Plaintiffs' definition of "Algorithmic Tool" could potentially encompass *any* guideline or process for handling insurance claims (Plaintiffs do not limit their definition to computer-based or automated tools). For the purpose of responding to the Notice, State Farm construes "Algorithmic Tool" to mean a computer-based tool that uses statistical modeling, machine learning, deep learning, natural language processing, artificial intelligence, or other data science tools or concepts to predict outcomes or assist with decision-making.

2.      State Farm objects to Plaintiffs' definition of "Document" or "Documentation" on the ground that the inclusion of the definition in the Notice is inappropriate and unnecessary as the Notice does not, and could not, require State Farm to produce any documents, however the term is defined. State Farm further notes that the term "Document" does not appear in any of the designated topics in the Notice, and the word "Documentation" appears only in Topic Nos. 2 and 3, in a context in which Plaintiffs' definition does not fit. Nevertheless, for the sake of completeness, State Farm objects to Plaintiffs' definition on the grounds that it is overly broad and disproportionate to the needs of the case. State Farm further objects that further objects to the definition to the extent it implies State Farm has an obligation to provide discovery from sources that are not reasonably accessible. Electronically stored information ("ESI") is frequently duplicated and disbursed in the ordinary course of business and discovery regarding all identical

copies of ESI would be cumulative and duplicative any benefit to the adjudication of this action. Fed. R. Civ. P. 26(b)(2).

State Farm also objects to the extent this definition seeks discovery regarding ESI that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as preservation of, and discovery about, such things is not proportional to the needs of the case. State Farm will not search for or produce such ESI. State Farm objects to Plaintiffs' definition as overly broad, not proportional to the needs of the case, and beyond the scope of permissible discovery to the extent Plaintiffs purport to include system information not created by State Farm's users, such as caches, cookies, or logs, or otherwise seek to require State Farm to record and/or provide discovery regarding records and information that are not ordinarily captured and/or are overwritten in the ordinary course of operating State Farm's computing systems. Fed. R. Civ. P. 26(b)(1).

State Farm objects to the inclusion of "cop[ies]" and "drafts" in Plaintiffs' definition of "Document" or "Documentation" on the grounds that copies and drafts are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative. To the extent that a copy or draft is not a business record stored in a central repository in State Farm's ordinary course of business, discovery regarding "cop[ies]" and/or "drafts" would not be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Finally, State Farm objects to the definition of "Document" or "Documentation" to the extent it would require the disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, or other privileges recognized by law. State Farm will not produce documents or information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, or other applicable privilege.

3.     State Farm objects to Plaintiffs' definition of "Communication" on the ground that the inclusion of the definition in the Notice is inappropriate and unnecessary as the Notice does not use the term "Communication" except in the definition itself. In addition, State Farm restates and incorporates in full by reference its objection to Plaintiffs' definition of "Document" and applies the same to Plaintiffs' definition of "Communication." State Farm further objects to Plaintiffs' definition of "Communication" to the extent Plaintiffs intend that definition (which is set forth "without limitation") to include instant message, text/SMS messages, or any other type of communication that is not captured and retained by State Farm in the ordinary course of its business, or that is not reasonably accessible to State Farm, on the ground that it would be unduly burdensome to provide such discovery. Fed. R. Civ. P. 26(b)(2).

4.     State Farm objects to Plaintiffs' definition of "Information" on the ground that the inclusion of the definition in the Notice is inappropriate and unnecessary as the term "Information" does not appear in any of the designated topics in the Notice. In addition, State Farm objects to the definition of "Information" on the grounds that it is overly broad and disproportionate to the needs of the case. Particular categories of "Information," as defined by Plaintiffs, may or may not be relevant and proportional with respect to specific topics or requests; a blanket definition that purports to require production of, for example, "*any* … information State Farm considers, requests, collects, and/or maintains concerning policyholders of and/or claims arising from or made pursuant to Homeowners Insurance," with respect to any request that includes the term "Information," is overly broad, unduly burdensome, likely to seek discovery that is not relevant to any party's claim or defense, and not proportional to the needs of the case. State Farm further objects to the inclusion in Plaintiffs' definition of "personal information concerning policyholders" on the grounds that "personal information" concerning policyholders other than the named Plaintiffs is not relevant to

5

any party's claim or defense, is not proportional to the needs of the case, and would improperly invade the privacy of persons who are not parties to this action. State Farm also objects to the inclusion in Plaintiffs' definition of "any other information State Farm considers, requests, collects, and/or maintains concerning policyholders of and/or claims arising from or made pursuant to Homeowners Insurance" for the same reasons. State Farm further objects to Plaintiffs' definition of "Information" on the grounds that the terms "data fields" and "inputs" are vague and ambiguous, and on the grounds that, to the extent State Farm can understand what Plaintiffs may intend by those terms, the definition is overly broad, unduly burdensome, and not proportional to the needs of the case as particular "data fields" or "inputs" may or may not be relevant and proportional with respect to specific requests. State Farm further objects on the ground that information regarding specific "data field and inputs" may be proprietary to State Farm's business operations and/or may be confidential and trade secret information that need not be disclosed in order to obtain the fair adjudication of this case.

5.      State Farm objects to Plaintiffs' definition of "relating to," "reflecting," "regarding," or "concerning" to the extent it would require State Farm to construe such terminology beyond its ordinary meaning. State Farm further objects to the extent this definition purports to seek information that bears no relevance to the claims and defenses in this case, that is not proportional to the needs of this litigation, or that exceeds the scope of the preliminary focus of Phase I discovery as defined by the Court's February 23, 2024 order. Fed. R. Civ. P. 26(b)(2); Dkt. 79.

6.      State Farm objects to Plaintiffs' definition of "State Farm" or "Defendant" because as defined, the terms are overbroad and over-inclusive, such that they render any category or request that includes the terms vague, ambiguous, overbroad, and potentially in violation of the

attorney-client privilege and/or attorney work product doctrine. In responding to the Notice, State Farm construes the terms "State Farm" or "Defendant" to mean State Farm Fire and Casualty Company in and of itself as an entity only.

7. State Farm objects to Plaintiffs' definition of "Vendor" on the grounds that the terms "party," "tools," "products," "services," and "clients" as used therein are vague and ambiguous, and on the grounds that the definition is overbroad to the extent it includes entities or individuals who provide services to "other companies, consumers, and/or clients."

8. State Farm objects to Plaintiffs' definition of "Agreement" or "Memorandum" on the ground that the terms "arrangement," "understanding," and "formal or informal," as used therein, are vague and ambiguous.

**OBJECTIONS AND RESPONSES TO SPECIFIC TOPICS**

Topic 1: Each proprietary and third-party Algorithmic Tool that in any way assists State Farm in the identification of Homeowners Insurance claims as being or having the potential to be "high touch," complex, fraudulent, or for direction to the SIU or law enforcement. This topic includes but is not limited to the identification of such Algorithmic Tools, the manner in which such Tools work, and the way in which such Tools assist with or influence the Claims Process.

**RESPONSE:** In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm objects to this Topic as vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tool." State Farm also objects that the phrases "for direction to the SIU or law enforcement" and "the way in which such Tools assist with or influence the Claims Process" are vague and ambiguous, and render the Topic overly broad and unduly burdensome. State Farm further objects that this Topic is overly broad in scope (because it is not limited to Homeowners Insurance structural damage claims or information pertinent to the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a

reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin). State Farm further objects to this Topic on the ground that it does not "describe with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), because it expressly "includes *but is not limited to*" the matters set forth in the Topic.

In addition, State Farm objects to this Topic on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024 to the extent it goes beyond the identification of algorithmic decision-making tools that are used by State Farm to "sort potentially fraudulent/complex claims from straightforward claims." Dkts. 79 and 81. Discovery that goes beyond the scope of what is permitted by the Court's orders is by definition premature, overly broad, unduly burdensome and not proportional to the needs of the case. State Farm further objects that to the extent this Topic exceeds the scope of Phase I discovery—which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Finally, State Farm objects to this Topic to the extent it is erroneously based on the false assumption that State Farm categorizes or identifies claims as "high touch."

Subject to and without waiving these objections, State Farm will present at a mutually agreeable date and time one or more corporate representatives to testify regarding the products and/or services identified in State Farm's April 26, 2024 Responses to Plaintiffs' "Amended First Set of Interrogatories," including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin.

Topic 2: Each proprietary and third-party Algorithmic Tool that has any influence on the amount of review, tracking, routing, labeling, sorting, documentation, investigation, and/or evaluation that State Farm conducts on a given Homeowners Insurance claim. This topic includes but is not limited to the identification of such Algorithmic Tools, the manner in which such Tools work, and the way in which such Tools assist with or influence the Claims Process.

**RESPONSE:** In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm objects to this Topic as vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tool." State Farm further objects that the terms "any influence" and "the amount of review, tracking, routing, labeling, documentation, investigation and/or evaluation" are vague and ambiguous, and render the Topic overly broad and unduly burdensome. State Farm further objects that the reference in this Topic to "the amount of … tracking, routing, [and/or] labeling … that State Farm conducts on a given Homeowners Insurance claim" is nonsensical. State Farm further objects that this Topic is overly broad in scope (because it is not limited to information pertinent to Homeowners Insurance structural damage claims or to the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin). State Farm further objects to this Topic on the ground that it does not "describe with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), because it expressly "includes *but is not limited to*" the matters set forth in the Topic.

In addition, State Farm objects to this Topic on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024 to the extent it goes beyond the identification of algorithmic decision-making tools that are used by State Farm to "sort potentially fraudulent/complex claims from straightforward claims."

9

Dkts. 79 and 81. Discovery that goes beyond the scope of what is permitted by the Court's orders is by definition premature, overly broad, unduly burdensome and not proportional to the needs of the case. State Farm further objects that to the extent this Topic exceeds the scope of Phase I discovery—which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving these objections, State Farm will present at a mutually agreeable date and time one or more corporate representatives to testify regarding the products and/or services identified in State Farm's April 26, 2024 Responses to Plaintiffs' "Amended First Set of Interrogatories," including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin.

> Topic 3: Each proprietary and third-party Algorithmic Tool that State Farm uses to sort, screen, label, route, track, estimate, or categorize Homeowners Insurance policyholders or claims in any manner that affects or influences how State Farm processes Homeowners Insurance claims, including the speed with which State Farm processes and/or adjusts such claims; the amount and nature of Documentation or proof State Farm requests in connection with such claims; the number of interactions State Farm has with the claimant; and the likelihood that such claim is identified as "high touch," complex, potentially fraudulent, or is directed to Special Investigation Unit (SIU) or to law enforcement. This topic includes but is not limited to the identification of such Algorithmic Tools, the manner in which such Tools work, and the way in which such Tools assist with or influence the Claims Process.

**RESPONSE:** In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm to this Topic as vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tool." State Farm further objects that the terms "sort, screen,

label, route, track, estimate, or categorize," as used in this Topic, the phrase "in any manner that affects or influences how State Farm processes Homeowners Insurance claims," and the phrase "directed to Special Investigation Unit (SIU) or law enforcement," are vague and ambiguous, and render the Topic overly broad and unduly burdensome. State Farm further objects that this Topic is overly broad in scope (because it is not limited to information pertinent to Homeowners Insurance structural damage claims or the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin). State Farm further objects to this Topic on the ground that it does not "describe with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), because it expressly "includes *but is not limited to*" the matters set forth in the Topic.

In addition, State Farm objects to this Topic on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024 because it goes beyond the identification of algorithmic decision-making tools that are used by State Farm to "sort potentially fraudulent/complex claims from straightforward claims." Dkts. 79 and 81. Discovery that goes beyond the scope of what is permitted by the Court's orders is by definition premature, overly broad, unduly burdensome and not proportional to the needs of the case. State Farm further objects that to the extent this Topic exceeds the scope of Phase I discovery—which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Finally, State Farm further objects to this Topic to the extent it is erroneously based on a false assumption that State Farm "categorize[s] Homeowners insurance policyholders" in the manner set forth in the Topic, and on the false assumption that State Farm categorizes or identifies claims as "high touch."

Subject to and without waiving these objections, State Farm will present at a mutually agreeable date and time one or more corporate representatives to testify regarding the products and/or services identified in State Farm's April 26, 2024 Responses to Plaintiffs' "Amended First Set of Interrogatories," including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin.

Topic 4: State Farm's policies, practices, and/or procedures for handling Homeowners' Insurance claims, and the manner in which the Algorithmic Tools described in Topics 1-3 supra assist with and/or integrate into such policies, practices, and/or procedures.

**RESPONSE:** In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm objects that this Topic—which purports to require State Farm to present a corporate representative to testify, without limitation, as to any and all of State Farm's "policies, practices, and/or procedures for handling Homeowners' Insurance claims"—is facially over broad and unduly burdensome, and seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. This Topic would require State Farm to prepare and present a witness to testify about all of State Farm's "policies, practices, and/or procedures" (a phrase that is itself vague and ambiguous) for handling each of the many different types of claims that may be within the scope of Homeowners Insurance. That would include, to name just a few, damage from earthquakes, toilet overflows, fire, hail, wind, vandalism, and lightning strike. State Farm's "policies, practices, and/or procedures" for handling such claims

would include, by way of example, how claims are assigned; the requirements for a quality first contact by the assigned claim specialist to the insured; determining whether there is a need for an inspection of the damage and, if so, how to conduct the inspection; identifying circumstances where the services of an outside engineer or other expert may be required; determining coverage; and the preparation of a repair estimate. Little (if any) of that information would be relevant to Plaintiffs' claim in this case: that State Farm has a "policy of delegating the initial claims processing review to its algorithmic decision-making tools," and that "[t]his [alleged] policy has resulted in systemic and continuing racial discrimination in the processing of homeowners insurance claims in every year since 2018." First Am. Compl. ¶¶ 48-49, 57; *see also id.* ¶ 40 ("State Farm's policy of delegating the initial assessment of claims to its algorithmic decision-making tools is the only plausible cause of the disparate impact experienced by Black policyholders."). And requiring State Farm to present a corporate representative (or representatives) to testify about this vast Topic would be grossly disproportionate to the needs of the case. In addition, because of its overbreadth, this Topic fails to "describe with reasonable particularity the matters for examination," as required by Rule 30(b)(6).

State Farm further objects to this Topic as vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tool," and because the descriptions of "Algorithmic Tools … in Topics 1-3" are vague, ambiguous, overly broad and unduly burdensome for the reasons set forth in State Farm's responses and objections to Topics 1 through 3. State Farm further objects to this Topic on the ground that the phrase "assist with and/or integrate into such policies, practices, and/or procedures" is vague and ambiguous, and further renders the Topic overly broad and unduly burdensome.

13

State Farm further objects that this Topic is overly broad in scope (because it is not limited to information pertinent to Homeowners Insurance structural damage claims or the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin).

In addition, State Farm objects to this Topic on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024 because it goes beyond the identification of algorithmic decision-making tools that are used by State Farm to "sort potentially fraudulent/complex claims from straightforward claims." Dkts. 79 and 81. Discovery that goes beyond the scope of what is permitted by the Court's orders is by definition premature, overly broad, unduly burdensome and not proportional to the needs of the case. State Farm further objects that to the extent this Topic exceeds the scope of Phase I discovery— which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving these objections, State Farm will present at a mutually agreeable date and time one or more corporate representatives to testify regarding the products and/or services identified in State Farm's April 26, 2024 Responses to Plaintiffs' "Amended First Set of Interrogatories," including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin.

Topic 5: All products or services mentioned, referenced, or described in any patents and/or patent applications filed by State Farm, including but not limited to the following, that in any way function as an Algorithmic Tool described in Topics 1-3 supra:

- ID# US 10832347 B1, "Methods And Systems For Smart Claim Routing And Smart Claim Assignment," (November 10, 2020)

- ID# US 20150154712 A1, "Systems And Methods For Detecting Potentially Inaccurate Insurance Claims," (June 4, 2015)

- ID# US 10089691 B2, "Systems And Methods For Detecting Potentially Inaccurate Insurance Claims," (October 2, 2018)

- ID# US 11669907 B1, "Methods And Apparatus To Process Insurance Claims Using Cloud Computing," (June 6, 2023)

**RESPONSE:** In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm objects to this Topic as vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tool." State Farm further objects to this Topic on the grounds that "products or services mentioned, referenced, or described," as used herein, and the phrase "function as an Algorithmic Tool described in Topics 1-3," are vague and ambiguous and render the Topic overly broad and unduly burdensome. State Farm further objects that the reference in this Topic to "*any* patents and/or patent applications filed by State Farm" is overly broad and unduly burdensome, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, and that the "descriptions of "Algorithmic Tools … in Topics 1-3" are vague, ambiguous, overly broad and unduly burdensome for the reasons set forth in State Farm's responses and objections to Topics 1 through 3.

State Farm further objects that this Topic is overly broad in scope (because it is not limited to information pertinent to Homeowners Insurance structural damage claims or the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan,

15

Missouri, Ohio and Wisconsin). In addition, State Farm objects to this Topic on the ground that it does not "describe with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), because it is expressly "*not limited to*" the matters identified in the Topic.

In addition, State Farm objects to this Topic on the ground that, to the extent State Farm is able to understand the Topic, the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024 because it goes beyond the identification of algorithmic decision-making tools that are used by State Farm to "sort potentially fraudulent/complex claims from straightforward claims." Dkts. 79 and 81. Discovery that goes beyond the scope of what is permitted by the Court's orders is by definition premature, overly broad, unduly burdensome and not proportional to the needs of the case. State Farm further objects that to the extent this Topic exceeds the scope of Phase I discovery—which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving these objections, State Farm will present at a mutually agreeable date and time one or more corporate representatives to testify regarding the products and/or services identified in State Farm's April 26, 2024 Responses to Plaintiffs' "Amended First Set of Interrogatories," including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin.

Topic 6: The following products and/or services identified in State Farm's Responses to Plaintiffs' Amended Interrogatories, served on April 26, 2024, including but not limited to

the manner in which such products/services work and the way in which such products/services assist with or influence the Claims Process:



**RESPONSE:** In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm objects that the phrase "assist with or influence the Claims Process" is vague and ambiguous. State Farm further objects that this Topic is overly broad in scope (because it is not limited to information pertinent to Homeowners Insurance structural damage claims or the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin). In addition, State Farm objects to this

17

Topic on the ground that it does not "describe with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), because it is expressly "*not limited to*" the matters set forth in the Topic. Finally, State Farm notes that ██████████████████████████████████████ ████████████████████████████████████ are a single tool, not two different tools.

Subject to and without waiving these objections, State Farm will present at a mutually agreeable date and time one or more corporate representatives to testify regarding the products and/or services identified in State Farm's April 26, 2024 Responses to Plaintiffs' "Amended First Set of Interrogatories," including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin.

Topic 7: The "Salesforce platform" that State Farm used in connection with any Algorithmic Tool described in Topics 1-3 supra, including but not limited to HAART. This Topic includes but is not limited to all facts known about the Salesforce platform, any agreements between State Farm and Salesforce relating to the platform, and all Algorithmic Tools State Farm built, developed, deployed, and used in connection with the platform.

**RESPONSE:** In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm objects that this Topic is overly broad and unduly burdensome, and seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. State Farm assumes that Plaintiffs intend the term "Salesforce platform" to mean the Salesforce platform on which State Farm's ████████████████ ███████████████████ was built, as referenced in State Farm's Response to Plaintiffs' Third Set of Requests for Production, Responses to RFP Nos. 12, 14 and 15. ████████ is not a product or service offered by Salesforce, and State Farm has not used any Salesforce products or services to sort potentially fraudulent/complex claims from straightforward claims. The information sought by this Topic is thus neither relevant nor proportional. The Topic is also overly broad, unduly

18

burdensome, and not proportional in that it purports to require State Farm to present a corporate representative (or representatives) to testify as to "*all facts known* about the Salesforce platform, *any agreements* between State Farm and Salesforce relating to the platform, and *all Algorithmic Tools* State Farm built, developed, deployed, and used in connection with the platform."

State Farm further objects that this Topic is vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tool," and that the "descriptions of "Algorithmic Tools … in Topics 1-3" are vague, ambiguous, overly broad and unduly burdensome for the reasons set forth in State Farm's responses and objections to Topics 1 through 3. State Farm further objects that this Topic is overly broad in scope (because it is not limited to information pertinent to Homeowners Insurance structural damage claims or to the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin). In addition, State Farm objects to this Topic on the ground that it does not "describe with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), because it is expressly "*not limited to*" the matters set forth in the Topic.

In addition, State Farm objects to this Topic on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024 because it goes beyond the identification of algorithmic decision-making tools that are used by State Farm to "sort potentially fraudulent/complex claims from straightforward claims." Dkts. 79 and 81. Discovery that goes beyond the scope of what is permitted by the Court's orders is by definition premature, overly broad, unduly burdensome and not proportional to the needs of the case. State Farm further objects that to the extent this Topic exceeds the scope of Phase I discovery—

which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. State Farm will not present a witness to testify on this Topic.

> Topic 8: The nature of the services and Algorithmic Tools described in Topics 1-3 *supra* that third parties provide to State Farm, including all contracts, agreements, or understandings concerning such Algorithmic Tools; the manner in which such Algorithmic Tools work; and the manner in which State Farm uses such Algorithmic Tools in connection with the Claims Process. Such Third Parties shall include, but not be limited to:
>
> - Verisk Analytics, Inc. (including but not limited to the following Verisk products/services: Insurance Service Office (ISO), Xactware, ISO ClaimSearch, ClaimXperience, XactAnalysis, Xactimate)
>
> - Salesforce, Inc. (including but not limited to Algorithmic Tools built on and/or connected to Salesforce platforms such as the Financial Services Cloud and Service Cloud)
>
> - Duck Creek Technologies, Inc. (including but not limited to Duck Creek's Loss Intake Tool)
>
> - Crawford & Company (including but not limited to Crawford & Company's Trulook product/service)
>
> - Eberl Claims Service LLC
>
> - E.A. Renfroe & Co. (including but not limited to the ClaimSentinel Program)
>
> - Symbility Solutions, Inc.
>
> - Alacrity Solutions Group, LLC

**RESPONSE:** In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm objects that this Topic is overly broad and unduly burdensome, and seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. To the extent State Farm uses or has used during the period

since January 1, 2018, a product or service provided by a third party to sort potentially fraudulent/complex Homeowners Insurance claims from straightforward Homeowners Insurance claims, State Farm identified those product or services, and the third party that provides or provided them, in its Response to Plaintiffs' "Amended First Set of Interrogatories." State Farm has agreed to present at a mutually agreeable date and time one or more corporate representatives to testify regarding the products and/or services identified in that Response, including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin. The request by this Topic for testimony regarding *other* products or services that the third parties listed in the Topic may provide to State Farm is overly broad, unduly burdensome, and seeks information that is neither relevant to any party's claim or defense or proportional to the needs of the case.

State Farm further objects that this Topic is vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tool," and that the "descriptions of "Algorithmic Tools … in Topics 1-3" are vague, ambiguous, overly broad and unduly burdensome for the reasons set forth in State Farm's responses and objections to Topics 1 through 3. State Farm further objects that this Topic is overly broad in scope (because it is not limited to information pertinent to Homeowners Insurance structural damage claims or to the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin). In addition, State Farm objects to this Topic on the ground that it does not "describe with reasonable

21

particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), because it is expressly *not limited* to the matters set forth in the Topic.

In addition, State Farm objects to this Topic on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024 because it goes beyond the identification of algorithmic decision-making tools that are used by State Farm to "sort potentially fraudulent/complex claims from straightforward claims." Dkts. 79 and 81. Discovery that goes beyond the scope of what is permitted by the Court's orders is by definition premature, overly broad, unduly burdensome and not proportional to the needs of the case. State Farm further objects that to the extent this Topic exceeds the scope of Phase I discovery— which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving these objections, State Farm will present at a mutually agreeable date and time one or more corporate representatives to testify regarding the products and/or services identified in State Farm's April 26, 2024 Responses to Plaintiffs' "Amended First Set of Interrogatories," including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin.

Topic 9: State Farm's Responses to Plaintiffs' Third Set of Requests for Production and Amended Interrogatories, both served on April 26, 2024.

**RESPONSE:** In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm objects to this Topic on the ground that it appears to

be an improper attempt to obtain "discovery on discovery," without any basis for seeking such information. *See, e.g.*, *Gross v. Chapman*, No. 19 C 2743, 2020 WL 4336062, at *2 (N.D. Ill. July 28, 2020) ("'[T]here should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia . . . of a material failure by the responding party to meet its obligations.'" (quoting The Sedona Conference, The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Product, 19 Sedona Conf. J. 1 (2018))). As such, the Topic seeks information that is not relevant to any party's claim or defense, and is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these objections, to the extent that Plaintiffs do not intend this Topic to seek discovery on discovery, but rather to seek testimony regarding the facts set forth in State Farm's Response to Plaintiffs' "Amended First Set of Interrogatories" and its Response to Plaintiffs' Third Set of Requests for Production, State Farm will present at a mutual agreeable time one or more corporate representatives to testify regarding: (1) the products and/or services identified in State Farm's April 26, 2024 Response to Plaintiffs' "Amended First Set of Interrogatories," including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin; and (2) the facts set forth in State Farm's April 26, 2024 Responses to RFP Nos. 4 through 8, 10 through 12, and 14 through 27 of Plaintiffs' Third Set of Requests for Production.

> Topic 10: All paragraphs of State Farm's Answer responding to any of Plaintiffs' allegations concerning Algorithmic Tools, including but not limited to paragraphs 4-6, 24, 25, 30-42, 45-49, 54-55, 57, 60, and 62.

RESPONSE: In addition to its Initial Objections and its Objections to Definitions, which are expressly incorporated herein, State Farm objects that this Topic is vague, ambiguous, overly broad and unduly burdensome because it incorporates Plaintiffs' vague, ambiguous, overly broad and unduly burdensome definition of "Algorithmic Tool," which State Farm notes is not co-extensive with the definition of "Algorithmic Tool" as used in Plaintiffs' First Amended Complaint. State Farm further objects that this Topic is vague, ambiguous, overly broad and unduly burdensome in that many of the paragraphs of State Farm's Answer that it references do not appear to relate to "Algorithmic Tools" (*see, e.g.*, First Am. Compl. ¶¶ 34-35), while others consist of broad statements about algorithmic decision-making as to which State Farm expressly stated that it *lacks knowledge* (*e.g.*, ¶¶ 25, 42), and paragraph 60 is Plaintiffs' proposed class definition, not a factual allegation. State Farm further objects that this Topic seeks information that is neither relevant to a party's claim or defense nor proportional to the needs of the case, in that several of the identified paragraphs are not in fact relevant to Plaintiffs' claim in this case: that State Farm has a "policy of delegating the initial claims processing review to its algorithmic decision-making tools," and that "[t]his [alleged] policy has resulted in systemic and continuing racial discrimination in the processing of homeowners insurance claims in every year since 2018." First Am. Compl. ¶¶ 48-49, 57; *see also id.* ¶ 40 ("State Farm's policy of delegating the initial assessment of claims to its algorithmic decision-making tools is the only plausible cause of the disparate impact experienced by Black policyholders."). State Farm further objects that this Topic is overly broad in scope (because it is not limited to information pertinent to Homeowners Insurance structural damage claims or to the insurance claims and/or coverages at issue in this litigation), time (because it is not limited to a reasonable period of time), and geographic area (because it is not limited to Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin). In addition, State Farm objects to this

Topic on the ground that it does not "describe with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), because it is expressly not limited to the matters set forth in the Topic.

In addition, State Farm objects to this Topic on the ground that the discovery sought exceeds the scope of the discovery currently permitted by the Court's Orders of February 23, 2024 and March 5, 2024 because it goes beyond the identification of algorithmic decision-making tools that are used by State Farm to "sort potentially fraudulent/complex claims from straightforward claims." Dkts. 79 and 81. Discovery that goes beyond the scope of what is permitted by the Court's orders is by definition premature, overly broad, unduly burdensome and not proportional to the needs of the case. State Farm further objects that to the extent this Topic exceeds the scope of Phase I discovery—which the Court based on what it identified as "the gravamen of Plaintiffs' Amended Complaint," Dkt. 79—the Topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; instead, it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving these objections, State Farm will present at a mutually agreeable date and time one or more corporate representatives to testify regarding the products and/or services identified in State Farm's April 26, 2024 Responses to Plaintiffs' "Amended First Set of Interrogatories," including the manner in which such products and/or services operate and how State Farm used or uses them in its handling of Homeowners Insurance claims in the states of Illinois, Indiana, Michigan, Missouri, Ohio and Wisconsin.

Dated: May 28, 2024                         Respectfully submitted,

                                        /s/     Sondra A. Hemeryck

                                      Patricia Brown Holmes
                                      Joseph A. Cancila, Jr.
                                      Sondra A. Hemeryck
                                      Sarah E. Finch
                                      Lauren Abendshien
                                      RILEY SAFER HOLMES & CANCILA LLP
                                      70 West Madison Street, Suite 2900
                                      Chicago, Illinois 60602
                                      Telephone:    312.471.8700
                                      Facsimile:    312.471.8701
                                      pholmes@rshc-law.com
                                      jcancila@rshc-law.com
                                      shemeryck@rshc-law.com
                                      sfinch@rshc-law.com
                                      labendshien@rshc-law.com

                                      *Attorneys for Defendant State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

I, undersigned counsel, certify that on May 28, 2024 I served a copy of the foregoing document via e-mail to the following:

/s/ *Sarah E. Finch*

David Tracey
Albert Powell
SANFORD HEISLER SHARP, LLP
17 State Street, 37th Floor
New York, NY 10004
Tel: 646-402-5667
apowell@sanfordheisler.com
dtracey@sanfordheisler.com

Alexander Rose
Jamie Crooks
Michael Lieberman
FAIRMARK PARTNERS, LLP
1825 7th St NW, #821
Washington, DC 20001
Tel: 301-458-0564
alexander@fairmarklaw.com
jamie@fairmarklaw.com
michael@fairmarklaw.com

Deborah N. Archer
Jason D. Williamson
CENTER ON RACE, INEQUALITY, AND THE LAW
AT NEW YORK UNIVERSITY SCHOOL OF LAW
139 MacDougal Street
New York, NY 10012
Tel: 212-998-6882
deborah.archer@nyu.edu
jason.williamson@nyu.edu

Joshua Karsh
Mehri & Skalet PLLC
200 K Street, NW, Suite 325
Washington, DC 20006
Tel: 202-822-5100
jkarsh@findjustice.com