### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 22-cv-07014 |
| | Hon. Jeffrey I. Cummings |
| v. | Magistrate Judge Jeffrey T. Gilbert |
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Defendant. | |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs, Jacqueline Huskey and Riian Wynn, by and through their counsel, respectfully request that this Court, pursuant to Federal Rule of Civil Procedure 37, enter an Order compelling Defendant State Farm ("Defendant" or "State Farm") to fully and timely produce documents responsive to Plaintiffs' Third Set of Requests for Production ("RFPs").

This case is a proposed multi-state class action in which Plaintiffs allege that State Farm's algorithmic decision-making tools produce a disparate impact on Black homeowners' insurance claimants, in violation of the Fair Housing Act. *See* Dkt. 23. In accordance with Judge Sunil R. Harjani's February 23, 2024, Order, the parties are in Phase I of discovery. *See* Dkt. 79. On March 27, 2024, Plaintiffs served the RFPs at issue. In the ensuing four months, Defendant produced only **30 non-duplicate documents**, with six of those documents being non-substantive metadata imprints. Critically, these documents only cover 10 of the 15 tools which Defendant has admitted so far to being relevant to its claims process. Moreover, in a meet and confer on July 18, 2024, Defendant claimed it does not expect to produce much more and it refused to provide a concrete timeline for the completion of that limited production. Defendant's delay now threatens Plaintiffs'

1

ability to prepare for and conduct thorough 30(b)(6) depositions, which under the current schedule, must be completed by August 9, 2024. *See* Dkts. 81, 97.

In support of this motion, Plaintiffs state the following:

1.      On February 23, 2024, Judge Harjani entered an Order phasing discovery. Under the Order, Phase I would focus on the "algorithmic decision−making tools employed by State Farm to screen out potentially fraudulent or complex claims from straightforward homeowners insurance claims." Dkt. 79. On March 5, 2024, Judge Harjani issued a scheduling order for Phase I, with written discovery to be issued by March 27, 2024, and a Rule 30(b)(6) deposition to be completed by August 9, 2024. Dkt. 81.

2.      Prior to Judge Harjani's phasing Order, the parties had already been engaged in discovery for approximately five months. Plaintiffs had sent two sets of RFPs and a deficiency letter on January 22, 2024. Yet, during those five months, State Farm equivocated about whether it used algorithmic tools at all. Dkts. 87.1, 88.1 (Chart of Equivocations).

3.      On March 27, 2024, Plaintiffs sent their Third Set of RFPs, per Judge Harjani's Phasing Order. (*See* Exhibit A.)

4.      On April 26, 2024, State Farm sent its written responses to Plaintiffs' Third Set of RFPs. (*See* Exhibit B.) In those responses, Defendant unduly narrowed the scope of production. Among other deficiencies, Defendant only promised to produce documents that "generally describe" 14 algorithmic tools that it had identified in its responses to Plaintiffs' First Set of Amended Interrogatories.[1] Moreover, Defendant failed to specify a time at which production

---

[1] Notably, this was the first time, after six months of discovery, that State Farm admitted to using many of the algorithmic tools at issue.

would be complete. *Contra* Fed. R. Civ. P. (34)(b)(2)(B) ("production must then be completed no later than . . . [a] reasonable time <u>specified in the response</u>") (emphasis added).

5.      Between April 26, 2024, and May 17, 2024, Defendant only produced four documents. As a result of Defendant's slow pace of production, as well as other deficiencies in Defendant's responses, Plaintiffs sent Defendant a second deficiency letter on May 17, 2024. (*See* Exhibit C.)

6.      Between May 17, 2024, and June 20, 2024, Defendant produced only one document, ███████████ lacking the necessary context to understand its purpose and relevance. Accordingly, on June 20, 2024, Plaintiffs were forced to send a third deficiency letter to Defendant. (*See* Exhibit D.)

7.      As of July 2, 2024, Defendant had only produced 11 unique documents in the over three months since Plaintiffs issued their Third Set of RFPs. Defendant had also not yet provided documents covering each of the 14 tools identified in their response to Plaintiffs' First Set of Amended Interrogatories. Thus, on July 2, 2024, Plaintiffs' counsel emailed Defendant's counsel to ascertain the state of document production. (*See* Exhibit E.)

8.      Plaintiffs' counsel followed up with an email requesting further information from Defendant on July 9, 2024, and subsequently on July 15, 2024. (*See* Exhibits F-G.)

9.      Pursuant to Local Rule 37.2, Plaintiffs' counsel met and conferred via videoconference with counsel for Defendant on July 18, 2024. On this meet and confer, Defendant affirmed that it would produce little more than what was already produced and refused to provide a date certain by when such productions would be complete.

10.      Defendant has taken an extremely narrow view of their discovery obligations. Specifically, Defendant believes: (1) producing documents that "generally describe" the

algorithmic tools at issue is sufficient to meet its discovery obligations for Phase I; and (2) producing one to three documents per tool is sufficient to "generally describe" the tools. Neither premise is accurate.

11.    To be sure, Judge Harjani's Order indicated that Phase I should start with "a preliminary focus on the identification of these tools," before the parties engage in "voluminous ESI discovery around communications." Dkt. 79. But Plaintiffs have not asked for "voluminous ESI discovery," such as emails, text messages, claimant/claims data, or code. Instead, Plaintiffs have sought policy or process documents, training documents, instructions, contracts or proposals that concern State Farm's use of algorithmic tools. These are the kinds of discrete documents that help parties identify the form and function of tools, fall well within the bounds of Phase I, and do not constitute "voluminous ESI discovery" (such as email, text message, data, and code).

12.    To date, Defendant has only produced **30 non-duplicate documents**, with six of those documents being non-substantive metadata imprints. Further, Defendants' documents cover only 10 of the 15 tools identified to date. Defendant only identified 14 tools in its interrogatory responses, but Plaintiffs identified an additional tool based on filings in another lawsuit against State Farm; only after Plaintiffs' identification did State Farm agree to produce documents concerning the additional tool (*see* Exhibit H). Contrary to Defendant's claims, the documents at issue do not "generally describe" the tools. They are at best narrow and decontextualized windows into random aspects of each tool. For example, for ███████████████ Defendant has not produced any written documents; instead, it has only produced ██████████████████ █████████████████████████ but provide no context for the tool's purpose. Similarly, for █████████████████████████████████ Defendant provided, without context or explanation, ████████████████████████████████. For ████████████

4

███ Defendant has only produced ████████████████; none of these documents provide meaningful insight into how ██████████████ works. Defendant's productions for the other tools have been equally paltry and deficient.[2]

13. Defendant's narrow and dilatory productions have unduly limited and delayed discovery. These productions offer, at best, a partial and obstructed identification of Defendant's algorithmic tools. This delayed and incomplete production prejudices Plaintiffs' ability to take 30(b)(6) depositions by August 9, 2024.

WHEREFORE, for all the reasons set forth herein, Plaintiffs respectfully request that this Court compel Defendant State Farm to produce a complete production of documents that is fully responsive to Plaintiff's Third Set of RFPs within fourteen days of the Court's Order, or on some other date certain set by the Court, and grant such other relief as the Court deems just and proper.[3]

---

[2] Defendants' scant production further emphasizes the necessity of Plaintiffs' third-party subpoenas. If Defendant lacks documents to demonstrate how these tools operate within the context of a claims process, then Plaintiffs' only recourse is to seek such documents from third parties. Dkt. 103.

[3] Plaintiffs note that two other discovery disputes are pending before the Court. First, Defendant has pressed ahead for a protective order even after Plaintiffs narrowed their third-party subpoenas to one document request. Dkt. 103. Second, Defendant disputed the scope of Plaintiffs' 30(b)(6) notice, even after Plaintiffs reduced the number of topics from ten to four. Dkt. 100. Both matters are awaiting resolution from this Court.

Dated: July 24, 2024

/s/David Tracey

**SANFORD HEISLER SHARP, LLP**
David Tracey (Pro Hac Vice)
Albert Powell (Pro Hac Vice)
Sharon Kim (Pro Hac Vice)
17 State Street, 37th Floor
New York, NY 10004
Phone: (646) 402-5667
dtracey@sanfordheisler.com
apowell@sanfordheisler.com
sharonkim@sanfordheisler.com

**FAIRMARK PARTNERS, LLP**
Alexander Rose (Pro Hac Vice)
Jamie Crooks (Pro Hac Vice)
Michael Lieberman (Pro Hac Vice)
1001 G St NW
Washington, DC 20001
Phone: (301) 458-0564
alexander@fairmarklaw.com
jamie@fairmarklaw.com
michael@fairmarklaw.com

**CENTER ON RACE, INEQUALITY, AND THE LAW AT NEW YORK UNIVERSITY SCHOOL OF LAW**
Deborah N. Archer (Pro Hac Vice)
Jason D. Williamson (Pro Hac Vice)
139 MacDougal Street
New York, NY 10012
Phone: (212) 998-6882
deborah.archer@nyu.edu
jason.williamson@nyu.edu

**MEHRI & SKALET PLLC**
Joshua Karsh
1237 Judson Ave.
Evanston, IL 60202
Phone: (773) 505-7533
jkarsh@findjustice.com
ARDC No. 6203096

*Counsel for Plaintiffs and the Proposed Class*