UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>  Defendant. | Case No. 22-cv-7014<br><br>Hon. Jeffrey I. Cummings<br><br>Mag. Judge Jeffrey T. Gilbert |

**STATE FARM FIRE AND CASUALTY COMPANY'S
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

The instant motion to compel (Dkt. 113) is yet another attempt by Plaintiffs to expand the scope of Phase I discovery beyond what Judge Harjani ordered. Plaintiffs' motion also mischaracterizes both State Farm's document production and the parties' communications regarding their discovery disputes; indeed, Plaintiffs even omit State Farm's July 17, 2024 response to the very email attached to their motion as Exhibit F (Dkt. 113-6), in which State Farm agreed "in the spirit of compromise" to produce additional documents demanded by Plaintiffs, and explained that certain other requested categories of documents do not exist. *See* Email dated July 17, 2024, attached as Exhibit 1. In fact, State Farm has complied, and continues to comply, with its discovery obligations in accordance with Judge Harjani's order. State Farm opposes Plaintiffs' ongoing efforts to expand the scope of discovery well beyond that permitted by Judge Harjani's order and submits, for the reasons set forth below, that Plaintiffs' motion should be denied.

**THE LIMITED SCOPE OF PHASE I DISCOVERY**

1. In this purported disparate-impact case, Plaintiffs allege that State Farm's supposed use of "algorithmic decision-making tools" that allegedly "are designed to, among other things, predict the likelihood of fraud and to sort 'no touch' or 'low touch' claims (which are paid out immediately or near immediately) from 'high touch' claims (which trigger additional scrutiny)" (First Am. Class Action Compl. (Dkt. 23) ¶ 32) has a disparate impact on Black policyholders in six states, purportedly causing claims from such policyholders to receive "greater scrutiny" than the claims of white homeowners. *Id.* ¶¶ 3-6.[1]

2. On February 8, 2024, this case was referred to Magistrate Judge Harjani for discovery supervision and scheduling. Dkt. 74. On February 23, 2024, following a hearing held on February 22, Judge Harjani entered an order on the phasing of discovery. Dkt. 79.

3. Judge Harjani limited Phase I discovery "to algorithmic decision-making tools employed by State Farm to screen out potentially fraudulent or complex claims from straightforward homeowners insurance claims. This is the gravamen of Plaintiffs' amended complaint." *Id.*

4. Judge Harjani further ordered that "Phase I should start with a focus on what algorithmic tools are used at the outset to sort potentially fraudulent/complex claims from straightforward claims before the parties start exploring such voluminous ESI discovery around

---

[1] Plaintiffs' allegations of disparate impact are based on information purportedly derived from a 2021 survey by YouGov. *Id.* ¶¶ 14-20. In responding to State Farm's arguments about those allegations in its motion to dismiss the FAC, Plaintiffs asserted they were not required, at the pleading stage, to defend their methodology, and that State Farm would be "free to explore" the details of the survey in discovery. Dkt. 33 at 16-17; *see also* Mem. Op. and Order dated Sept. 11, 2023 (Dkt. 52) at 16 (agreeing with Plaintiffs that they were not required to defend their methodology at the pleading state and that State Farm would be "free to explore" those details in discovery). Despite these representations, Plaintiffs **have refused and continue to refuse** to produce *any* discovery related to the YouGov survey.

the communications and documents about their use, and the means and methods in which they are used that could, allegedly, result in a disparate impact." *Id.*

5. Importantly, Judge Harjani explained that Phase I discovery "should include some initial answers to interrogatories, some initial production of documents, and potentially a short Rule 30(b)(6) deposition[.]" *Id.* He further ordered that "[t]he parties should identify the tools first through these discovery devices before the deep dive into the tools." *Id.*

6. On March 27, 2024, in accordance with the discovery schedule for the preliminary focus of Phase I discovery, Plaintiffs issued a second set of interrogatories and a third set of RFPs ("Third RFPs"). Dkts. 112-1 and 112-2. State Farm timely responded to those requests. Dkts. 92-1 and 92-2.

7. In its responses to Plaintiffs' March 27, 2024 discovery requests, State Farm identified ▮ tools (Dkt. 92-1 at 10–11) and agreed to produce "nonprivileged documents sufficient to identify and generally describe" those tools (Dkt. 92-2 at 14).[2] State Farm explicitly stated that it would not search for or produce other documents potentially responsive to Plaintiffs' requests. (*Id.*)

**STATE FARM'S DOCUMENT PRODUCTIONS**

8. Since mid-May, two weeks after State Farm's written discovery responses were tendered, State Farm has produced nearly 500 pages of documents and 8 videos that generally describe ▮ of the ▮ tools identified in its discovery responses.

9. Specifically, State Farm has produced the following:

---

[2] Notably, as the spreadsheet included in State Farm's interrogatory responses shows, State Farm did not strictly limit its discovery responses to tools used by State Farm to screen out potentially fraudulent or complex claims; rather, State Farm went beyond what was required by Judge Harjani's Order by also identifying tools that assist in the routing of claims but are not used to screen out potentially fraudulent or complex claims. *See* Dkt. 92-1.

3

| Tool | Document Description | BATES No. | Date Produced |
|---|---|---|---|
| ▮ | ▮ | HUSKEYJAC00006109PROD-HUSKEYJAC00006126PROD | June 25, 2024 |
|  | ▮ | HUSKEYJAC00006211PROD | July 16, 2024 |
| ▮ | ▮ | HUSKEYJAC00005914PROD-HUSKEYJAC00005963PROD | May 16, 2024 |
| ▮ | ▮ | HUSKEYJAC00006128PROD-HUSKEYJAC00006177PROD | June 25, 2024 |
|  | ▮ | HUSKEYJAC00005964PROD-HUSKEYJAC00005983PROD | May 16, 2024 |
| ▮ | ▮ | HUSKEYJAC00006127PROD | June 25, 2024 |
|  | ▮ | HUSKEYJAC00006178PROD-HUSKEYJAC00006209PROD | June 25, 2024 |
| ▮ | ▮ | HUSKEYJAC00005913PROD | May 16, 2024 |
|  | ▮ | HUSKEYJAC00005985PROD-HUSKEYJAC00006108PROD | June 25, 2024 |
| ▮ | ▮ | HUSKEYJAC00006212PROD | July 16, 2024 |
| ▮ | ▮ | HUSKEYJAC00005908PROD-HUSKEYJAC00005912PROD | May 16, 2024 |
|  | ▮ | HUSKEYJAC00006213PROD-HUSKEYJAC00006269PROD | July 17, 2024 |
|  | ▮ | HUSKEYJAC00006270PROD-HUSKEYJAC00006271PROD | July 17, 2024 |
| ▮ | ▮ | HUSKEYJAC00005984PROD; | June 10, 2024 |
|  |  | HUSKEYJAC00006362PROD-HUSKEYJAC00006372PROD | July 18, 2024 |

| Tool | Document Description | BATES No. | Date Produced |
|---|---|---|---|
| ■ | ■ | ■ | |
| ■ | ■ | HUSKEYJAC00006210PROD | July 12, 2024 |

10. In addition, State Farm is in the process of identifying responsive documents relating to the remaining tools disclosed in its interrogatory responses, as well as documents relating to a subsequently identified tool (*see infra* ¶ 13), and will produce such documents as soon as practicable.

### PLAINTIFFS' MISCHARACTERIZATIONS OF THE RECORD

11. Plaintiffs' recitation of their so-called "deficiency" notices regarding State Farm's document production is incomplete and incorrect.[3]

12. In response to Plaintiffs' May 17, 2024 letter (Dkt. 113-3), the parties conducted a telephonic meet-and-confer on May 28, 2024. Following that conference, the parties had further communications regarding both State Farm's response to Plaintiffs' Third RFPs and Plaintiffs' third-party document subpoenas (as to which State Farm had previously filed a motion for

---

[3] Plaintiffs reference their "deficiency" letter from January 22, 2024. Dkt. 113 ¶ 2. That letter concerned State Farm's responses to Plaintiffs' First RFPs. Because Plaintiffs' motion explicitly seeks documents responsive to Plaintiffs' Third RFPs, State Farm does not address Plaintiffs' January 22 Letter.

protective order, Dkt. 84). *See* Emails dated June 3 and 5, 2024, attached as Exhibit 2. As State Farm explained in its response to Plaintiffs' June 3, 2024 email proposal, State Farm "believes Judge Harjani's Order is clear," that State Farm's responses to Plaintiffs' March 27, 2024 discovery requests "adhered to the scope" of Judge Harjani's Order, and that there is "no reason to further expand discovery beyond the scope of that Order." *Id.*

13. Plaintiffs' June 20, 2024 "deficiency" letter asked State Farm about two "tools" that were not identified in State Farm's responses to Plaintiffs' March 27, 2024 discovery requests but were referenced in deposition testimony of a State Farm corporate representative filed in a different case, *The Connectors Realty Group Corp. v. State Farm Fire and Casualty Company*, 19 CV 743, N.D. Ill. *See* Dkt. 113-4. In response to that inquiry, after conducting additional investigation, State Farm agreed to amend its interrogatory responses to include one of those tools ▮▮▮▮ and to produce nonprivileged documents sufficient to generally describe that tool. *See* Dkts. 113-7 and 113-8.

14. On July 9, 2024, Plaintiffs sent yet another email highlighting additional purported "deficiencies" and demanding new, additional document production. Dkt. 113-6. State Farm responded in detail to Plaintiffs' July 9 demand on July 17, 2024. *See* Exhibit 1. Yet remarkably, as noted above, Plaintiffs failed to disclose that response in their motion, or to provide a copy of it to the Court.

15. Among other things, State Farm's July 17, 2024 response explained that some of Plaintiffs' follow-up requests sought documents that simply do not exist. *Id.* State Farm further explained that Plaintiffs are free to explore their questions regarding the tools that State Farm has identified and the documents relating to those tools that have been produced in the upcoming corporate representative depositions. *Id.*

6

16. In addition, although State Farm viewed Plaintiffs' July 9, 2024 demands for additional documents as going beyond the scope of Phase I discovery contemplated by Judge Harjani's February 23, 2024 Order, in "the spirit of compromise" State Farm agreed to produce a number of the additional documents Plaintiffs had requested. *Id.* Specifically, State Farm agreed to produce additional documents relating to ▮▮▮▮▮▮▮▮▮▮, six more videos relating to ▮▮▮▮▮▮▮▮▮▮, and a document that was hyperlinked in the two PowerPoints relating to the ▮▮▮▮▮▮▮▮▮▮. All of those additional documents except for the hyperlinked document were produced on either July 17 or July 18 (*before* Plaintiffs filed their motion to compel); the hyperlinked document was produced on July 25.

17. On July 18, the parties had a further telephonic meet-and-confer during which State Farm reiterated its position outlined in its July 17, 2024 response to Plaintiffs' July 9 email, and also confirmed its continuing efforts to identify and produce documents sufficient to generally describe the ▮▮▮▮▮▮▮▮▮▮ tools.[4]

18. In sum, State Farm has made a rolling production of documents regarding the tools identified in its responses to Plaintiffs' second set of interrogatories, has produced additional

---

[4] Although State Farm fully intends, consistent with its responses to Plaintiffs' Third RFPs and Judge Harjani's Order, to produce documents relating to these tools, it is apparent from State Farm's sworn interrogatory responses that the ▮▮▮▮▮▮▮▮▮▮ tools have no relevance to this case. As the interrogatory responses make clear, State Farm did not begin using any of those tools until well after the dates when Plaintiffs reported their claims (July 22, 2021 for Plaintiff Huskey and March 6, 2022 for Plaintiff Wynn). *See* Dkt. 92-1. Indeed, State Farm only began using ▮▮▮ in four of the six states encompassed by Plaintiffs' putative class (Illinois— which is Plaintiffs' state of residence—Indiana, Missouri and Ohio) in April of *this year*, at which time it *still* was not using ▮▮▮ in Wisconsin. Because Plaintiffs' claims must be typical of the claims of the putative class, and none of these tools could possibly have affected the handling of Plaintiffs' insurance claims, the tools have no possible relevance to this case. Furthermore, because the earliest date State Farm used any of these tools was December 21, 2022 (*see* Dkt. 92-1), their use could not possibly have caused the purported disparate impact allegedly found by a survey that, according to Plaintiffs, was conducted in 2021. See Dkt. 23 ¶ 14.

7

documents at Plaintiffs' request, has explained that some of the documents Plaintiffs demand do not exist, and is committed to producing documents regarding the remaining tools in preparation for the upcoming Rule 30(b)(6) depositions.

19. Despite all of this, Plaintiffs ask the Court to compel State Farm "to produce a complete production of documents that is fully responsive to Plaintiff's Third Set of RFPs." Dkt. 113 at 5. Plaintiffs provide no specificity about what that means, disparage the 500 pages of documents and videos State Farm has produced, ignore the limited scope of Phase I discovery as set forth in Judge Harjani's Order, ignore State Farm's assertions that some of the documents Plaintiffs demand do not exist, and discount the fact that they will have the opportunity to ask State Farm representatives directly about the tools and documents in Rule 30(b)(6) depositions.

20. Plaintiffs' complaint that State Farm's "delayed and incomplete production prejudices" their ability to take corporate representative depositions by the current August 9, 2024 deadline also rings hollow. On July 30, 2024, Plaintiffs reached out to counsel for State Farm proposing a joint request to extend the August 9, 2024 deadline. *See* Email dated July 30, 2024, attached as Exhibit 3. State Farm agreed and on August 2, 2024, the parties filed a joint request seeking to extend the deadline to September 30, 2024. Dkt. 117. The Court granted that motion on August 9. Dkt. 118.

21. State Farm has complied (and continues to comply) with its Phase I discovery obligations outlined in Judge Harjani's February 23, 2024 Order. Dkt. 79 (Phase I discovery "should include some initial answers to interrogatories, some initial production of documents, and potentially a short Rule 30(b)(6) deposition," starting with a "focus on what algorithmic tools are used at the outset to sort potentially fraudulent/complex claims from straightforward claims"). The real source of frustration underlying Plaintiffs' motion is not that State Farm's document

8

production is deficient, but that Plaintiffs' theory is deficient, which is why they continue to fish for additional discovery in the hope of finding something to support a claim.

22. Plaintiffs' motion to compel is unwarranted and should be denied.

WHEREFORE, State Farm respectfully requests that the Court deny Plaintiffs' motion to compel.

Dated: August 9, 2024                                   Respectfully submitted,

/s/ Sondra A. Hemeryck

Patricia Brown Holmes
Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Sarah E. Finch
Lauren Abendshien
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Telephone:   312.471.8700
Facsimile:    312.471.8701
pholmes@rshc-law.com
jcancila@rshc-law.com
shemeryck@rshc-law.com
sfinch@rshc-law.com
labendshien@rshc-law.com

*Attorneys for Defendant State Farm Fire and Casualty Company*