# EXHIBIT 1

## REDACTED VERSION

| | |
|---|---|
| **From:** | Sarah Finch |
| **To:** | Sharon Kim; David Tracey; Sondra Hemeryck |
| **Cc:** | Patricia Holmes; Joseph Cancila; Lauren Abendshien; Huskey v. State Farm; Albert Powell; Alexander Rose; Jamie Crooks; Michael; deborah.archer@nyu.edu; jason.williamson@nyu.edu |
| **Subject:** | RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm"s Discovery Responses / Productions |
| **Date:** | Wednesday, July 17, 2024 12:03:00 PM |
| **Attachments:** | image001.png |

Sharon:

As Plaintiffs are aware, Judge Harjani limited Phase I discovery "to algorithmic decision-making tools employed by State Farm to screen out potentially fraudulent or complex claims from straightforward homeowners insurance claims." (Dkt. 79.) Importantly, Judge Harjani explained that Phase I discovery "should include some initial answers to interrogatories, some initial production of documents, and potentially a short Rule 30(b)(6) deposition[.]" *Id.* He further noted that "[t]he parties should identify the tools first through these discovery devices before the deep dive into the tools." *Id.*

State Farm views Plaintiffs demand for additional documents as going beyond the scope of Phase I discovery contemplated by Judge Harjani's February 23, 2024 Order and State Farm's agreement, consistent with the Order, to produce documents sufficient to generally describe the tools identified in its discovery responses. In some instances, Plaintiffs seek documents that simply do not exist. Plaintiffs are free to explore their questions regarding the tools that State Farm has identified and the documents relating to those tools that have been produced in the upcoming corporate representative depositions. However, in the spirit of compromise, State Farm provides the following responses to the issues raised in your email:



- **HUSKEYJAC00005908PROD**, which was part of PROD 004, appears to be the Operation Guide for ▮▮▮▮▮▮▮▮, dated April 7, 2021. This document does not describe the tool in any way but focuses instead on the process for securing authorization to access the tool. Please produce documents that describe ▮▮▮▮▮▮▮▮▮▮ and how it is used by State Farm as part of its claims process, including but not limited to documents that may be relevant to ▮▮▮▮▮▮▮ Job Aid.

  With respect to ▮▮▮▮▮▮▮▮▮, State Farm will produce a document entitled ▮▮▮▮ ▮▮▮▮ State Farm will also produce the ▮▮▮▮ ▮▮▮ Job Aid, which is referenced in State Farm's OG 75-01, First Party Claims Guidelines & Requirements (HUSKEYJAC00004813PROD to 4825PROD, and HUSKEYJAC00004826PROD to 4838PROD).

- **HUSKEYJAC00005913PROD**, which was part of PROD 004, appears to be an undated spreadsheet with three tabs, where no context has been given to understand the entries in the spreadsheet. Please produce any available data/terms dictionary and/or documents that contextualize the spreadsheet's tabs and their entries. At a minimum, we request documents sufficient to describe:

  - each row line entry in the "SourceOfData" tab.
  - the meaning of "Outcome" and "Input" in the ▮▮▮▮▮ and ▮▮▮▮▮ ▮▮▮ tabs.
  - the meaning of the "Priority", "Rule", "Function", "Area", "Environment", and "Severity" columns in the ▮▮▮▮▮▮ and ▮▮▮▮▮▮▮ tabs.

Plaintiffs request documents that do not exist. Plaintiffs are free to ask questions about this document (which relates to ▮▮▮▮▮ in the corporate representative deposition(s).

- **HUSKEYJAC00005984PROD**, which was part of PROD 005, appears to be a 13-minute introductory video regarding █████ from September 9, 2020 that is part of a multi-video series that has not been produced in full.

  - Please produce the full series. The series should include videos for ████████████ ████████████████████████

The video that State Farm produced is "sufficient to generally describe" ████, as State Farm agreed to do in its response to Plaintiffs' Third RFPs. In the interest of compromise, however, State Farm will produce the additional ████ videos identified in your email.

  - We understand that members of State Farm's Data Analysis team (and perhaps other teams as well) can "pull" claims with the use of ████████ to identify those that need to be sent to be further screened given complexity and/or potential fraud. Please produce documents that describe how the Data Analysis team (and other applicable teams) employ ████ as part of State Farm's claims process.

State Farm views this request as beyond the scope of Phase I as contemplated by Judge Harjani's February 23, 2024 Order. The 13-minute video that State Farm already has produced is sufficient to generally describe ████, and State Farm has further agreed to produce the additional videos you have demanded. Plaintiffs are free to ask questions about ████ including the manner in which it operates and how State Farm uses it in its handling of Homeowners Insurance structural damage claims, in the corporate representative deposition(s). (I note, however, that ████ has nothing to do with claim "complexity," as your email incorrectly appears to assume.) State Farm is not providing any discovery relating to ████ for the reasons explained in my email of July 12, 2024.

- **HUSKEYJAC00005985PROD**, which was part of PROD 006, is a document titled "Business Rule Report" for ████████ that appears to have been generated on February 24, 2023. No context has been given to understand the document and its code excerpts and diagrams. Nor has State Farm produced any documents that generally describe █████, as promised in its responses to Plaintiffs' Phase I discovery requests. Please confirm that State Farm will produce documents that generally describe ██████.

Plaintiffs request documents that do not exist. With respect to ██████ State Farm produced two documents: the Business Rules Report bearing production number 5985PROD and the spreadsheet bearing production number 5913PROD that is referenced earlier in your email. State Farm has also agreed to produce a corporate representative to testify about ██████ so Plaintiffs will have an opportunity to explore their questions about these documents in that deposition.

- **HUSKEYJAC00006127PROD**, which was part of PROD 006, is a document titled ██████ ██████ updated as of March 1, 2024. No context has been given to understand the diagram memorialized in this document. Please produce any available data/terms dictionary and/or documents that contextualize the diagram and terms included therein.

Plaintiffs request documents that do not exist. State Farm has agreed to produce a corporate representative to testify about the ██████████ tool, so Plaintiffs will have an opportunity to explore their questions about this document in that deposition. State Farm also produced another document as part of PROD 006, bearing production numbers 6178PROD to 6209PROD, that illustrates the operation of the ████████████ tool.

- **HUSKEYJAC00006128PROD** and **HUSKEYJAC00006152PROD**, which appear to be near duplicates, have imbedded hyperlinks to documents that do not appear to have been produced. For completeness, please produce the hyperlinked documents.

HUSKEYJAC00006128PROD describes the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮, while HUSKEYJAC00006152PROD describes ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ for the ▮▮▮▮▮▮▮▮. The production of these documents satisfies State Farm's agreement to produce documents sufficient to generally describe the ▮▮▮▮▮▮▮▮▮▮▮▮ tool. State Farm disputes that it has any obligation, either with respect to these specific documents or in general, to produce hyperlinked documents. In the spirit of compromise, however, State Farm will produce the native version of these two documents, from which you will see that in the majority of the embedded hyperlinks take the user to other pages within the same power point. In the same spirit of cooperation, State Farm will also produce the external document hyperlinked at p. 23 of the power point bearing production number 6128PROD, and the external document hyperlinked at p. 25 of the power point bearing production number 6152PROD.

- Please produce documents describing **Quality Fire [sic] Contact Guide – Fire**, which is referenced in documents produced by State Farm to date, and is used as part of State Farm's claims process. We understand that this is a tool that helps accomplish a quality first contact and initial investigation of a claim, and in turn, falls squarely within the scope of Phase I discovery.

State Farm does not agree that the Quality First Contact Guide is within the scope of Phase I discovery. The Quality First Contact Guide is not an "algorithmic decision-making tool[] employed by State Farm to screen out potentially fraudulent or complex claims from straightforward homeowners insurance claims." In the spirit of compromise, however, State Farm will produce the versions of the Quality First Contact Guide – Fire that were in effect on the dates of the named Plaintiffs' losses.

- For all tools, please produce all versions of documents and media that were operative throughout the entirety of the class period. If not, State Farm at a minimum should confirm that the version of documents and media that are produced have been operative throughout the entire class period.

State Farm will not produce all versions of documents and media that were operative from January 2018 through the present. State Farm views that as a "deep dive" into the tools that is not contemplated by Judge Harjani's February 23, 2024 Order. I would also note that, as State Farm's discovery responses make clear, most of the tools identified were not in use through the entirety of the proposed class period.

In a separate correspondence, Plaintiffs have demanded that State Farm disclose when SAS was used by State Farm, asserting without support that "Plaintiffs have a right to know when State Farm stopped using SAS." State Farm has no obligation to provide that information. State Farm did not use any SAS-based tools during the class period to assist in the routing of Homeowners Insurance structural damage claims or the identification of potentially fraudulent Homeowners Insurance structural damage claims, so Plaintiffs have no "right" to any information about SAS.

Finally, there is no deadline for State Farm to "substantially complete" its document production. State Farm has never agreed to the purported July 12, 2024 "deadline" that Plaintiffs have attempted unilaterally to impose. Further, neither Judge Harjani nor Judge Gilbert contemplated a "substantial completion" date and did not order that documents be produced a specified amount of time before the corporate representative depositions. I would also note that State Farm has in fact produced documents relating to ▮ of the ▮▮▮▮▮ tools identified in its interrogatory responses. Finally, and as State Farm has previously noted to Plaintiffs, the parties are awaiting a ruling from the Court on their joint motion to resolve the dispute regarding the Rule 30(b)(6) topics. Once the Court rules on that motion, the parties will have ten days to agree to dates for the corporate representative depositions. Given that

timeline, we do not believe that the August 9 deadline Judge Harjani set in March for the completion of Rule 30(b)(6) deposition will stand.

Regards,
Sarah

**From:** Sharon Kim <sharonkim@sanfordheisler.com>
**Sent:** Tuesday, July 9, 2024 9:27 AM
**To:** Sarah Finch <SFinch@rshc-law.com>; David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions

Sarah:

Thank you for the update. Since your response suggests that the remaining production will be in relation to tools for which documents have not been produced to date, we also seek the following clarity with respect to the tools for which documents appear to have been produced to date. This email does not foreclose the possibility of additional follow-up as needed to ensure that Plaintiffs receive documents to which they are entitled through Phase I discovery.

- **HUSKEYJAC00005908PROD**, which was part of PROD 004, appears to be the Operation Guide for ▇▇▇▇▇▇▇▇▇▇▇▇, dated April 7, 2021. This document does not describe the tool in any way but focuses instead on the process for securing authorization to access the tool. Please produce documents that describe ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and how it is used by State Farm as part of its claims process, including but not limited to documents that may be relevant to ▇▇▇▇▇▇▇▇▇ Job Aid.

- **HUSKEYJAC00005913PROD**, which was part of PROD 004, appears to be an undated spreadsheet with three tabs, where no context has been given to understand the entries in the spreadsheet. Please produce any available data/terms dictionary and/or documents that contextualize the spreadsheet's tabs and their entries. At a minimum, we request documents sufficient to describe:
  -
    ○ each row line entry in the "SourceOfData" tab.
    ○ the meaning of "Outcome" and "Input" in the ▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇ tabs.
    ○ the meaning of the "Priority", "Rule", "Function", "Area", "Environment", and "Severity" columns in the ▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇▇ tabs.

- **HUSKEYJAC00005984PROD**, which was part of PROD 005, appears to be a 13-minute introductory video regarding ▇▇▇ from September 9, 2020 that is part of a multi-video series that has not been produced in full.

    ○ Please produce the full series. The series should include videos for ▇▇▇▇▇▇▇▇▇▇

██████████████████████████████████

○ We understand that members of State Farm's Data Analysis team (and perhaps other teams as well) can "pull" claims with the use of ████████ to identify those that need to be sent to be further screened given complexity and/or potential fraud. Please produce documents that describe how the Data Analysis team (and other applicable teams) employ ████ as part of State Farm's claims process.

- **HUSKEYJAC00005985PROD**, which was part of PROD 006, is a document titled "Business Rule Report" for ████████ that appears to have been generated on February 24, 2023. No context has been given to understand the document and its code excerpts and diagrams. Nor has State Farm produced any documents that generally describe ████, as promised in its responses to Plaintiffs' Phase I discovery requests. Please confirm that State Farm will produce documents that generally describe ████

- **HUSKEYJAC00006127PROD**, which was part of PROD 006, is a document titled ████ ████████████████████ updated as of March 1, 2024. No context has been given to understand the diagram memorialized in this document. Please produce any available data/terms dictionary and/or documents that contextualize the diagram and terms included therein.

- **HUSKEYJAC00006128PROD** and **HUSKEYJAC00006152PROD**, which appear to be near duplicates, have imbedded hyperlinks to documents that do not appear to have been produced. For completeness, please produce the hyperlinked documents.

- Please produce documents describing **Quality Fire Contact Guide – Fire**, which is referenced in documents produced by State Farm to date, and is used as part of State Farm's claims process. We understand that this is a tool that helps accomplish a quality first contact and initial investigation of a claim, and in turn, falls squarely within the scope of Phase I discovery.

- For all tools, please produce all versions of documents and media that were operative throughout the entirety of the class period. If not, State Farm at a minimum should confirm that the version of documents and media that are produced have been operative throughout the entire class period.

Sharon Kim

*Senior Litigation Counsel,* bio

17 State Street, 37th Floor, New York, NY 10004
**DIRECT:** 646-402-5660 | **MAIN:** 646-402-5650



New York
Washington, DC
San Francisco
Palo Alto
Baltimore
Nashville
San Diego

**DISCLAIMER**: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.

**From:** Sarah Finch <SFinch@rshc-law.com>
**Sent:** Wednesday, July 3, 2024 4:46 PM
**To:** Sharon Kim <sharonkim@sanfordheisler.com>; David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions

*———EXTERNAL EMAIL———*

Sharon:

Since mid-May, two weeks after State Farm's written discovery responses were tendered, State Farm has produced nearly 300 pages of documents and a video sufficient to generally describe most of the tools identified in its discovery responses.  State Farm has identified and is in the process of collecting and preparing responsive documents relating to the remaining tools and will produce those documents as soon as practicable.  We will endeavor to produce those additional documents by July 12, but we are not able at this time to state with certainty whether that will be possible.

As you know, Judge Gilbert has yet to rule on the parties' joint motion to resolve the Rule 30(b)(6) topics. The parties will have 10 days from the date of that ruling to set deposition dates. In anticipation of a ruling, State Farm has begun to identify its potential corporate representatives and is working on determining their availability over the coming weeks.  Given the fact that we have no ruling and there are a number of schedules that need to be considered and accommodated, it seems unlikely that the August 9 deadline that was set by Judge Harjani in March will be able to stand, in any event.

Regards,
Sarah

**From:** Sharon Kim <sharonkim@sanfordheisler.com>
**Sent:** Tuesday, July 2, 2024 8:58 AM
**To:** Sarah Finch <SFinch@rshc-law.com>; David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren

Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm
<HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Alexander
Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael
<michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses /
Productions

Sarah:

We wanted to check in about the document productions made by State Farm in response to
Plaintiffs' Third Set of Requests for Production that was issued on March 27th. More than three
months have passed, and State Farm has produced only ten documents (two of which appear to be
near duplicates) and a 13-minute introductory video that is part of a multi-video series yet to be
produced. State Farm's productions notably do not even cover all of the ██████ tools it has
disclosed in connection with Phase I discovery.

We are mindful of the fact that, under the operative schedule, the 30(b)(6) deposition must be
completed by August 9th. Given the short time that remains from now until that date, we would like
to promptly receive the documents to which we are entitled pursuant to our Phase I discovery
requests. In turn, could you please confirm that State Farm will substantially complete its production
by next Friday, July 12, 2024?

If we don't have confirmation that State Farm will complete its production in a timely manner, then
we may have no choice but to seek assistance of the court.

Thank you in advance.

### Sharon Kim

**_Senior Litigation Counsel, bio_**

17 State Street, 37th Floor, New York, NY 10004
**DIRECT:** 646-402-5660 | **MAIN:** 646-402-5650



**New York**

**Washington, DC**

**San Francisco**

**Palo Alto**

**Baltimore**

**Nashville**

**San Diego**

DISCLAIMER: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This
email may include attorney-work product and may be an attorney-client communication and as such privileged and
confidential. If you have received this email in error, delete the original email and any copies of it and please notify me
immediately. You may not review, copy, or distribute this email if you are not an intended recipient.

**From:** Sarah Finch <SFinch@rshc-law.com>
**Sent:** Friday, June 21, 2024 11:10 AM

**To:** Sharon Kim <sharonkim@sanfordheisler.com>; David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions

———*EXTERNAL EMAIL*———

Sharon:

State Farm made a production on June 10.  The next production is being prepared and State Farm anticipates production next week.

Regards,
Sarah

---

**From:** Sharon Kim <sharonkim@sanfordheisler.com>
**Sent:** Thursday, June 20, 2024 4:21 PM
**To:** Sarah Finch <SFinch@rshc-law.com>; David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions

Sarah:

Just wanted to check in. Could you let us know if there are any other productions that will be sent to us, and if so, by when?

Thanks.

Sharon Kim

***Senior Litigation Counsel, bio***
17 State Street, 37th Floor, New York, NY 10004
**DIRECT:** 646-402-5660 | **MAIN:** 646-402-5650



**New York**

**Washington, DC**

**San Francisco**

**Palo Alto**

**Baltimore**

**Nashville**

**San Diego**

DISCLAIMER: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.

**From:** Sarah Finch <SFinch@rshc-law.com>
**Sent:** Friday, June 7, 2024 9:38 AM
**To:** Sharon Kim <sharonkim@sanfordheisler.com>; David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions

———*EXTERNAL EMAIL*———

Sharon:

I don't have any more specific information at this time, and will update Plaintiffs as soon as I do.

Sarah

**From:** Sharon Kim <sharonkim@sanfordheisler.com>
**Sent:** Wednesday, June 5, 2024 7:37 PM
**To:** Sarah Finch <SFinch@rshc-law.com>; David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions

Sarah:

Thank you. Last week, you informed us that an initial and subsequent production of documents would be produced by this week. Could you give us a more concrete estimate?

## Sharon Kim

***Senior Litigation Counsel, bio***

17 State Street, 37th Floor, New York, NY 10004

**DIRECT:** 646-402-5660 | **MAIN:** 646-402-5650



**New York**

**Washington, DC**

**San Francisco**

**Palo Alto**

**Baltimore**

**Nashville**

**San Diego**

DISCLAIMER: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.

**From:** Sarah Finch <SFinch@rshc-law.com>
**Sent:** Wednesday, June 5, 2024 11:39 AM
**To:** Sharon Kim <sharonkim@sanfordheisler.com>; David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions



*———EXTERNAL EMAIL———*

Sharon:

Collection, review and processing of responsive documents remains underway.  State Farm will make subsequent productions as soon as practicable.

Regards,
Sarah

**From:** Sharon Kim <sharonkim@sanfordheisler.com>
**Sent:** Wednesday, June 5, 2024 8:33 AM
**To:** Sarah Finch <SFinch@rshc-law.com>; David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions

Sarah:

Could we receive an update on the initial and subsequent productions to be produced?

Thank you in advance.

## Sharon Kim

***Senior Litigation Counsel, bio***

17 State Street, 37th Floor, New York, NY 10004
**DIRECT:** 646-402-5660 | **MAIN:** 646-402-5650



**New York**
**Washington, DC**
**San Francisco**
**Palo Alto**
**Baltimore**
**Nashville**
**San Diego**

**DISCLAIMER**: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.

**From:** Sarah Finch <SFinch@rshc-law.com>
**Sent:** Tuesday, May 14, 2024 11:13 AM
**To:** David Tracey <dtracey@sanfordheisler.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Sharon Kim <sharonkim@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu;

jason.williamson@nyu.edu
**Subject:** RE: [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions

———*EXTERNAL EMAIL*———

Hi David:

Sondra is out until Thursday conducting a class cert hearing.

State Farm anticipates making an initial production of documents this week. We are working with our client to gather additional responsive documents for a subsequent production. We are also in discussion with our client regarding Plaintiffs' most recent version of the ESI protocol.

Thank you,
Sarah

---

**From:** David Tracey <dtracey@sanfordheisler.com>
**Sent:** Friday, May 10, 2024 3:06 PM
**To:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>; Albert Powell <apowell@sanfordheisler.com>; Sharon Kim <sharonkim@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu; Sarah Finch <SFinch@rshc-law.com>
**Subject:** [EXTERNAL EMAIL] Huskey v. State Farm - State Farm's Discovery Responses / Productions

Hi Sondra:

I hope things are well. Do you have an update on when we can expect a production of documents from State Farm in response to our March 27, 2024, discovery requests? We are cognizant of the May 24, 2024, deadline to agree on 30(b)(6) topics, which practically speaking, may be difficult to do without any production from State Farm in response to our March 27 RFPs.

Best,

David

## David Tracey (he/him/his)

*Firm Managing Partner and Public Interest Litigation Practice Group Co-Chair,* **bio**

17 State Street, 37th Floor, New York, NY 10004
**DIRECT:** 646-402-5667 | **MAIN:** 646-402-5650



**New York**

**Washington, DC**

**San Francisco**

**Palo Alto**

**Baltimore**

**Nashville**

**San Diego**

DISCLAIMER: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.

**From:** Sarah Finch <SFinch@rshc-law.com>
**Sent:** Friday, April 26, 2024 5:59 PM
**To:** Albert Powell <apowell@sanfordheisler.com>; David Tracey <dtracey@sanfordheisler.com>; Sharon Kim <sharonkim@sanfordheisler.com>; Alexander Rose <alexander@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael <michael@fairmarklaw.com>; deborah.archer@nyu.edu; jason.williamson@nyu.edu
**Cc:** Patricia Holmes <pholmes@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Sondra Hemeryck <Shemeryck@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>
**Subject:** Huskey v. State Farm - State Farm's Discovery Responses

———EXTERNAL EMAIL———

Counsel:

Please see the attached.

Regards,
Sarah


Sarah E. Finch
**Riley Safer Holmes & Cancila LLP**
70 W. Madison St., Suite 2900
Chicago, Illinois 60602
312.471.8728
www.rshc-law.com



CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 471-8700 and also indicate the sender's name. Thank you.