# EXHIBIT 2

| | |
|---|---|
| **From:** | Sarah Finch |
| **To:** | "David Tracey"; Sondra Hemeryck; Joseph Cancila; Lauren Abendshien; Patricia Holmes |
| **Cc:** | Huskey v. State Farm |
| **Subject:** | RE: [EXTERNAL EMAIL] Huskey v. State Farm - Proposal re RFPs and Subpoenas |
| **Date:** | Wednesday, June 5, 2024 10:27:00 AM |

David:

Thank you for your proposal.

In its most recent RFP and Interrogatory responses, State Farm adhered to the scope of Judge Harjani's Order for Phase I discovery and identified the algorithmic decision-making tools employed by State Farm to screen out potentially fraudulent or complex claims from straightforward homeowners insurance claims. State Farm also identified computer-based, automated, and/or rules-based tools used to assist in the routing of Homeowners Insurance structural damage claims.

Plaintiffs' proposed revised requests and vendor subpoenas use ambiguous and vague language that is either intended to go beyond the scope of Phase I discovery as set forth in Judge Harjani's Order or, if that is not the intent, is unnecessary, redundant and confusing. In addition, production of State Farm's agreements with third parties goes beyond the preliminary scope of Phase I – which requires State Farm to identify the tools.

In sum, State Farm believes Judge Harjani's Order is clear and sees no reason to further expand discovery beyond the scope of that Order.

Regards,
Sarah

---

**From:** David Tracey <dtracey@sanfordheisler.com>
**Sent:** Monday, June 3, 2024 5:53 PM
**To:** Sondra Hemeryck <Shemeryck@rshc-law.com>; Joseph Cancila <jcancila@rshc-law.com>; Sarah Finch <SFinch@rshc-law.com>; Lauren Abendshien <LAbendshien@rshc-law.com>; Patricia Holmes <pholmes@rshc-law.com>
**Cc:** Huskey v. State Farm <HuskeyMatter@sanfordheisler.com>
**Subject:** [EXTERNAL EMAIL] Huskey v. State Farm - Proposal re RFPs and Subpoenas

Sondra:

Thank you for meeting with us last week.

In an effort to reach compromise, Plaintiffs are willing to narrow their RFPs regarding State Farm's contracts with external vendors (RFPs 5, 9, 13, 17, 21, 25), as set forth below.

==PROPOSED REVISED REQUEST==: *All contracts and agreements with Third Parties, including Verisk, Salesforce, and Duck Creek, concerning State Farm's use of Algorithmic Tools to screen out*

*potentially fraudulent or complex Homeowners Insurance claims from straightforward Homeowners Insurance claims, inclusive of computer based, automated, and/or rules-based tools that: (a) assist in the identification of potentially fraudulent or complex Homeowners Insurance claims; (b) assist in the routing of Homeowners Insurance claims (including tools that consider the severity or complexity of a claim); or (c) that pertain to the level of scrutiny applied to a claim, including, but not limited to, the amount and nature of documentation or proof the insurer requests in connection with the claim, the number of site visits or interviews an insurer conducts in connection with a claim, and the number of interactions the insurer's employees or agents have with the claimant.*

Plaintiffs are also willing to narrow the document requests attached to their subpoenas, without prejudice to issuing their original requests or others at a later date. The requests would each consist of the following single request:

**PROPOSED REVISED REQUEST**: *Documents and communications sufficient to identify all products or services You provided to State Farm that in any way use or incorporate Algorithmic Tool(s) and are capable of screening out potentially fraudulent or complex Homeowners Insurance claims from straightforward Homeowners Insurance claims, inclusive of computer based, automated, and/or rules-based tools that: (a) assist in the identification of potentially fraudulent or complex Homeowners Insurance claims; (b) assist in the routing of Homeowners Insurance claims (including tools that consider the severity or complexity of a claim); or (c) that pertain to the level of scrutiny applied to a claim, including, but not limited to, the amount and nature of documentation or proof the insurer requests in connection with the claim, the number of site visits or interviews an insurer conducts in connection with a claim, and the number of interactions the insurer's employees or agents have with the claimant.*

Please let us know if the above proposed compromises resolve the parties' disputes regarding the referenced RFPs and State Farm's motion for a protective order.

Best,

David

### David Tracey (he/him/his)

**Firm Managing Partner and Public Interest Litigation Practice Group Co-Chair, bio**

17 State Street, 37th Floor, New York, NY 10004
**DIRECT:** 646-402-5667 | **MAIN:** 646-402-5650



**New York**
**Washington, DC**
**San Francisco**
**Palo Alto**
**Baltimore**
**Nashville**
**San Diego**

**DISCLAIMER**: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.