**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>    Defendant. | Case No. 22-cv-07014<br><br>Hon. Jeffrey I. Cummings<br><br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFFS' MOTION FOR A STATUS CONFERENCE AND
TO VACATE THE MARCH 5, 2024, PHASING ORDER**

  Plaintiffs, Jacqueline Huskey and Riian Wynn, by and through their counsel, respectfully request that this Court schedule a joint status conference to discuss the three fully-briefed motions that are pending in this matter. Moreover, Plaintiffs ask the Court to vacate the Order phasing discovery (Dkt. 79) and allow for general discovery, or, alternatively, provide further guidance at a status conference as to how discovery should proceed.

  This case is about the disparate impact on Black policyholders of the algorithmic tools that State Farm uses in its claims process. On September 11, 2023, Plaintiffs' Fair Housing Act claim under 42 U.S.C. § 3604(b) survived State Farm's motion to dismiss. The case is now ***over fourteen months*** into discovery. Yet, State Farm has refused to produce basic information about its claims process or its algorithmic tools. As a result, Plaintiffs still do not understand how claims move through State Farm's processes from submission through final payment; do not understand the full scope of algorithmic tools State Farm uses; and have only fragmented and incomplete information about how those tools work and how they affect claims. Moreover, State Farm has yet to produce

1

emails, text messages, programming data, code, class member data, and most of the other information that will be necessary to prosecute this case.

State Farm has denied Plaintiffs this discovery, relying on the Phasing Order entered by Judge Harjani on March 5, 2024, when he served as the Magistrate Judge on this case. Dkt. 79. Contrary to its intent, the Phasing Order has not aided in the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Instead, it has engendered disputes, delayed the proceedings, and deprived Plaintiffs access to essential information.

This should not be the state of discovery after fourteen months. Accordingly, Plaintiffs respectfully request that the Court vacate the Phasing Order or, alternatively, address these threshold issues at a status conference and provide guidance to the parties as to how discovery should proceed.

## I. Over a Year Into Discovery, Plaintiffs Lack Access to Basic Information

State Farm has taken an exceedingly narrow view of Judge Harjani's Phasing Order. Relying on hairsplitting distinctions,[1] State Farm has refused to produce basic information relevant to this action.

*First,* State Farm has failed to produce information about its claims process. To date, the documents do not describe how a claim moves from initial intake through payment. Indeed, State Farm has taken the position that such foundational information is not part of Phase I. But this case alleges that State Farm's claims process is different for Black claimants than white claimants. *See generally* Pls.' First Amend. Compl. ("FAC"), Dkt. 23. Thus, discovery must start with

---

[1] *See e.g.* Dkt Nos. 88, 100, and 112 (Plaintiffs' Motions, explaining ways in which State Farm has drawn Talmudic distinctions in its discovery responses).

information about the claims process. Without it, Plaintiffs will have little means to prove their case.

**Second**, State Farm has taken the position that Phase I discovery must be confined to the tools it has self-identified in its interrogatory responses. That is not how discovery works. Plaintiffs are also entitled to *document productions*—about State Farm's claims process and their algorithmic tools—which will allow them to test the veracity and completeness of State Farm's Interrogatory Responses. Lacking such discovery, Plaintiffs have had to scour the docket in *another case* for basic information. Indeed, they have twice identified tools that State Farm *excluded* from their interrogatory responses based on docket filings in *that separate case*.[2] The Federal Rules reject such a hamstrung approach to discovery. Fed. R. Civ. P. 26(b).

**Third,** even the discovery State Farm produced about its self-identified tools is incomplete. Plaintiffs lack basic information about many of these tools, including what data they consider, where they fit within the claims process, and how their assessments and determinations impact claims processing (e.g., whether a tool slows down a claim by prompting additional follow-ups or requests for documentation). *See also* Dk. 112 at 4-5. For example:

- For many tools, it remains unclear where, when, how and under what circumstances State Farm uses them.

- For many tools, the documents State Farm has produced offer no information about whether or how the tools affect the manner or speed with which a claim is processed.

- Many documents are only surface-level training materials or basic log-in instructions.

- For one tool, State Farm produced only a single, highly technical spreadsheet with no accompanying context.

- State Farm has failed to produce information hyperlinked in documents or subsidiary tools referenced in those documents, requiring seriatim follow-up.

---

[2] State Farm has twice had to amend its Interrogatory responses as a result.

**II. Phase I Has Engendered Disputes, Which Remain Unresolved.**

Rather than promoting efficiency, phasing has engendered disputes over the scope of Phase I. As a result, three discovery motions are pending before the Court. *First*, after State Farm failed to identify relevant tools, Plaintiffs sought this information by issuing third-party subpoenas. State Farm filed a motion for a protective order in opposition to those subpoenas on April 10. Dkt. 84. *Second*, on June 6, 2024, the parties filed a joint motion to resolve disputes regarding Rule 30(b)(6) deposition topics, which the Court took under advisement on June 7. Dkts. 100, 106. *Third*, Plaintiffs filed a motion to compel discovery on July 24, 2024, after State Farm produced only 30 non-duplicate documents during the first five months of Phase I. Dkt. 112. At the core of all three pending motions are disputes over the scope of Phase I discovery, which is moving at a glacial pace.

*****

Despite Judge Harjani's stated intent to implement phasing in order to move the case along smoothly, the current phasing Order has only caused inefficiency and delay, both due to State Farm's position on the Order and through the disputes it has engendered. Over a year into discovery and eight months into Phase I, Plaintiffs lack access to basic information about State Farm's claims process and algorithmic tools. Court intervention is necessary to ensure that discovery proceeds at a normal pace going forward.

Pursuant to Local Rule 37.2, Plaintiffs' counsel met and conferred via videoconference with counsel for Defendant on November 12, 2024. On this meet and confer, Defendant's counsel stated that State Farm opposed vacatur or modification of the Order phasing discovery.

4

Accordingly, for the reasons set forth herein, Plaintiffs respectfully request that this Court (1) hold a status conference; and (2) vacate Judge Harjani's discovery phasing order and allow general discovery, or alternatively, provide further guidance at a status conference as to how discovery should proceed.

Dated: December 2, 2024

/s/David Tracey
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
David Tracey (Pro Hac Vice)
Albert Powell (Pro Hac Vice)
Sharon Kim (Pro Hac Vice)
Emma Stanton (Pro Hac Vice Pending)
17 State Street, 37th Floor
New York, NY 10004
Phone: (646) 402-5667
dtracey@sanfordheisler.com
apowell@sanfordheisler.com
sharonkim@sanfordheisler.com
estanton@sanfordheisler.com

**FAIRMARK PARTNERS, LLP**
Jamie Crooks (Pro Hac Vice)
Michael Lieberman (Pro Hac Vice)
1001 G St NW
Washington, DC 20001
Phone: (301) 458-0564
jamie@fairmarklaw.com
michael@fairmarklaw.com

**CENTER ON RACE, INEQUALITY, AND THE LAW AT NEW YORK UNIVERSITY SCHOOL OF LAW**
Deborah N. Archer (Pro Hac Vice)
Jason D. Williamson (Pro Hac Vice)
139 MacDougal Street
New York, NY 10012
Phone: (212) 998-6882
deborah.archer@nyu.edu
jason.williamson@nyu.edu

**MEHRI & SKALET PLLC**
Joshua Karsh
1237 Judson Ave.
Evanston, IL 60202
Phone: (773) 505-7533
jkarsh@findjustice.com
ARDC No. 6203096

*Counsel for Plaintiffs and the Proposed Class*