# EXHIBIT 1

## REDACTED VERSION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HUSKEY and RIIAN WYNN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>Defendant. | Case No. 22-cv-7014<br><br>Hon. Jeffrey I. Cummings<br><br>Mag. Judge Jeffrey T. Gilbert |

**STATE FARM FIRE AND CASUALTY COMPANY'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' "AMENDED FIRST SET OF INTERROGATORIES"**

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 33, Federal Rule of Civil Procedure 26(e)(1), and the January 14, 2025 Order by Magistrate Judge Gilbert (Dkt. 144), hereby supplements its previously served Second Amended Response to Plaintiffs' "Amended First Set of Interrogatories" (the "Interrogatories"), as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. State Farm objects to Plaintiffs' definition of "Algorithmic Tool" on the grounds that it is vague, ambiguous, overly broad, and not proportional to the needs of the case. For example, according to Merriam-Webster the word "algorithm" means "a step-by-step procedure for solving a problem or accomplishing some end." Thus, Plaintiffs' definition of "Algorithmic Tool" could potentially encompass *any* guideline or process for handling insurance claims (Plaintiffs do not limit their definition to computer-based or automated tools). For the purpose of responding to Plaintiffs' Interrogatories, State Farm construes "Algorithmic Tool" to mean a





